## MADALEINE S. EGELFELD
ATTORNEY AT LAW
125-10 Queens Boulevard
Suite 311
Kew Gardens, New York 11415

Tel. (718) 544-6363

May 13, 2005


Hon. Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201


Re:        Memblatt v. Rios, et al.
Case No.:  05 CV 1021 (SLT) (LB)


Dear Judge Dearie:

The undersigned is the attorney for Karen Koslowitz, a defendant in the aforementioned matter. After a careful reading of the complaint, it has become clear that a motion pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure is in order as the complaint fails to state a cause of action with respect to defendant-Koslowitz.

Pursuant to a prior Order of this Court, Ms. Koslowitz's time in which to respond to the complaint was extended to and including May 31, 2005. It is therefore respectfully requested that this Court schedule a pre-motion conference at its earliest convenience and grant an extension of time to answer the complaint pending the Court's ruling with respect to a dismissal pursuant to Rule 12(b)(6).

Plaintiff is an attorney duly admitted to practice law in New York. Her claims in this lawsuit are predicated upon 42 U.S.C. §1983 alleging racial and religious discrimination as a result of her employment by the New York State Office of Court Administration from 1993 through 2004 as Law Clerk to the Hon. Jaime A. Rios, Justice of the Supreme Court of the State of New York.

Plaintiff's first four "claims" allege that she suffered religious and racial discrimination during the course of her employment. Defendants Rios, Newsome, DeSole and DeAngelis are named, defendant-Koslowitz is not, thereby recognizing that Ms. Koslowitz was not Plaintiff's employer, supervisor or co-employee during the time that these incidents were alleged to have occurred.

Plaintiff's "fifth", "sixth" and "seventh" claims based upon 42 U.S.C. §1983 assert that *all* of

the named defendants shared a "symbiotic relationship" in that they jointly participated in unlawful acts in violation of her constitutional rights. In order to state a claim under §1983, a plaintiff must allege that a defendant acting under color of state law has deprived her of a right, privilege or immunity guaranteed by the United States Constitution. <u>Fox v. City of New York</u> 2004 WL 856299 (S.D.N.Y) and <u>Barnes v. City of New York</u> 1998 WL 19485. It has been held that "under the so-called 'symbiotic relationship' test" enunciated by the Court in *Burton*, a court must find **state action** where "the state has so far insinuated itself into a position of interdependence...that it must be recognized as a joint participant. "<u>Lattibeaudiere v. AMR Services Corp.</u>,1996 WL 518076 (E.D.N.Y)." (emphasis mine) Plaintiff claims just the opposite, that is, it was the private individual (defendant-Koslowitz) who had exercised control over the State, to plaintiff's detriment. As the United States Court of Appeals for the Second Circuit explained, "to act under color of state law or authority for the purposes of section 1983, the defendant must "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of the state law". <u>West v. Atkins</u>, US 42, 108 S. Ct. 2250, <u>Guveiyian v. Keefe</u> 1998 WL 199843 (E.D.N.Y). Moreover, it appears from the complaint that by virtue of Ms. Koslowitz being a former Democratic District Leader, a former New York City Council Member and the current Deputy Borough President of Queens County, it must follow *a fortiori* that she has control over the State of New York and its employees. It is undisputed that defendant-Koslowitz has not been an employee or agent of the State of New York during the period of time complained of. Therefore, she could not have exercised control over Plaintiff.

With respect to the alleged "conspiracy", Plaintiff offers no more than mere speculation of the alleged collaboration between the judiciary and defendant-Koslowitz which ultimately led to Plaintiff's termination of employment by Justice Rios. Plaintiff's claims of collusion are based upon Ms. Koslowitz's attendance at meetings as a member of the Judicial Advisory Committee of Queens County, (which upon information and belief, was founded by the Chief Judge of the State of New York, the Hon. Judith S. Kaye) and of Ms. Koslowitz's receipt of so-called damaging information concerning the Plaintiff from Ms. Koslowitz's daughter who is a New York State employee at the Supreme Court in Queens County. Allegations of conspiracy must be supported by material facts, not merely conclusory statements. The instant complaint offers not a scintilla of fact as to when, where or how the parties reached this alleged agreement to violate Plaintiff's constitutional rights and fails to demonstrate a nexus between Defendant's acts and Plaintiff's deprivation of rights.

The "eighth", "ninth" and "tenth" claims obscurely purport that all of the named Defendants libeled, slandered and defamed the Plaintiff. These allegations are merely conclusory, unsupported by any specific statement(s) and/or time and place of making such remarks by defendant-Koslowitz. There is not one instance in which the alleged defamation was published by Ms. Koslowitz. Moreover, it is not possible to ascertain whether these claims are brought within the applicable one year statute of limitations because the Plaintiff has failed to state any underlying facts pertaining to the alleged defamation.

The complaint is wholly devoid of any conduct by Ms. Koslowitz to deprive the Plaintiff of her constitutional rights. The complaint lacks any racial or religious discriminatory intent by

defendant-Koslowitz and fails to set forth any facts supporting defendant's personal involvement in the actions alleged. Moreover, defendant-Koslowitz, like the Plaintiff, is a white, Jewish woman. Therefore, any assertion that Ms. Koslowitz somehow religiously or racially discriminated against her would be preposterous.

"Even under the liberal 'notice pleading standard' of Rule 12 (b)(6)...a §1983 based complaint must still allege particular facts indicating that an individual defendant was personally involved in the deprivation of plaintiff's constitutional rights." Davis v. County of Nassau 355 F. Supp.2d 668, 677 (E.D.N.Y.). Plaintiff has not met her burden.

It is therefore respectfully requested that a pre-motion conference be scheduled and the defendant-Koslowitz be given the opportunity to bring a motion to dismiss the complaint against her pursuant to Rule 12 (b)(6).

Very truly yours,


MADALEINE S. EGELFELD

MSE:fz
cc: Judith Memblatt, Esq., *pro se*,
    John Quinn, Esq.
    Constantine Speres, Esq., Assistant Attorney General