**Judith B. Memblatt, Esq.**
98-51 65th Avenue #2A
Rego Park, NY 11374
646-239-2635

BY HAND

June 10, 2005

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:        Memblatt v. Rios, et al.
        Case No.  05 CV 1021 (RJD) (LB)

Dear Judge Dearie:

Yesterday, I received a letter from Assistant Attorney General Constantine A. Speres, dated June 7, 2005, regarding the motions for default judgments that I have filed with respect to defendants Jonathan Lippman and Lauren DeSole herein.

In a letter from Mr. Speres to the Court, dated April 19, 2005, he stated that his office anticipated representing defendants Lippman and DeSole, "once they are served and have requested representation." That statement erroneously implied that defendants Lippman and DeSole had not been served.

As recounted in my letter to the Court, dated April 21, 2005, defendants Lippman and DeSole were served with the summons and complaint, the order of U.S. Magistrate Judge Lois Bloom, dated March 4, 2005, and the individual practices of Magistrate Judge Bloom, at the offices of the State of New York, Unified Court System, 25 Beaver Street, New York, New York 10004 on April 5, 2005. Service was accepted by Shawn Kirby, Assistant Deputy Counsel, NYS Office of Court Administration ("OCA"). Additional copies were mailed to defendants Lippman and DeSole at the same address on April 8, 2005.

As shown in Exhibit J to the complaint herein, in a memorandum dated November 6, 2002, defendant Lippman's office reminded the State judges and OCA's nonjudicial employees that, if they were served with process and desired representation by the Attorney General's office, they were required by Article 17 of the NYS Public Officers Law to provide the Attorney General's office with copies of the summons and complaint within five days after they were served. That provision is applicable to defendants Lippman and DeSole. In view of the fact that said defendants were served well in excess of five days before Mr. Speres made the aforementioned statement to the Court, it appeared that either his anticipation that his office would be representing them herein was erroneous or they intended to deny that they had been served.

In his letter of April 19, 2005, Mr. Speres requested a 90-day extension of time to answer the complaint on behalf of the "State defendants," who he specifically identified as defendants Jaime A. Rios, Steven W. Fisher, Anthony D'Angelis, Robert W. Gardner, Sandra Newsome and Heidi Higgins. The Attorney General's office did not represent defendants Lippman and

DeSole when Mr. Speres requested that extension of time. Mr. Speres' speculative statement that it was anticipated that his office would eventually represent them was not tantamount to a representation that he was authorized to seek an adjournment for them. The wording of his letter clearly reflected that, at that time, he was not seeking any extensions of time for defendants Lippman and DeSole inasmuch as he was implying that they had not even been served.

In a letter that was delivered to Mr. Speres via fax transmission on April 26, 2005, I again related that defendants Lippman and DeSole had been served with the summons and complaint more than five days before he sent his letter of April 19, 2005. I noted that it was clear that his request for an adjournment excluded those two defendants. I also requested that,

> If your office actually does represent defendants Lippman and DeSole, please so inform me in writing within five days of your receipt of this letter in order to avoid possible unnecessary motion practice. If you do not so advise me, I will move for default judgments against them, as permitted by law, in the event that they neither respond to the complaint within the time provided in the summons nor seek any extensions of time to do so.

Mr. Speres did not respond to my letter of April 26, 2005. A copy of said letter with proof of delivery via fax transmission is annexed hereto and is incorporated by reference as if fully set forth herein.

