**Judith B. Memblatt, Esq.**
98-51 65th Avenue #2A
Rego Park, NY 11374
646-239-2635

<u>BY HAND</u>
June 20, 2005

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:        Memblatt v. Rios, et al.
       Case No.  05 CV 1021 (RJD) (LB)

Dear Judge Dearie:

I hereby request amendment of the Court's order of June 15, 2005. That order denied my motions for default judgments against defendants Jonathan Lippman and Lauren DeSole. It is noted that, by a letter filed on June 10, 2005, I wrote to withdraw said applications based upon the representation of Assistant Attorney General Constantine A. Speres that those defendants would not contest service or the jurisdiction of the Court. A stamped copy of that letter, without its attachments, is annexed hereto. The letter in which he made the aforementioned representation was dated June 7, 2005 and was not delivered to me until June 9, 2005, after I filed a letter to the Court in which I noted that no opposition to the motions for default judgments had been filed. The morning after I received Mr. Speres' letter, I filed my letter for the withdrawal of the motions. Before he received that letter, he wrote to the Court to oppose the motions. His response, dated June 9, 2005, consisted of an informal letter rather than an affirmation in opposition. It was delivered to me three days after I filed the letter for the withdrawal of the motions. The return date set forth in the notices of motion was June 2, 2005.

It is respectfully submitted that the motions for default judgments were clearly meritorious. At the outset of these proceedings, Mr. Speres rejected service of the summons and complaint upon the basis that his office had no authority to accept such service for the eight defendants that it now represents. In his letter of April 19, 2005, by which he sought an adjournment on behalf of the "State defendants," he named the six defendants included within the meaning of that term for the purpose of his request. Defendants Lippman and DeSole were specifically excluded from that request because his office did not represent them at the time. In his letter, Mr. Speres incorrectly implied that defendants Lippman and DeSole had not been served with the summons and complaint. On April 26, 2005, I wrote a letter to him in which I noted that those defendants had been served well in advance of his request for an adjournment with respect to the other six defendants. I advised him that I would bring motions for default judgments against defendants Lippman and DeSole if they did not respond to the complaint upon a timely basis or seek an extension of time to do so, unless he advised me that his office actually had undertaken their representation. Mr. Speres did not respond to that letter. He chose to wait for the motions to be brought and then requested that they be withdrawn. From his latest letter to the Court, it appears that those defendants did not comply with the requirement of Article 17 of the NYS Public Officers Law mandating that they notify the Attorney General's office within five days of receipt of the summons and complaint in order to qualify for



representation by that office. It also seems obvious that the Attorney General's office simply disregarded their failure to meet that requirement. Additionally, it seems that Mr. Speres did not check with them before he sent the letter of April 19, 2005 in which he erroneously implied to the Court that they had not been served. The only purpose for bringing the motions in the first instance was to protect my rights in the event that Mr. Speres' letter of April 19, 2005 reflected that defendants Lippman and DeSole intended to deny that they had been served. When Mr. Speres eventually represented to me that defendants Lippman and DeSole would not deny that they were served or contest the Court's jurisdiction, I immediately wrote to withdraw those applications. My letter was filed five days prior to the issuance of the Court's order. Accordingly, it is respectfully submitted that said order should be amended to mark the motions "withdrawn."

