**Judith B. Memblatt, Esq.**
98-51 65th Avenue #2A
Rego Park, NY 11374
646-239-2635

<u>BY HAND</u>
October 24, 2005

Hon. Lois Bloom
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:        Memblatt v. Rios, et al.
        Case No.  05 CV 1021 (RJD) (LB)

Dear Judge Bloom:

The order of October 7, 2005, which set this matter down for an initial conference to be held on November 10, 2005 at 3:00 p.m., stated in part that, "Parties are reminded that they must comply with Rule 26(f) of the Federal Rules of Civil Procedure before the initial conference."

As described herein, the attorneys for each of the defendants in this action have refused to comply with that requirement.

I received the aforementioned order on October 14, 2005.

During the morning of October 17, 2005, I left telephone messages for NYS Assistant Attorney General Constantine A. Speres, John E. Quinn, Esq. and Sally Unger, Esq. In each such message I asked the respective attorneys to telephone me to schedule a conference pursuant to the aforementioned order and Rule 26(f).

That same morning, I telephoned Madaleine S. Egelfeld, Esq. She and Ms. Unger represent defendant Karen Koslowitz herein. When I explained the purpose of my call, Ms. Egelfeld questioned why we should have a conference among ourselves even though we already are scheduled to have a conference at the Court. She also asked why we should have a conference even though she intends to bring a motion to dismiss. I explained that we were required to do so by the order and by Rule 26(f). She replied, "I'll have to check out the order." She represented that she would telephone me either that afternoon or the following day. She did not do so.

On October 20, 2005, I left a second message on Ms. Unger's voice mail. She never returned either of the messages that I left for her regarding this matter.

By letter dated October 20, 2005, Ms. Egelfeld communicated her refusal to comply with the requirements of the order. In so doing, she stated,

        As you were previously advised, it is my intention to bring a motion
        to dismiss the complaint against defendant-Koslowitz.

RECEIVED OCT 24 2005 PRO SE OFFICE

Accordingly a discovery schedule at this point in time is not warranted.

After Mr. Quinn, who represents defendants Thomas J. Manton, Gerard J. Sweeney and Michael H. Reich herein, failed to return my telephone message of October 17, 2005, I transmitted a fax to him the following day. In that fax, I again requested that he telephone me to schedule a conference as required by the aforementioned order and by Rule 26(f). He responded in a letter dated October 20, 2005, in which he too refused to engage in such a conference. He asserted that his refusal to do so was due to his intention to bring a motion to dismiss. Disregarding the clear statement contained in the aforementioned order, he declared, "As we expect your case to be dismissed, there is no reason to discuss discovery."

In view of the failure of A.A.G. Speres, who represents the "state defendants" herein, to return my telephone message of October 17, 2005, I transmitted a fax to him the following day, in which I repeated my request that he telephone me to schedule a conference as required by the aforementioned order and by Rule 26(f). He did not do so. I again telephoned him on October 20, 2005. In the ensuing conversation, he too indicated that he would not participate in the conference required by the aforementioned order, stating that he saw no need to do so, inasmuch as he intends to file a motion to dismiss.

After the attorneys for each of the defendants refused to comply with the requirements of the order, I informed them that I remain willing to participate in a Rule 26(f) conference. I communicated my willingness to do so in my telephone conversation with A.A.G. Speres and via fax transmissions to Ms. Egelfeld and Mr. Quinn. In both of those fax transmissions, I also stated,

> It is unclear to me why you believe that you can simply ignore the requirements of an order that has been duly issued by a Magistrate Judge. Your refusal to meet your obligations pursuant to that order, and Rule 26(f), is noted.

In view of the foregoing, it is respectfully submitted that the defendants have failed to comply with the aforementioned order and Rule 26(f).

Thank you for your attention to this matter.

Sincerely,

Judith B. Memblatt, Esq.
Plaintiff *Pro Se*

cc:   Honorable Raymond J. Dearie
      United States District Judge

      Constantine A. Speres, Assistant Attorney General

      Madaleine S. Egelfeld, Esq.

      John E. Quinn, Esq.

-2-