**Judith B. Memblatt, Esq.**
98-51 65th Avenue  #2A
Rego Park, NY 11374
646-239-2635

BY HAND
October 26, 2005

Judge Raymond J. Dearie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:      Memblatt v. Rios, et al.
      Case No.  05 CV 1021 (RJD) (LB)

Dear Judge Dearie:

In a telephone conversation yesterday, Assistant Attorney General Constantine A. Speres, whose office represents the "state defendants" herein, asserted to me that he intended to immediately submit a letter to the Court in which he would propose a briefing schedule regarding the motions to dismiss that the defendants intend to bring in this action. I have not yet received any such letter.

It is respectfully submitted that the filing of such a letter would not comply with the Court's rules, but rather would constitute an attempt to circumvent them in order to provide cover for the defendants' refusal to comply with the order of October 7, 2005 of Magistrate Judge Lois Bloom. Their refusal to proceed with a Rule 26(f) conference as required by said order is detailed in the letter to Magistrate Judge Bloom, which I filed this past Monday. A copy of that letter is annexed hereto.

Hours after I filed that letter, Mr. Speres developed a sudden urgent desire to discuss a briefing schedule. That afternoon, he left a message for me, in which he stated that he wanted me to contact him immediately so that he could send a letter to the Court the very same day. I was unable to return his call at that time inasmuch as I had just arrived for an interview for a very temporary (two weeks only) job when I received it. It was too late to telephone him afterwards.

The following morning, Mr. Speres telephoned me. I told him that I would have to get back to him in a few days to provide any response. He stated that he was seeking an immediate response so that he could have a letter delivered to the Court the same day. I noted that, during the previous week, when I attempted to schedule a Rule 26(f) conference pursuant to Magistrate Bloom's order, the defense attorneys did not even return my calls (as described in the annexed letter). I also noted that his sudden urgent interest in setting a motion schedule seemed to be motivated solely by a desire to counter my letter to Magistrate Bloom and to provide cover for the refusal of the defendants to comply with the aforementioned order. I told him that I wished to consider framing my response in light of the fact that the defendants chose to refuse to comply with that order (rather then requesting that the Magistrate Judge vacate or modify it) and that, in any event, I was expecting to hear about the temporary job and, accordingly, would be in a better position to respond to him by the end of the week. For the first time, Mr. Speres claimed that a briefing schedule should be set immediately because the

Magistrate Judge had ordered that the responses to the complaint be served on or before October 28, 2005. I replied that, although the defendants had obviously been sitting on their responses for months, in the event that I did not respond to his request prior to the 28th, I would agree to extend the time for the motions to be served until next week. He agreed to wait until the end of the week for my response.

Within hours of his initial call yesterday, Mr. Speres telephoned me again. He requested an immediate response. I noted that nothing had changed since our conversation that morning. He insisted that he had to send a letter to the Court that day. His explanation for the urgency was, "You wrote a letter to protect your position. I want to write a letter to protect my position."

It is respectfully submitted that Mr. Speres' desire to write a letter to protect his position is no more a basis for his failure to comply with the Court's rule (which requires that the parties arrange a briefing schedule by themselves) then is the desire of the defendants to avoid discovery an excuse for them to refuse to comply with the order of a federal Magistrate Judge.

It is respectfully requested that, if Mr. Speres submits or has submitted such a letter, the relief sought therein should be denied. I have not refused to respond to his request.

Thank you for your attention to this matter.

Sincerely,

Judith B. Memblatt, Esq.
Plaintiff *Pro Se*

Enc.


cc.   Honorable Lois Bloom
      United States Magistrate Judge

      Constantine A. Speres
      Assistant Attorney General

      Madaleine S. Egelfeld, Esq.

      John E. Quinn, Esq.