The motions for default judgments were served on May 12, 2005, based upon the failure of defendants Lippman and DeSole to respond to the complaint within the time provided in the summons or seek any extensions of time to do so. Mr. Speres waited for those motions to be served, then, in a letter dated May 19, 2005, requested that I withdraw them. In that letter, he finally stated that his office represented defendants Lippman and DeSole, and, first asserted that the request for an extension of time included in his letter of April 19, 2005 was applicable to said defendants. As shown above, by refusing to respond to a simple request for clarification, which was necessitated by the erroneous implication in his letter to the Court that defendants DeSole and Lippman had not been served with the summons and complaint, Mr. Speres caused unnecessary motion practice. Still attempting to conserve the Court's time, in a letter delivered to Mr. Speres via fax transmission on May 20, 2005, I offered to enter into a stipulation in which I would consent to withdraw the motions and extend the time of defendants Lippman and DeSole to respond to the complaint until June 21, 2005 and said defendants would consent to the jurisdiction of the Court. A copy of said letter with proof of delivery via fax transmission is annexed hereto and is incorporated by reference as if fully set forth herein. A copy of Mr. Speres' letter of May 19, 2005 is also attached hereto.

I did not receive any response from Mr. Speres regarding the aforementioned proposal until yesterday. In a letter dated June 7, 2005, he repeated his insistence that the request for an extension of time included in his letter of April 19, 2005 was applicable to defendants Lippman and DeSole. He also refused to enter into a stipulation. Mr. Speres did represent that, ". . . neither Judge Lippman nor Lauren DeSole will contest service or the Court's jurisdiction." Mr. Speres has not served any response to the motions. My notices of motion included a return date of June 2, 2005. A copy of Mr. Speres' letter of June 7, 2005 is annexed hereto.

The actions of Mr. Speres, which precipitated the filing of the instant motions are consistent with the unfortunate pattern of petty gamesmanship that he has displayed herein. Although his letter to the Court, dated April 19, 2005, erroneously implied that defendants Lippman and DeSole had not been served, Mr. Speres failed to correct his statement. He offered no explanations and no apologies. When I requested that he provide clarification in order to avoid unnecessary motion practice, he failed to do so. He actually waited until I served the motions before furnishing the information. Such tactics may be designed to waste my time, but they also inevitably waste the Court's time. I will not respond in kind.

Based upon Mr. Speres' representation that defendants Lippman and DeSole will not contest service or the Court's jurisdiction, I hereby withdraw my motions for the entry of default judgments against said defendants and consent to extend their time to respond to the complaint herein until June 21, 2005.

Thank you for your attention to this matter.

Sincerely,

*Judith B. Memblatt*

Judith B. Memblatt, Esq.
Plaintiff *Pro Se*

Enc.

cc.   Honorable Lois Bloom
      United States Magistrate Judge

      Constantine A. Speres
      Assistant Attorney General

      Madaleine S. Egelfeld, Esq.

      John E. Quinn, Esq.

# Fax

| | |
|---|---|
| **To:** | Constantine A. Speres<br>Assistant Attorney General |
| **Fax No.:** | (212) 416-6075 |
| **From:** | Judith B. Memblatt, Esq. |
| **Date:** | April 26, 2005 |
| **Re:** | Memblatt v. Rios, et al. |
| **Index No.:** | 05 CV 1021 (RJD) (LB) |
| **Pages:** | 3 (including this page) |

**Comments:** The letter included in this transmission concerns defendants Lippman and DeSole.

**Judith B. Memblatt, Esq.**
98-51 65th Avenue #2A
Rego Park, NY 11374
646-239-2635

<u>**VIA FAX AND REGULAR MAIL**</u>

April 26, 2005

Constantine A. Speres
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York, New York 10271

    Re:  Memblatt v. Rios, et al.
    Case No. 05 CV 1021 (RJD) (LB)

Dear Mr. Speres:

As set forth in my letter to the court dated April 21, 2005, defendants Lippman and DeSole both were served with the summons and complaint, the order of U.S. Magistrate Judge Lois Bloom, dated March 4, 2005, and the individual practices of Magistrate Judge Bloom, at the offices of the State of New York, Unified Court System, 25 Beaver Street, New York, New York 10004 on April 5, 2005. Service was accepted by Shawn Kirby, Assistant Deputy Counsel, NYS Office of Court Administration ("OCA"). When she accepted service, Ms. Kirby stamped the first page of a copy of the order of Magistrate Judge Bloom and also stamped the back of a copy of the summons. Additional copies were mailed to defendants Lippman and DeSole on April 8, 2005.