The allegations of the complaint are more than sufficient to meet the appropriate legal standards. They warrant extensive discovery and a trial by jury. As shown in my responses to the letters by which Ms. Egelfeld and Mr. Quinn requested a pre-motion conference, their proposed applications for dismissal of the claims against defendants Koslowitz, Manton, Sweeney and Reich relied heavily upon a fatally flawed misinterpretation of the applicable law. I am entitled to be compensated for the severe damage that these politically influential defendants have intentionally and maliciously caused to me in my profession and reputation. The issues raised by the complaint are not only highly appropriate, they also are of extreme importance to the public, which deserves a judicial system that is free from political retaliation and discriminatory conduct. The non-State defendants in this action have often publicly touted their power to decide which law clerks are hired, transferred and fired as well as to engineer the elections and career advancements of State Judges in Queens. They have used their control over the courts in Queens to ensure that court employees (and their families) will continually contribute financially to the Democratic Organization of Queens County and work on the political campaigns approved and run by that organization. As shown in the complaint, their influence is no secret - - it has been the subject of reports and editorials by every major newspaper in New York City. The allegations of the complaint are highly specific with respect to the personal involvement of the non-State defendants, who have used their *de facto* control over the State defendants to punish me, *inter alia,* for political reasons. By making an example of me, the non-State defendants have sought to instill fear in State court employees in Queens who might wish to end their affiliations with the Democratic Organization of Queens County. The State defendants have acted in concert with the non-State defendants herein for political reasons and other unconstitutional purposes. Political retaliation and discrimination are impermissible in the court system, as is retaliation for complaints and attempted complaints regarding judicial misconduct, discrimination and other matters of public concern. The allegations of the complaint detail the personal involvement of each of the State defendants. The complaint demonstrates that the defendants in this action have acted intentionally to deprive me of my constitutional rights and to defame me. There is no reasonable possibility that the defendants herein were mistaken when they maliciously orchestrated their wrongful conduct. As alleged in the complaint, the non-State and State defendants communicated with each other and orchestrated together the actions that were taken against me to deprive me of my constitutional rights and to defame me. They acted together due to the infamous courts-politics nexus that has been rightly criticized in the press and by other advocates of good government. Such orchestration between private individuals, State Judges and State employees is encompassed by 42 U.S.C. § 1983. The defendants in this action are not above the law. It is appropriate to bring an action against these defendants for their wrongful conduct, no matter what titles or positions they have engineered for each other. Accordingly, in the

event that the mediation is unsuccessful, I will vigorously pursue this extremely important litigation to the fullest extent provided by law.

Based upon the comments included in the Court's order of June 15, 2005, it appears that this action may have been prejudged from the inception of the litigation. There has been no discovery or even the filing of a response to the complaint. Mr. Speres has not served any paper that addresses the merits of the action. The applications for a pre-motion conference that were submitted by Ms. Egelfeld and Mr. Quinn rested heavily upon a glaring misinterpretation of the applicable law. Further, it is noted that the Court denied my motions for default judgments after I wrote to withdraw those applications for the reasons set forth above and in my letter of June 10, 2005. Those motions were never even calendared.

In light of the foregoing, it is hereby requested that the Court amend its order to the extent of marking the motions for default judgments "withdrawn." It also is respectfully and regretfully requested that the Court consider whether recusal is appropriate in the event that the mediation is unsuccessful.

Thank you for your attention to this matter.

Sincerely,

*Judith B. Memblatt*

Judith B. Memblatt, Esq.
Plaintiff *Pro Se*


cc.  Honorable Lois Bloom
     United States Magistrate Judge

     Constantine A. Speres
     Assistant Attorney General

     Madaleine S. Egelfeld, Esq.

     John E. Quinn, Esq.

**Judith B. Memblatt, Esq.**
98-51 65th Avenue #2A
Rego Park, NY 11374
646-239-2635

BY HAND

June 10, 2005

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:        Memblatt v. Rios, et al.
      Case No.  05 CV 1021 (RJD) (LB)

Dear Judge Dearie:

Yesterday, I received a letter from Assistant Attorney General Constantine A. Speres, dated June 7, 2005, regarding the motions for default judgments that I have filed with respect to defendants Jonathan Lippman and Lauren DeSole herein.

In a letter from Mr. Speres to the Court, dated April 19, 2005, he stated that his office anticipated representing defendants Lippman and DeSole, "once they are served and have requested representation." That statement erroneously implied that defendants Lippman and DeSole had not been served.

As recounted in my letter to the Court, dated April 21, 2005, defendants Lippman and DeSole were served with the summons and complaint, the order of U.S. Magistrate Judge Lois Bloom, dated March 4, 2005, and the individual practices of Magistrate Judge Bloom, at the offices of the State of New York, Unified Court System, 25 Beaver Street, New York, New York 10004 on April 5, 2005. Service was accepted by Shawn Kirby, Assistant Deputy Counsel, NYS Office of Court Administration ("OCA"). Additional copies were mailed to defendants Lippman and DeSole at the same address on April 8, 2005.

As shown in Exhibit J to the complaint herein, in a memorandum dated November 6, 2002, defendant Lippman's office reminded the State judges and OCA's nonjudicial employees that, if they were served with process and desired representation by the Attorney General's office, they were required by Article 17 of the NYS Public Officers Law to provide the Attorney General's office with copies of the summons and complaint within five days after they were served. That provision is applicable to defendants Lippman and DeSole. In view of the fact that said defendants were served well in excess of five days before Mr. Speres made the aforementioned statement to the Court, it appeared that either his anticipation that his office would be representing them herein was erroneous or they intended to deny that they had been served.