**Judith B. Memblatt, Esq.**
98-51 65th Avenue #2A
Rego Park, NY 11374
646-239-2635

<u>BY HAND</u>
October 24, 2005

Hon. Lois Bloom
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   Memblatt v. Rios, et al.
    Case No. 05 CV 1021 (RJD) (LB)

Dear Judge Bloom:

The order of October 7, 2005, which set this matter down for an initial conference to be held on November 10, 2005 at 3:00 p.m., stated in part that, "Parties are reminded that they must comply with Rule 26(f) of the Federal Rules of Civil Procedure before the initial conference."

As described herein, the attorneys for each of the defendants in this action have refused to comply with that requirement.

I received the aforementioned order on October 14, 2005.

During the morning of October 17, 2005, I left telephone messages for NYS Assistant Attorney General Constantine A. Speres, John E. Quinn, Esq. and Sally Unger, Esq. In each such message I asked the respective attorneys to telephone me to schedule a conference pursuant to the aforementioned order and Rule 26(f).

That same morning, I telephoned Madaleine S. Egelfeld, Esq. She and Ms. Unger represent defendant Karen Koslowitz herein. When I explained the purpose of my call, Ms. Egelfeld questioned why we should have a conference among ourselves even though we already are scheduled to have a conference at the Court. She also asked why we should have a conference even though she intends to bring a motion to dismiss. I explained that we were required to do so by the order and by Rule 26(f). She replied, "I'll have to check out the order." She represented that she would telephone me either that afternoon or the following day. She did not do so.

On October 20, 2005, I left a second message on Ms. Unger's voice mail. She never returned either of the messages that I left for her regarding this matter.

By letter dated October 20, 2005, Ms. Egelfeld communicated her refusal to comply with the requirements of the order. In so doing, she stated,

  As you were previously advised, it is my intention to bring a motion
  to dismiss the complaint against defendant Koslowitz.

RECEIVED
OCT 2 4 2005

Accordingly a discovery schedule at this point in time is not warranted.

After Mr. Quinn, who represents defendants Thomas J. Manton, Gerard J. Sweeney and Michael H. Reich herein, failed to return my telephone message of October 17, 2005, I transmitted a fax to him the following day. In that fax, I again requested that he telephone me to schedule a conference as required by the aforementioned order and by Rule 26(f). He responded in a letter dated October 20, 2005, in which he too refused to engage in such a conference. He asserted that his refusal to do so was due to his intention to bring a motion to dismiss. Disregarding the clear statement contained in the aforementioned order, he declared, "As we expect your case to be dismissed, there is no reason to discuss discovery."

In view of the failure of A.A.G. Speres, who represents the "state defendants" herein, to return my telephone message of October 17, 2005, I transmitted a fax to him the following day, in which I repeated my request that he telephone me to schedule a conference as required by the aforementioned order and by Rule 26(f). He did not do so. I again telephoned him on October 20, 2005. In the ensuing conversation, he too indicated that he would not participate in the conference required by the aforementioned order, stating that he saw no need to do so, inasmuch as he intends to file a motion to dismiss.

After the attorneys for each of the defendants refused to comply with the requirements of the order, I informed them that I remain willing to participate in a Rule 26(f) conference. I communicated my willingness to do so in my telephone conversation with A.A.G. Speres and via fax transmissions to Ms. Egelfeld and Mr. Quinn. In both of those fax transmissions, I also stated,

> It is unclear to me why you believe that you can simply ignore the requirements of an order that has been duly issued by a Magistrate Judge. Your refusal to meet your obligations pursuant to that order, and Rule 26(f), is noted.

In view of the foregoing, it is respectfully submitted that the defendants have failed to comply with the aforementioned order and Rule 26(f).

Thank you for your attention to this matter.

Sincerely,

*[signature]*

Judith B. Memblatt, Esq.
Plaintiff *Pro Se*

cc: Honorable Raymond J. Dearie
    United States District Judge

    Constantine A. Speres, Assistant Attorney General

    Madaleine S. Egelfeld, Esq.

    John E. Quinn, Esq.