Your letter to the court dated April 19, 2005, reflected that defendants Lippman and DeSole had not requested representation from your office as of that date. As shown in Exhibit J to the complaint herein, in a memorandum dated November 6, 2002, defendant Lippman's office reminded the judges and OCA's nonjudicial employees that, if they were served with process and desired representation by the Attorney General's office, they were required by Article 17 of the NYS Public Officers Law to provide the Attorney General's office with copies of the summons and complaint within five days after they were served. Inasmuch as defendants Lippman and DeSole apparently failed to comply with that requirement, it appears that your office will not be representing them. Further, it is clear from your letter that your application for an extension of time to respond to the complaint could only have applied to the other six

defendants referred to therein.

If your office actually does represent defendants Lippman and DeSole, please so inform me in writing within five days of your receipt of this letter in order to avoid possible unnecessary motion practice. If you do not so advise me, I will move for default judgments against them, as permitted by law, in the event that they neither respond to the complaint within the time provided in the summons nor seek any extensions of time to do so.

Sincerely,

Judith B. Memblatt, Esq.
Plaintiff *Pro Se*

c.c.   Madaleine S. Egelfeld, Esq.

       John E. Quinn, Esq.

**HP Officejet 6100 Series 6110
Personal Printer/Fax/Copier/Scanner**

Log for
Judith B. Memblatt, Esq.
0000000000
Apr 26 2005 11:33am

## Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| Apr 26 | 11:32am | Fax Sent | 12124166075 | 0:40 | 3 | OK |



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

**ELIOT SPITZER**
Attorney General

RICHARD RIFKIN
Deputy Attorney General
State Counsel Division

JAMES B. HENLY
Assistant Attorney General in Charge
Litigation Bureau

Writer's Direct Dial:
(212) 416-8567

May 19, 2005

Judith B. Memblatt
98-51 65th Avenue
Apt. 2-A
Rego Park, New York 11374

Re: **Memblatt v. Hon. Jaime A. Rios**
05 CV 1021 (RJD) (LB)

Dear Ms. Memblatt:

This office represents defendants the Honorable Jaime A. Rios, the Honorable Steven W. Fisher, the Honorable Jonathan Lippman, Anthony D'Angelis, Robert W. Gardner, Lauren DeSole, Sandra Newsome, and Heidi Higgins (collectively "State defendants") in the above-referenced action.

I write to request that you voluntarily withdraw your motions seeking the entry of default judgments as against the Honorable Jonathan Lippman and Lauren DeSole. By letter dated April 19, 2005, this office sought from the Honorable Raymond J. Dearie an extension of time to respond to the complaint. In that letter, this office advised Judge Dearie that in addition to the listed State defendants, the office anticipated representing Judge Lippman and Lauren DeSole once requests for representation were received. On April 21, 2005, Judge Dearie so ordered the request and granted this office until June 21, 2005 to respond to the complaint. It is this office's opinion that this extension applies to all the State defendants represented by this office including the Judge Lippman and Lauren DeSole.

Judith B. Memblatt
May 19, 2005
Page 2

Accordingly, because the court granted this office an extension of time until June 21, 2005 to respond to your complaint Judge Lippman and Lauren DeSole are not in default and it is requested that you withdraw your motions seeking default judgments.