In his letter of April 19, 2005, Mr. Speres requested a 90-day extension of time to answer the complaint on behalf of the "State defendants," who he specifically identified as defendants Jaime A. Rios, Steven W. Fisher, Anthony D'Angelis, Robert W. Gardner, Sandra Newsome and Heidi Higgins. The Attorney General's office did not represent defendants Lippman and

RECEIVED
JUN 1 0 2005

DeSole when Mr. Speres requested that extension of time. Mr. Speres' speculative statement that it was anticipated that his office would eventually represent them was not tantamount to a representation that he was authorized to seek an adjournment for them. The wording of his letter clearly reflected that, at that time, he was not seeking any extensions of time for defendants Lippman and DeSole inasmuch as he was implying that they had not even been served.

In a letter that was delivered to Mr. Speres via fax transmission on April 26, 2005, I again related that defendants Lippman and DeSole had been served with the summons and complaint more than five days before he sent his letter of April 19, 2005. I noted that it was clear that his request for an adjournment excluded those two defendants. I also requested that,

> If your office actually does represent defendants Lippman and DeSole, please so inform me in writing within five days of your receipt of this letter in order to avoid possible unnecessary motion practice. If you do not so advise me, I will move for default judgments against them, as permitted by law, in the event that they neither respond to the complaint within the time provided in the summons nor seek any extensions of time to do so.

Mr. Speres did not respond to my letter of April 26, 2005. A copy of said letter with proof of delivery via fax transmission is annexed hereto and is incorporated by reference as if fully set forth herein.

The motions for default judgments were served on May 12, 2005, based upon the failure of defendants Lippman and DeSole to respond to the complaint within the time provided in the summons or seek any extensions of time to do so. Mr. Speres waited for those motions to be served, then, in a letter dated May 19, 2005, requested that I withdraw them. In that letter, he finally stated that his office represented defendants Lippman and DeSole, and, first asserted that the request for an extension of time included in his letter of April 19, 2005 was applicable to said defendants. As shown above, by refusing to respond to a simple request for clarification, which was necessitated by the erroneous implication in his letter to the Court that defendants DeSole and Lippman had not been served with the summons and complaint, Mr. Speres caused unnecessary motion practice. Still attempting to conserve the Court's time, in a letter delivered to Mr. Speres via fax transmission on May 20, 2005, I offered to enter into a stipulation in which I would consent to withdraw the motions and extend the time of defendants Lippman and DeSole to respond to the complaint until June 21, 2005 and said defendants would consent to the jurisdiction of the Court. A copy of said letter with proof of delivery via fax transmission is annexed hereto and is incorporated by reference as if fully set forth herein. A copy of Mr. Speres' letter of May 19, 2005 is also attached hereto.

I did not receive any response from Mr. Speres regarding the aforementioned proposal until yesterday. In a letter dated June 7, 2005, he repeated his insistence that the request for an extension of time included in his letter of April 19, 2005 was applicable to defendants Lippman and DeSole. He also refused to enter into a stipulation. Mr. Speres did represent that, ". . . neither Judge Lippman nor Lauren DeSole will contest service or the Court's jurisdiction." Mr. Speres has not served any response to the motions. My notices of motion included a return date of June 2, 2005. A copy of Mr. Speres' letter of June 7, 2005 is annexed hereto.

-2-

The actions of Mr. Speres, which precipitated the filing of the instant motions are consistent with the unfortunate pattern of petty gamesmanship that he has displayed herein. Although his letter to the Court, dated April 19, 2005, erroneously implied that defendants Lippman and DeSole had not been served, Mr. Speres failed to correct his statement. He offered no explanations and no apologies. When I requested that he provide clarification in order to avoid unnecessary motion practice, he failed to do so. He actually waited until I served the motions before furnishing the information. Such tactics may be designed to waste my time, but they also inevitably waste the Court's time. I will not respond in kind.

Based upon Mr. Speres' representation that defendants Lippman and DeSole will not contest service or the Court's jurisdiction, I hereby withdraw my motions for the entry of default judgments against said defendants and consent to extend their time to respond to the complaint herein until June 21, 2005.

Thank you for your attention to this matter.

Sincerely,

*[signature]*

Judith B. Memblatt, Esq.
Plaintiff *Pro Se*

Enc.


cc.     Honorable Lois Bloom
        United States Magistrate Judge

        Constantine A. Speres
        Assistant Attorney General

        Madaleine S. Egelfeld, Esq.

        John E. Quinn, Esq.