Very truly yours,

Constantine A. Speres
Assistant Attorney General

cc.  Madeleine S. Egelfeld, Esq.
     Attorney for Defendant Koslowitz

     John Quinn, Esq.
     Renfroe & Quinn
     Attorneys for Manton, Sweeney and Reich

# Fax

**To:**        Constantine A. Speres
              Assistant Attorney General
**Fax No.:**   (212) 416-6075
**From:**      Judith B. Memblatt, Esq.
**Date:**      May 20, 2005
**Re:**        Memblatt v. Rios, et al.
**Index No.:** 05 CV 1021 (RJD) (LB)
**Pages:**     2 (including this page)


**Comments:**  The letter included in this transmission concerns defendants Lippman and DeSole.

**Judith B. Memblatt, Esq.**
98-51 65th Avenue #2A
Rego Park, NY 11374
646-239-2635

<u>VIA FAX AND REGULAR MAIL</u>

May 20, 2005

Constantine A. Speres
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York, New York 10271

        Re:        Memblatt v. Rios, et al.
        Case No.  05 CV 1021 (RJD) (LB)

Dear Mr. Speres:

I am in receipt of your letter of May 19, 2005. For the reasons stated in my affidavits in support of my motions for default judgements with respect to defendants Lippman and DeSole, it is my position that said defendants have willfully defaulted herein.

In the interests of conserving the Court's time, if you forward to me an executed stipulation stating that, "Defendants Jonathan Lippman and Lauren DeSole consent to the jurisdiction of the Court, their time to answer or otherwise move with respect to the complaint herein is extended to June 21, 2005 and plaintiff's motions for default judgments shall be deemed withdrawn upon the execution of this stipulation by both the attorney for said defendants and the plaintiff herein," I will sign and file it. I also will forward a copy of the stamped stipulation to you. Please do not add any self-serving language that might impede the resolution of this issue.

If the foregoing proposal is not acceptable to you, please advise me accordingly as soon as possible.

Thank you for your attention to this matter.

Sincerely,

*Judith B. Memblatt*
Judith B. Memblatt, Esq.
Plaintiff *Pro Se*

cc:    Madaleine S. Egelfeld, Esq.

        John E. Quinn, Esq.

HP Officejet 6100 Series 6110  
Personal Printer/Fax/Copier/Scanner

Log for  
Judith B. Memblatt, Esq.  
0000000000  
May 20 2005 7:29pm

## Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| May 20 | 7:28pm | Fax Sent | 12124166075 | 0:41 | 2 | OK |



## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

**ELIOT SPITZER**
Attorney General

**RICHARD RIFKIN**
Deputy Attorney General
State Counsel Division

Writer's Direct Dial:
(212) 416-8567

**JAMES B. HENLY**
Assistant Attorney General in Charge
Litigation Bureau

June 7, 2005

Judith B. Memblatt
98-51 65th Avenue
Apt. 2-A
Rego Park, New York 11374

Re: **Memblatt v. Hon. Jaime A. Rios**
05 CV 1021 (RJD) (LB)

Dear Ms. Memblatt:

      This office represents defendants the Honorable Jaime A. Rios, the Honorable Steven W. Fisher, the Honorable Jonathan Lippman, Anthony D'Angelis, Robert W. Gardner, Lauren DeSole, Sandra Newsome, and Heidi Higgins (collectively "State defendants") in the above-referenced action.

      I write again to request that you voluntarily withdraw your motions seeking the entry of default judgments as against the Honorable Jonathan Lippman and Lauren DeSole. As you know, on April 21, 2005, Judge Dearie granted this office until June 21, 2005 to respond to the complaint. This extension applies to all the State defendants represented by this office including Judge Lippman and Lauren DeSole. Thus, I do not see the necessity of entering into a stipulation concerning the time for Judge Lippman and Lauren DeSole to respond to the complaint. However, I will represent, as an officer of the court, that neither Judge Lippman nor Lauren DeSole will contest service or the Court's jurisdiction.

Judith B. Memblatt
May 19, 2005
Page 2


      Accordingly, I respectfully request that you withdraw your motions seeking default judgments.

                                 Very truly yours,

                                 Constantine A. Speres
                                 Assistant Attorney General

cc.  Madeleine S. Egelfeld, Esq.
     Attorney for Defendant Koslowitz

     John Quinn, Esq.
     Renfroe & Quinn
     Attorneys for Manton, Sweeney and Reich