UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
JUDITH B. MEMBLATT,                                          Index No.:
                                                            05 CV 1021 (RJD) (LB)
                                    Plaintiff,

                                                            **NOTICE OF MOTION
                                                            TO DISMISS**

                        -against-

JAMIE A. RIOS, Associates Justice, Appellate Term, Supreme
Court, State of New York, 2nd and 11th Judicial Districts,
STEVEN W. FICHER, Associate Justice, Appellate Division,
Supreme Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative Judge of the
Courts of the State of New York, LAUREN DeSOLE,
Director of the Division of Human Resources, New York State
Unified Court System, Office of Court Administration,
ANTHONY D'ANGELIS, Chief Clerk Supreme Court, State of
New York, Queens County, ROBERT W. GARDNER,
Major of Court Officers, Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge, Supreme Court,
State of New York, HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York, KAREN KOSLOWITZ,
Deputy Borough President, County of Queens, City of New
York, THOMAS J. MANTON, GERARD J. SWEENEY and
MICHAEL H. REICH,

                                    Defendants.
--------------------------------------------------------------------------------X

       PLEASE TAKE NOTICE that, on the Affirmation of John E. Quinn, Esq., dated

November 17, 2005, and the accompanying Memorandum of Law dated November 17, 2005,

Defendants Gerard J. Sweeney, Thomas J. Manton and Michael H. Reich , by their attorneys

Renfroe & Quinn will move this Court before the Hon. Raymond J, Dearie, United State District

Court, Judge, on a date and time to be set by the Court, at the United States District Court,

Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, (i) for an Order

dismissing Plaintiff Judith Memblatt's Complaint in its entirety, with prejudice, as against

Defendants Sweeney, Manton and Reich pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, ii) for an award of Defendants Sweeney, Manton and Reich's reasonable attorneys'

fees; and iii) such other and further relief this Court may deem just and proper.

Dated: Forest Hills, NY
      November 17, 2005

Respectfully submitted,

JOHN E. QUINN, ESQ.
RENFROE & QUINN, ESQS.
Attorneys for Manton, Sweeney and Reich
118-35 Queens Boulevard, 14th Floor
Forest Hills, NY 11375

To:
JUDITH MEMBLATT, ESQ.
98-51 65th Avenue, Apt. 2-A
Rego Park, New York 11374
Plaintiff Pro Se

MADALEINE S. EGELFELD, ESQ. (ME 7407)
Attorney at Law
125-10 Queens Boulevard, Suite 311
Kew Gardens, New York 11415

SALLY E. UNGER, ESQ. (SU6014), on brief
RANAKDEVI CHUDASAMA, ESQ.
KOSSOFF & UNGER
217 Broadway, Suite 401
New York, New York 10007
Attorneys for Defendant Karen Koslowitz

CONSTANTINE SPERES, ESQ.
Office of the Attorney General
120 Broadway, 24th Floor
New York, New York 10271
Attorney for Hon. Lippman, Hon. Fisher, DeSole,
D'Angelis, Gardner, Newsome And Higgins

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JUDITH B. MEMBLATT,

                        05 CV 1021 (RJD) (LB)

               Plaintiff,

                        **AFFIRMATION IN SUPPORT
                        OF MOTION TO DISMISS
                        COMPLAINT PURSUANT
                        TO RULE 12 (b)(6)**

               -against-

JAMIE A. RIOS, Associates Justice, Appellate Term, Supreme
Court, State of New York, 2nd and 11th Judicial Districts,
STEVEN W. FICHER, Associate Justice, Appellate Division,
Supreme Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative Judge of the
Courts of the State of New York, LAUREN DeSOLE,
Director of the Division of Human Resources, New York State
Unified Court System, Office of Court Administration,
ANTHONY D'ANGELIS, Chief Clerk Supreme Court, State of
New York, Queens County, ROBERT W. GARDNER,
Major of Court Officers, Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge, Supreme Court,
State of New York, HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York, KAREN KOSLOWITZ,
Deputy Borough President, County of Queens, City of New York,
THOMAS J. MANTON, GERARD J. SWEENEY and
MICHAEL H. REICH,

                   Defendants.
-------------------------------------------------------------------------------X

       John E. Quinn, Esq., an attorney duly admitted to practice before this court affirms under

penalty of perjury as follows:

       1.     I am a member of the firm of Renfroe & Quinn, attorneys for the individual

Defendants Gerald Sweeney, Thomas Manton and Michael Reich.

2.        This affirmation is submitted together with the accompanying memorandum of law in support of the instant motion to dismiss the claims against these Defendants contained in Plaintiff's complaint filed February 24, 2005, for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6).

3.        Accepting Plaintiff's allegations as true, the complaint does not set forth facts sufficient to state a cause of action against Defendant's Manton, Sweeney and Reich who are sued as private individuals who never employed Plaintiff and never worked at, for or on behalf of Plaintiff's employer.

4.        Plaintiff's complaint arises out of her employment by the New York State Office of Court Administration as, a law clerk in the New York Supreme Court for Judge Jamie A. Rios. The complaint is solely an action under 42 U.S.C. §1983 for alleged violation of Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York.  Plaintiff <u>does not</u> plead an employment discrimination case and there is no claim asserted under Title VII, 42 U.S.C. 2000-e or even 42 U.S.C. §1985.

5.        Plaintiff's first four "claims" allege racial and religious discrimination in her employment at the hands of other defendants (Rios, Newsome, DeSole and D'Angelis) and <u>are not plead against my clients</u>.  Therefore, we conclude that plaintiff concedes the reality that my clients are not and have never been her employer, supervisor or even co-employee.  We will therefore not address these claims here.

6.        The fifth, sixth and seventh claims are brought pursuant to 42 U.S.C. §1983 alleging that all the named defendants, including my clients, engaged in a "conspiracy" to violate plaintiff's rights under the First and Fourteenth Amendments.  These allegations are misplaced

under this statute and fail to state a cause of action against the individual defendants we represent.

7.      The eighth, ninth and tenth claims vaguely allege that all the defendants, presumably including my clients, defamed and libeled plaintiff.  These causes of action are completely without any support in the pleading. There is not one instance of defamation or slander even alleged anywhere to have been said, written or published by Defendants Manton, Sweeney or Reich.

8.      Whatever may or may not have transpired between Plaintiff and her employer, the Office of Court Administration, Mr. Manton, Mr. Sweeney and Mr. Reich, as private individuals who never employed Plaintiff, never worked at, for or on behalf of Plaintiff's employer, are not proper defendants and there is no cognizable cause of action alleged against them.

9.      Plaintiff has failed to set forth any facts to support her allegations against these Defendants, instead relying on speculation, insinuation and conjecture.  Plaintiffs attempt to extrapolate the protections provided by 42 U.S.C. 1983 to individuals against the power of the State for her use here against private individuals who are not even alleged to be acting on behalf of the State, is unsupported by any judicial application or scholarly interpretation of the statute.

10.     For all of the above reasons, and in the interest of justice, it is respectfully submitted that the complaint should be dismissed pursuant to Rule 12 (b) (6) as against Defendants Manton, Sweeney and Reich.

WHEREFORE , it is respectfully requested that the compliant be dismissed as against Defendants Manton, Sweeney and Reich with prejudice and that this Court issue such other and

further relief as it may deem just and proper.

Dated: Forest Hills, NY
      November 17, 2005

John E. Quinn, Esq.
Renfroe & Quinn
Attorneys for Defendants
Manton, Sweeney and Reich,
118-35 Queens Boulevard, 14th Floor
Forest Hills, NY 11375
(718) 575-8552

cc:    Judith Memblatt, Esq.
       Plaintiff Pro Se
       98-51 65th Avenue Apt. 2M
       Rego Park, N.Y. 11374

       Madeleine S. Egelfeld, Esq.
       Attorney for Defendant Koslowitz
       125-01 Queens Blvd. Ste 311
       Kew Gardens, N.Y. 11415

       Sally E. Unger
       Kossoff Alper & Unger
       Attorneys for Defendant Koslowitz
       217 Broadway, Suite 401
       New York, NY 10007

       AAG Constantine A. Speres
       Office of the Attorney General
       Attorney for Hon. Lippman, Hon. Fisher, DeSole,
       D'Angelis, Gardner, Newsome And Higgins
       120 Broadway
       New York, N. Y. 10271-0332

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
JUDITH B. MEMBLATT,

                                                                                    05 CV 1021 (RJD) (LB)

                                      Plainitff,


                        -against-


JAMIE A. RIOS, Associates Justice, Appellate Term, Supreme
Court, State of New York, 2nd and 11th Judicial Districts,
STEVEN W. FICHER, Associate Justice, Appellate Division,
Supreme Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative Judge of the
Courts of the State of New York, LAUREN DeSOLE,
Director of the Division of Human Resources, New York State
Unified Court System, Office of Court Administration,
ANTHONY D'ANGELIS, Chief Clerk Supreme Court, State of
New York, Queens County, ROBERT W. GARDNER,
Major of Court Officers, Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge, Supreme Court,
State of New York, HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York, KAREN KOSLOWITZ,
Deputy Borough President, County of Queens, City of New York,
THOMAS J. MANTON, GERARD J. SWEENEY and
MICHAEL H. REICH
                                      Defendants.

--------------------------------------------------------------------------------X



**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY
THOMAS J. MANTON, GERARD J. SWEENEY AND MICHAEL H. REICH**

                        Submitted by:
                        JOHN E. QUINN, ESQ.
                        Attorney at Law
                        118-35 Queens Boulevard, 14th Floor
                        Forest Hills, NY 11375

                        *Attorneys for Manton, Sweeney and Reich*

# TABLE OF AUTHORITIES

Angola v. Civiletti, 666 F.2d 1, 4 (2d Cir. 1981)....................................................... 10

Burton v. Wilmington Parking Auth., 81 S. Ct. 856 (1961)..................................................... 7

Campbell v. San Antonio, 43 F. 3d 973, 975 (5th Cir. 1995)..................................................... 3

Ciambriello v. County of Nassau, 292 F. 3d 307 (2d. Cir. 2002)........................................... 10

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) .......................................................... 3

Davis v. County of Nassau, 355 F. Supp. 2d 668 (E.D.N.Y. 2005)........................................ 3, 9. 10

Dwares v City of New York,985 F. 2d 94, 100 (2d Cir. 1983)................................................ 10, 11

Gad - Tadros v. Bessemer Venture Partners 326 F. Supp. 417 (E.D.N.Y. 2004)................... 9

Gonzalez v. Narcato, 363 F. Supp 2D. 486, 2005 WL 735629 (E.D.N.Y. 2005)................... 10

Harbulek v. Suffolk County, 654 F. 2d 194, 198 (2d Cir. 1981)............................................ 3

Hirsch v. Arthur Anderson & Co., 72 F. 3d 1085, 1092 (2nd Cir. 1995) .............................. 3

Kelly v. Schmidberger 806 f. 2D 44, (2D Cir. 1986)................................................................ 12

Lattibeaudierre v AMR Services Corp. 518076 (E.D.N.Y. 1996)......................................... 7

Lerman v. Bd. of Elections in City of New York, 232 F. 3d 135, 140 (2d Cir. 2000)........... 3

Levine v. McCabe, 357 F. Supp. 2d 608 (E.D.N.Y. 2005)....................................................... 3

McLaurin v. New Rochelle Police Officers, 379 F. Supp. 2d 475 ........................................ 9

Mendelsohn v. University Hospital, 178 F. Supp. 2d. 323, (E.D.N.Y. 2002)......................... 3, 9

Nassau County Employee "L" v. County of Nassau, 345 F. Supp. 2d 293 (E.D.N.Y. 2004)    10

Owens v. Okure, 488 U.S. 235, 251, 109 S. Ct. 873, 582, 102 L. Ed 2d 594 (1989)............. 5

Ostrer v. Aronwald, 567 F. 2d 551, 553 (2nd Cir. 1977).......................................................... 10, 11

Pangburn v. Culbertson, 200 F. 3d 65, 75 (2d Cir. 1999) ...................................................... 10

i

Provost v. City of Newburgh, 262 F. 3d 146, 155 (2d Cir.. 2001)............................................   9

Romer v. Morgenthau, 199 F. Supp. 2d 346, 335 (S.D.N.Y. 2000).........................................   3

Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999)...........................   11

Salahuddin v. Cuomo, 861 F. 2d 40, 43 (2d Cir. 1988).............................................................   10, 11

San Filippo v. U.S. Trust Co., 737 F. 2d 246, 256 (2d Cir. 1984)............................................   10

Solieri v. Ferrovie Dello Stato Spa, 1998 U.S. Dist. LEXIS 11201, 3 (S.D.N.Y. July 23, 1998)   10

Tancredi v. Metropolitian Life Insurance, 316 F. 3d 308 (2d Cir 2003)....................................   7.

Wright v. Smith, 21 F. 3d 496, 501 (2d Cir. 1994)....................................................................   9

X-Men, Inc. V. Pataki, 196 F. 3d 56, 70-71 (2d Cir. 1999).......................................................   10

# TABLE OF CONTENTS

Introduction ................................................................................................... 2

Legal Standard ............................................................................................... 3

Argument........................................................................................................ 4

    THE FIRST, SECOND, THIRD AND FOURTH CLAIMS OF THE
    COMPLAINT ARE NOT AND COULD NOT BE PLEAD AGAINST
    DEFENDANTS MANTON,  SWEENEY OR REICH................................... 4

    THE COMPLAINT FAILS TO STATE CAUSE OF ACTION ARISING
    DURING ANY APPLICABLE STATUTE OF LIMITATIONS
    PERIOD........................................................................................................ 5

    THE FIFTH, SIXTH AND SEVENTH CLAIMS OF THE COMPLAINT FAIL
    TO SET FORTH A CLAIM AGAINST DEFENDANTS MANTON,
    SWEENEY OR REICH ............................................................................... 6

    PLAINTIFF'S CLAIMS MUST BE DISMISSED AS THE STATUTE UPON
    WHICH THEY ARE BASED, 42 U.S.C. §1983, DOES NOT CONTEMPLATE
    INTEND OR PROVIDE A CAUSE OF ACTION AGAINST INDIVIDUALS
    FOR THE INDEPENDENT ACTIONS OF THE STATE................................ 6

    PLAINTIFF'S CLAIMS MUST BE DISMISSED AS THEY FAIL TO SET
    FORTH FACTS SUFFICIENT TO STATE A CLAIM AGAINST
    DEFENDANTS MANTON, SWEENEY OR REICH...................................... 8

    THE EIGHTH, NINTH AND TENTH CLAIMS COMPLETELY FAIL TO
    SET FORTH A CLAIM AGAINST DEFENDANTS MANTON, SWEENEY
    OR REICH.................................................................................................... 12

    DEFENDANTS MANTON, SWEENEY AND REICH ARE ENTITLED TO
    AN  AWARD OF REASONABLE ATTORNEYS' FEES.............................. 13

Conclusion...................................................................................................... 13

# INTRODUCTION

Thomas J. Manton, Gerard J. Sweeney, and Michael H. Reich respectfully submit this memorandum of law in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted.

The Complaint, which sounds like an employment discrimination claim but limits itself to a civil right complaint for racial and religious discrimination under 42 U.S.C. §1983, seeks to hold Mr. Manton, Mr. Sweeney and Mr. Reich, who never employed or even worked with Plaintiff, responsible for the deteriorating relationship over many years between Plaintiff and her employer as well as the ultimate termination of her employment as a law clerk.  Plaintiff then tacks on a broad assertion that in speech unnamed, unheard and unspecified, these Defendants also may have defamed, libeled and slandered her although she can't say where or when.

Accepted as true for the purposes of this motion, Plaintiff's allegations fail to set forth any relationship between her and Defendants Manton, Sweeney or Reich that would provide a duty to breach; fail to set forth any action or statement by Defendants Manton, Sweeney and Reich which caused, or even could have caused her harm; fail to set forth any intention, or overt act to discriminate racially or religiously or to deny her any constitutional right, and; fail to plead any specifics at all in support of the claims of defamation, libel and slander.

## LEGAL STANDARD

In evaluating a motion to dismiss for failure to state a claim, the court must decide whether the facts alleged, if true, would entitle the Plaintiff to some form of legal remedy against the moving Defendants. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the Court on such a motion must accept Plaintiff's allegations as true, "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 Moore's Federal Practice § 12.34(1)(b) (3d ed. 2001), quoting Campbell v. San Antonio, 43 F. 3d 973, 975 (5th Cir. 1995); accord Hirsch v. Arthur Anderson & Co., 72 F. 3d 1085, 1092 (2nd Cir. 1995) ("conclusory allegations of the legal status of the Defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss"). Conclusory allegations cannot sustain a §1983 claim which requires specifications under which a court could grant relief. Romer v. Morgenthau, 199 F. Supp. 2d 346, 335 (S.D.N.Y. 2000). See also: Davis v. County of Nassau, 355 F. Supp. 2d 668 (E.D.N.Y. 2005), and; Mendelsohn v. University Hospital, 178 F. Supp. 2d. 323, (E.D.N.Y. 2002).

Further, "although Courts also normally construe pro se complaints liberally, Lerman v. Bd. of Elections in City of New York, 232 F. 3d 135, 140 (2d Cir. 2000), practicing attorneys who chose to represent themselves cannot claim the special considerations normally afforded to pro se litigants. Harbulek v. Suffolk County, 654 F. 2d 194, 198 (2d Cir. 1981)." Levine v. McCabe, 357 F. Supp. 2d 608, 613-614, (E.D.N.Y. 2005).

**ARGUMENT**

## I. THE FIRST, SECOND, THIRD AND FOURTH CLAIMS OF THE COMPLAINT ARE NOT AND COULD NOT BE PLEAD AGAINST DEFENDANTS MANTON, SWEENEY OR REICH.

The First and Second claims, as set forth on pages 87-88 of the Complaint, allege religious discrimination resulting in a hostile work environment and disparate treatment culminating in discharge from her employment against Defendants Rios, Newsome, DeSole and D'Angelis only.

The Third and Fourth claims, as set forth on pages 88-89 of the Complaint, allege racial discrimination resulting in a hostile work environment and disparate treatment culminating in discharge from her employment against Defendants Rios and Newsome only.

Therefore, these claims have not been plead against the moving Defendants here and need not be addressed in this motion.

There is no dispute, that Defendants Manton, Sweeney and Reich never employed Plaintiff, never worked for her employer, and never acted as her supervisor or even co-employee. Indeed there is no allegation by Plaintiff that they ever did.

Therefore, to the extent it may be deemed necessary these claims must be dismissed against these Defendants.

## II. THE COMPLAINT FAILS TO STATE CAUSE

## OF ACTION ARISING DURING ANY APPLICABLE

## STATUTE OF LIMITATIONS PERIOD.

Plaintiff's Fifth, Sixth, and Seventh claims, brought under 42 U.S.C. §1983, are, in the light most favorable to Plaintiff, governable in New York by a three (3) year statute of limitations. Owens v. Okure, 488 U.S. 235, 251, 109 S. Ct. 873, 582, 102 L. Ed 2d 594 (1989). Plaintiff's Eighth, Ninth and Tenth claims of defamation, libel and slander, as well as any claim that could be characterized as an intentional act, are governed by a one (1) year statue of limitations. N.Y.C.P.L.R. §215(3).

As Plaintiff filed her summons and complaint on February 24, 2005, an examination of her claims must cull from the polemic presented those events or actions alleged to have occurred within the applicable statute of limitations periods, as obviously anything that may have happened before that is statutorily foreclosed. For those claims governed by a three (3) year period (the fifth, sixth and seventh causes of action) then, only those matters alleged to have occurred on or after February 24, 2002 could possibly be used to state a claim. For those claims governed by the one (1) year statute of limitations (the Eighth, Ninth and Tenth causes of action), only facts alleged to have occurred on or after February 24, 2004 can be used to state a claim.

In support of her fifth, sixth and seventh claims for racial and religious discrimination Plaintiff provides not a single allegation of any action on the part of Defendants Manton, Sweeney or Reich that occurred between February 24, 2002 and February 24, 2005. There is not even an allegation of speech between the Plaintiff and these defendants during this three (3) period. Plaintiff does allege that Defendant Reich helped her obtain employment by providing a positive recommendation, but even this (which can hardly be construed to cause her injury) occurred in

September 1994. (See complaint page 11 paragraph 37). The only other allegation set forth to support her claims against these Defendants is the claim that Defendant Sweeney did not precisely recall who Plaintiff was at some undescribed meeting. (See complaint page 26, paragraph 84). However, this too is alleged by Plaintiff to have occurred beyond the statute of limitations period; on November 16, 2001.

Likewise, Plaintiff makes no effort to support her Eighth, Ninth and Tenth Claims for defamation, libel and slander against Defendants Manton, Sweeney and Reich. The complaint does not contain even a single example of the defamatory comment, statement or publication on the part of these Defendants within or beyond the one (1) year limitations period.

Therefore, as the first four claims are not plead against Defendants Manton, Sweeney or Reich and as there are no allegations in support of any of the remaining claims that would not be barred by the applicable statute of limitations, the complaint fails to state a claim against these Defendants upon which relief could be granted and must be dismissed.

### III.  THE FIFTH, SIXTH AND SEVENTH CLAIMS OF THE COMPLAINT FAIL TO SET FORTH A CLAIM AGAINST DEFENDANTS MANTON, SWEENEY OR REICH

A.  **PLAINTIFF'S CLAIMS MUST BE DISMISSED AS THE STATUTE UPON WHICH THEY ARE BASED, 42 U.S.C. §1983, DOES NOT CONTEMPLATE, INTEND OR PROVIDE A CAUSE OF ACTION AGAINST**

**INDIVIDUALS FOR THE INDEPENDENT ACTIONS OF THE STATE.**

There can be no claim against these Defendants under 42 U.S.C. §1983. It must be conceded that Defendants Manton, Sweeney and Reich are not state officials but are sued as individual defendants. Plaintiff seeks to bring these individual defendants under the purview of § 1983 by employing a reverse application of the "symbiotic relationship test" enunciated in <u>Burton v. Wilmington Parking Auth.</u>, 81 S. Ct. 856 (1961). This is a perversion of the statute and is unsupported by any judicial application or scholarly interpretation.

<u>Burton</u> provides that where "the state has so far insinuated itself into a position of interdependence. . . it (the state) must be recognized as a joint participant in the challenged activity," of the individual entity or person: Id. at 862. See also, <u>Lattibeaudierre v AMR Services Corp.</u>,1996 WL 518076 (E.D.N.Y. 1996). The initial inquiry by the court "where the defendant is a private entity "is whether or not" the allegedly unconstitutional conduct . . . (is) . . . fairly attributable to the state."<u>Tancredi v. Metropolitian Life Insurance</u>, 316 F. 3d 308 (2d Cir 2003). Here Plaintiff's claim would require the Court to determine not if the conduct of the individual is attributable to the State but if the conduct of the State is attributable to the control of the individual defendants over the State.

The proper application of the statute to an individual Defendant is in a case where the State is performing a governmental function or exercising governmental power through the auspices of an individual person or entity. The legal logic is to prevent the State from circumventing the protections/liabilities of 42 U.S.C. §1983 by "contracting out" or "outsourcing" its operation or

7

business.  Here Plaintiff's claim would require the Court to determine if the conduct of the State is attributable to the claimed control of the individual Defendants over the State.  This is backwards logic and is not supported by any case law and runs counter to purposes of the statute.

Plaintiff's allegations here are not that the state so insinuated itself into the activities of a private individual/entity that the latter took on state power which it (the private individual/entity) used to deprive her of a right but rather that she, as an employee of the State was deprived of a right by the State which she believes was exercising some power held by the individual defendants.  This is not a cognizable claim.

The purpose of the statute, derives from the recognition that the individual, in order to enjoy the rights of freedom, must be protected against the centralized and aggregated power of the State. The statute only provides a cause of action against individuals who act under color of law, that is employ the power of the state to deprive someone of their constitutional rights.  There is no cause of action against individuals who are not alleged to wield the power of the State but only to have had some say in who may get elected to wield it.

B.  **PLAINTIFF'S CLAIMS MUST BE DISMISSED AS THEY FAIL TO SET FORTH FACTS SUFFICIENT TO STATE A CLAIM AGAINST DEFENDANTS MANTON, SWEENEY OR REICH.**

Even if plaintiff could bring a claim against these defendant's under 42 U.S.C. §1983, the complaint here must be dismissed as it completely fails to set forth facts sufficient to state a claim

8

against them.  As Plaintiff can cite no direct relationship between her and Defendants Manton, Sweeney or Reich and has set forth not one allegation specifying an action taken to injure her or deprive her of a constitutional right by them, she tries to ensnare them in the web of her action by employing a vague theory of conspiracy.  However, simply saying the word does not make it so and Plaintiff has completely failed to satisfy the pleading requirements of such a claim under 42 U.S.C. §1983.

It is well settled that "personal involvement of a named defendant in an §1983, action is a prerequisite to an award of damages."  Wright v. Smith, 21 F. 3d 496, 501 (2d Cir. 1994).  There must be a "direct participation . . . intentional participation in the conduct constituting a violation of the (Plaintiffs) rights".  Provost v. City of Newburgh, 262 F. 3d 146, 155 (2d Cir.. 2001).  "A showing of some personal responsibility is necessary" McLaurin v. New Rochelle Police Officers, 379 F.  Supp. 2d 475, (S.D.N.Y. 2005).  "Even the allegation that a named defendant had the right to control without showing that the defendant exerted such control is not sufficient" Id., citing Anderson v. Sullivan, 702 F. Supp 424 (S.D.N.Y. 1988).

Even if specific acts were set forth, and they are not here, plaintiff must set forth facts showing the discriminatory intent of the individual defendants. Gad - Tadros v. Bessemer Venture Partners 326 F. Supp. 417 (E.D.N.Y. 2004).  Conclusory allegations cannot sustain a § 1983 claim which requires specific facts under which a court could grant relief.  Romer v. Morgenthau, 119 F. Supp. 2d. 346, 355 (S.D. N.Y. 2000). See also Davis v. County of Nassau, 335 F. Supp 2d 668 (E.D.N.Y. 2005),  and; Mendelsohn v. University Hospital (E.D. N.Y. 2002) 178 F. Supp 2d 323.

The Court of Appeals has repeatedly held that "complaints containing only conclusory, vague or general allegations that defendants have engaged in a conspiracy to deprive the plaintiff of (her)

9

constitutional rights are properly dismissed" pursuant to rule 12 (b) (6).   Dwares v City of New
York,985 F. 2d 94, 100 (2d Cir. 1983).  See also, Ciambriello v. County of Nassau, 292 F. 3d 307
(2d. Cir. 2002); Nassau County Employee "L" v. County of Nassau, 345 F. Supp. 2d 293 (E.D.N.Y.
2004).

     "To prove a conspiracy under 42 U.S.C. §1983 a plaintiff must show 1) an agreement
between two or more actors or between a state actor and private entity; 2) an act in concert to inflict
an unconstitutional injury; and 3) an overt act done in furtherance of that goal causing damages."
Pangburn v. Culbertson, 200 F. 3d 65, 75 (2d Cir. 1999)" Gonzalez v. Narcato, 363 F. Supp 2d 486
(E.D.N.Y. 2005).  "Even under the liberal 'notice pleading standard' (of Rule (8)) . . . a §1983 -
based complaint must still allege particular facts indicating that an individual defendant was
personally involved in the deprivation of plaintiff's constitutional rights" Davis v. County of Nassau,
355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005).

     A "conclusory allegation of conspiracy warrants summary dismissal of (the) complaint under
either Fed. R. Civ. P.12(b)(6) or Fed. R. Civ. P.56.  "San Filippo v. U.S. Trust Co., 737 F. 2d 246,
256 (2d Cir. 1984)."  " [C]omplaints containing only conclusory, vague, or general allegations of
a conspiracy to deprive a person of constitutional rights will be dismissed." Ostrer v. Aronwald, 567
F. 2d 551, 553 (2nd Cir. 1977); See also, X-Men, Inc. V. Pataki, 196 F. 3d 56, 70-71 (2d Cir. 1999);
Salahuddin v. Cuomo, 861 F. 2d 40, 43 (2d Cir. 1988), and;  Angola v. Civiletti, 666 F.2d 1, 4 (2d
Cir. 1981).

     Similarly, a conclusory assertion that a particular defendant materially assisted other
defendants or aided and abetted them does not state a claim against that defendant. Solieri v. Ferrovie
Dello Stato Spa, 1998 U.S. Dist. LEXIS 11201, 3 (S.D.N.Y. July 23, 1998) ("conclusory allegations

that [defendant] aided and abetted" discrimination dismissed under Rule 12(b)(6).)

To plead conspiracy, plaintiffs must plead "specific instances of misconduct" showing a "nexus" between the particular defendant and the conspiracy. Ostrer v. Aronwald, 567 F.2d 551, 553(2d Cir. 1977).

Among the facts required in order to provide minimal notice of the wrongful conduct alleged are the time and place of the alleged agreement to enter into the conspiracy. Salahuddin v. Cuomo, 861 F.2d 40, 43 (2d Cir. 1988) (to survive motion to dismiss, plaintiffs should provide "details of time and place and the alleged effect of the conspiracy") (citing Moore's Federal Practice); Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (same); see Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999) (should allege "when [the] agreement between [the conspirators] was formed, what its term were... [And] what [the particular defendant's] role was" under the agreement).

Plaintiff here has plead none of the required specifics. Plaintiff has not specified any times or places at which any conspiracy to injure the plaintiff was allegedly formed, much less given any details as to how Defendants Manton, Sweeney or Reich in particular came to be involved in the alleged conspiracy. Plaintiff has never alleged facts supporting a conclusion that Defendants Manton, Sweeney or Reich reached any kind of agreement with any of the other Defendants to harm the plaintiff. Nor has plaintiff described what acts of assistance Defendants Manton, Sweeney or Reich in particular performed to aid or abet anyone she alleges acted to harm her.

The only acts of any of the movants set forth in the complaint is the allegation that Defendant Reich relayed a positive recommendation on behalf of plaintiff, at plaintiff's request, from the Democratic Organization of Queens to Judge Rios when she was seeking a position, first as his court

11

attorney and then again as his law clerk.  Notwithstanding the fact that this recommendation occurred

in 1994 and so is beyond the applicable statute of limitation, there is  no other allegation of any act

or even statement on the part of Defendants Manton, Sweeney or Reich relating to plaintiff, her

employment, her religion or race.  Nothing.  Accepted as true, plaintiff's complaint fails to state a

cognizable cause of action against Defendants Manton, Sweeney and Reich and must be dismissed

pursuant to Rule 12(b)(6).

## IV.  THE EIGHTH, NINTH AND TENTH CLAIMS
## COMPLETELY FAIL TO SET FORTH A CLAIM
## AGAINST DEFENDANTS MANTON, SWEENEY OR REICH.

 Plaintiff's Eighth, Ninth and Tenth claims allege that all Defendants defamed, libeled and

slandered her.  First, libel and slander are the two ways you can commit the intentional tort of

defamation and so as they are plead as separate claims, the additional claim for defamation is

redundant and frivolous.

Defamation, whether by libel or slander, must be plead with enough specificity to "afford

Defendant sufficient notice of the communications complained of to enable him to defend himself."

"Kelly v. Schmidberger, 806 F. 2d 44, 46 (2d Cir. 1986).

The Complaint fails to allege any specific communication written or verbal by Defendants

Manton, Sweeney or Reich during the one year preceding Plaintiff's filing of this complaint.

Further, Plaintiff does not allege any specific communications at any time emanating from Defendant

Manton, Sweeney or Reich that is false, about her and communicated to a third party.  That is to say

12

she alleges no defamation at all.

## V.  DEFENDANTS MANTON, SWEENEY AND REICH
## ARE ENTITLED TO AN AWARD OF
## REASONABLE ATTORNEYS' FEES

In an action commenced pursuant to the provisions of 42 U.S.C. §1983, the Court, in its discretion, may award the prevailing party its reasonable attorneys' fees.  Based on the foregoing, all of Plaintiff's Claims are without merit, frivolous and must be dismissed as against Defendants Manton, Sweeney and Reich.  Accordingly, Defendants Manton, Sweeney and Reich are entitled to an award of the attorneys' fees they incurred in defending this baseless suit.

## CONCLUSION

Whatever may or may not have transpired between Plaintiff and her employer, the Office of Court Administration, Mr. Manton, Mr. Sweeney and Mr. Reich, as private individuals who never employed Plaintiff and never worked at, for or on behalf of Plaintiff's employer, are not proper defendants and there is no cognizable cause of action alleged against them.

Plaintiff has failed to set forth any facts to support her allegations against these Defendants, instead relying on speculation, insinuation and conjecture.  Plaintiff's attempt to extrapolate the protections provided by 42 U.S.C. 1983 to individuals against the power of the State for her use here against private individuals who are not even alleged to be acting on behalf of the State, is

13

unsupported by any judicial application or scholarly interpretation of the statute.

For all of the above reasons, and in the interest of justice, it is respectfully submitted that the complaint should be dismissed pursuant to Rule 12 (b) (6) as against Defendants Manton, Sweeney and Reich.

Dated: Forest Hills, NY
November 17, 2005

Respectfully Submitted,

John E. Quinn, Esq.
Renfroe & Quinn
118-35 Queens Boulevard
14th Floor
Forest Hills, NY 11375
Attorneys for Defendants
Manton, Sweeney and Reich

To:
JUDITH MEMBLATT, ESQ.
98-51 65th Avenue, Apt. 2-A
Rego Park, New York 11374
Plaintiff Pro Se

MADALEINE S. EGELFELD, ESQ. (ME 7407)
Attorney at Law
125-10 Queens Boulevard, Suite 311
Kew Gardens, New York 11415

SALLY E. UNGER, ESQ. (SU6014), on brief
RANAKDEVI CHUDASAMA, ESQ.
KOSSOFF & UNGER
217 Broadway, Suite 401
New York, New York 10007
Attorneys for Defendant Karen Koslowitz

14

CONSTANTINE SPERES, ESQ.
Office of the Attorney General
120 Broadway, 24th Floor
New York, New York 10271
Attorney for Hon. Lippman, Hon. Fisher, DeSole,
D'Angelis, Gardner, Newsome And Higgins

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                           ) ss:
COUNTY OF QUEENS )

Carol Richards, being duly sworn, deposes and says that I am over the age of eighteen years old, am not a party of the within action and reside in Queens County.

On November 18, 2005, I served a true an accurate copy of the within **Notice of Motion, Supporting Affirmation and Memorandum of Law** upon:

By Fed Ex
Judith Memblatt, Esq.
Plaintiff Pro Se
98-51 65th Avenue Apt. 2M
Rego Park, N.Y. 11374

By Mail
Madeleine S. Egelfeld, Esq.              Sally E. Unger
Attorney for Defendant Koslowitz    Kossoff Alper & Unger
125-01 Queens Blvd. Ste 311           217 Broadway, Suite 401
Kew Gardens, N.Y. 11415              New York, NY 10007
Attorneys for Defendant Koslowitz

AAG Constantine A. Speres
Office of the Attorney General
Attorney for Hon. Lippman, Hon. Fisher, DeSole,
D'Angelis, Gardner, Newsome And Higgins
120 Broadway
New York, N. Y. 10271-0332

by depositing same in a securely sealed, post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service.

Carol Richards

Sworn to before me this
18 day of November, 2005

Notary Public

JOHN E. QUINN
Notary Public - State of New York
NO. 02QU6064217
Qualified in Queens County
My Commission Expires 4/24/09

UNITED STATES DISTRICT COURT          05 CV 1021 (RJD) (LB)
EASTERN DISTRICT OF NEW YORK

JUDITH B. MEMBLATT

Plaintiff

-against-

JAMIE A. RIOS, Associates Justice, Appellate Term, Supreme Court, State of New York, 2nd and 11th Judicial Districts, STEVEN W. FICHER, Associate Justice, Appellate Division, Supreme Court, State of New York, 2nd Department, JONATHAN LIPPMAN, Chief Administrative Judge of the Courts of the State of New York, LAUREN DeSOLE, Director of the Division of Human Resources, New York State Unified Court System, Office of Court Administration, ANTHONY D'ANGELIS, Chief Clerk Supreme Court, State of New York, Queens County, ROBERT W. GARDNER, Major of Court Officers, Supreme Court, State of New York, SANDRA NEWSOME, Secretary to Judge, Supreme Court, State of New York, HEIDI HIGGINS, Secretary to Judge, Supreme Court, State of New York, KAREN KOSLOWITZ, Deputy Borough President, County of Queens, City of New York, THOMAS J. MANTON, GERARD J. SWEENEY and MICHAEL H. REICH,

Defendants

---

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

---

### RENFROE & QUINN
**Attorneys at Law**
**Attorneys for Plaintiff(s)**
**Office Address & Tel. No.:**
**118-35 Queens Blvd., 16th Floor**
**Forest Hills, N.Y. 11375**
**(718) 575-8552     (718) 575-8553**
**Telecopier (718) 263-9465**

TO:

Attorney(s) for

Service of a copy of the within       is hereby admitted.

Dated:

..................................
Attorney(s) for

PLEASE TAKE NOTICE
Notice of Entry

[  ]    that the within is a (certified) true copy of a    entered in the office of the clerk of the within      named Court on
Notice of Settlement

[  ]    that an order of which the within is a true copy will be settlement to the Hon.     , one       of the Judges of the within named Court, at
     on     at  9:30A.M.

**RENFROE & QUINN, ESQS.**
**ATTORNEYS FOR PLAINTIFF(S)**
**118-35 QUEENS BLVD., 14th FLOOR**
**FOREST HILLS, N.Y. 11375**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JUDITH B. MEMBLATT,

                                                      05 CV 1021 (RJD) (LB)

                            Plainitff,


                   -against-                              RULE 56.2 STATEMENT
                                                  TO PRO SE LITIGANT

JAMIE A. RIOS, Associates Justice, Appellate Term, Supreme
Court, State of New York, 2nd and 11th Judicial Districts,
STEVEN W. FICHER, Associate Justice, Appellate Division,
Supreme Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative Judge of the
Courts of the State of New York, LAUREN DeSOLE,
Director of the Division of Human Resources, New York State
Unified Court System, Office of Court Administration,
ANTHONY D'ANGELIS, Chief Clerk Supreme Court, State of
New York, Queens County, ROBERT W. GARDNER,
Major of Court Officers, Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge, Supreme Court,
State of New York, HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York, KAREN KOSLOWITZ,
Deputy Borough President, County of Queens, City of New York,
THOMAS J. MANTON, GERARD J. SWEENEY and
MICHAEL H. REICH
                                    Defendants.

-------------------------------------------------------------------------------X

       PLEASE BE ON NOTICE THAT Defendants Manton, Sweeney and Reich are with the

accompanying papers, moving to dismiss your complaint pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.

                 **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT**

                 **MAY BE DISMISSED WITHOUT A TRIAL**

                 **IF YOU DO NOT RESPOND TO THIS MOTION.**

IN THE EVENT THE COURT CONVERTS THE MOTION TO ONE FOR SUMMARY

JUDGEMENT PURSUANT TO RULE 56 OF THE FEDERAL RULES PROCEDURES OF

THE CIVIL PROCEDURE you must respond by filing your own sworn affidavits or other papers

as required by Rule 56 (e). An affidavit is a sworn statement of fact based upon personal

knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that you may NOT oppose summary judgement simply by

relying upon the allegations in your complaint. Rather, you must submit evidence, such as

witness statements or documents, countering the facts asserted by the defendants and raising

issues of fact for trial. Any witness statements, which may include your own statements, must be

in the form of affidavits. You may submit affidavits that were prepared specifically in response

to Defendant's motion for summary judgement.

Any issue of fact that you wish to raise in opposition to the motion for summary

judgement must be supported by affidavits or by other documentary evidence contradicting the

facts asserted by the Defendant. If you do not respond to the motion for summary judgement on

time with affidavits other documentary evidence contradicting the facts asserted by the

Defendant, the court may accept defendant's factual assertions as true. Judgement may then be

entered in Defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated: Forest Hills, NY
       November 17, 2005

John E. Quinn, Esq.
Renfroe & Quinn
Attorneys for Defendants
Manton, Sweeney and Reich,
118-35 Queens Boulevard, 14th Floor
Forest Hills, NY 11375
(718) 575-8552

cc:   Judith Memblatt, Esq.
      Plaintiff <u>Pro Se</u>
      98-51 65th Avenue Apt. 2M
      Rego Park, N.Y. 11374

      Madeleine S. Egelfeld, Esq.
      Attorney for Defendant Koslowitz
      125-01 Queens Blvd. Ste 311
      Kew Gardens, N.Y. 11415

      Sally E. Unger
      Kossoff Alper & Unger
      Attorneys for Defendant Koslowitz
      217 Broadway, Suite 401
      New York, NY 10007

      AAG Constantine A. Speres
      Office of the Attorney General
      Attorney for Hon. Lippman, Hon. Fisher, DeSole,
      D'Angelis, Gardner, Newsome And Higgins
      120 Broadway
      New York, N. Y. 10271-0332

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                                  ) ss:
COUNTY OF QUEENS   )

      Carol Richards, being duly sworn, deposes and says that I am over the age of eighteen years old, am not a party of the within action and reside in Queens County.

      On November 18, 2005,  I served a true an accurate copy of the within **RULE 56.2 STATEMENT TO PRO SE LITIGANT** upon:

By Fed Ex
 Judith Memblatt, Esq.
Plaintiff Pro Se
98-51 65th Avenue Apt. 2M
Rego Park, N.Y. 11374

By Mail
Madeleine S. Egelfeld, Esq.               Sally E. Unger
Attorney for Defendant Koslowitz      Kossoff Alper & Unger
125-01 Queens Blvd. Ste 311          217 Broadway, Suite 401
Kew Gardens, N.Y. 11415             New York, NY 10007
Attorneys for Defendant Koslowitz


AAG Constantine A. Speres
Office of the Attorney General
Attorney for Hon. Lippman, Hon. Fisher, DeSole,
D'Angelis, Gardner, Newsome And Higgins
120 Broadway
New York, N. Y. 10271-0332

by depositing same in a securely sealed, post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service.

                                                                _____
                                                               Carol Richards

Sworn to before me this
  day of November, 2005

_____
      Notary Public

JOHN E. QUINN
Notary Public - State of New York
NO. 02QU6064217
Qualified in Queens County
My Commission Expires

UNITED STATES DISTRICT COURT               05 CV 1021 (RJD) (LB)
EASTERN DISTRICT OF NEW YORK

JUDITH B. MEMBLATT

Plaintiff

-against-

JAMIE A. RIOS, Associates Justice, Appellate Term, Supreme Court, State of New York,
2nd and 11th Judicial Districts, STEVEN W. FICHER, Associate Justice, Appellate Division,
Supreme Court, State of New York, 2nd Department, JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of New York, LAUREN DeSOLE,
Director of the Division of Human Resources, New York State Unified Court System,
Office of Court Administration, ANTHONY D'ANGELIS, Chief Clerk Supreme Court,
State of New York, Queens County, ROBERT W. GARDNER, Major of Court Officers, Supreme
Court, State of New York, SANDRA NEWSOME, Secretary to Judge, Supreme
Court, State of New York, HEIDI HIGGINS, Secretary to Judge, Supreme Court, State of
New York, KAREN KOSLOWITZ, Deputy Borough President, County of Queens, City
of New York, THOMAS J. MANTON, GERARD J. SWEENEY and MICHAEL H. REICH,

Defendants

## RULE 56.2 STATEMENT TO PRO SE LITIGANT

**RENFROE & QUINN**
**Attorneys at Law**
**Attorneys for Plaintiff(s)**
**Office Address & Tel. No.:**
**118-35 Queens Blvd., 16th Floor**
**Forest Hills, N.Y. 11375**
**(718) 575-8552     (718) 575-8553**
**Telecopier (718) 263-9465**

TO:

Attorney(s) for

Service of a copy of the within      is hereby admitted.

Dated:

..................................
Attorney(s) for

PLEASE TAKE NOTICE
Notice of Entry

[ ]    that the within is a (certified) true copy of a    entered in the office of the clerk of the within       named Court on
Notice of Settlement

[ ]      that an order of which the within is a true copy will be settlement to the Hon.    , one     of the Judges of the within named Court, at
on    at   9:30 A.M.

**RENFROE & QUINN, ESQS.**
**ATTORNEYS FOR PLAINTIFF(S)**
**118-35 QUEENS BLVD., 14th FLOOR**
**FOREST HILLS, N.Y. 11375**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

JUDITH B. MEMBLATT,

05 CV 1021 (RJD) (LB)

Plaintiff,

**REPLY AFFIRMATION**

-against-

JAMIE A. RIOS, Associates Justice, Appellate Term, Supreme
Court, State of New York, 2nd and 11th Judicial Districts,
STEVEN W. FICHER, Associate Justice, Appellate Division,
Supreme Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative Judge of the
Courts of the State of New York, LAUREN DeSOLE,
Director of the Division of Human Resources, New York State
Unified Court System, Office of Court Administration,
ANTHONY D'ANGELIS, Chief Clerk Supreme Court, State of
New York, Queens County, ROBERT W. GARDNER,
Major of Court Officers, Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge, Supreme Court,
State of New York, HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York, KAREN KOSLOWITZ,
Deputy Borough President, County of Queens, City of New York,
THOMAS J. MANTON, GERARD J. SWEENEY and
MICHAEL H. REICH,

Defendants.

-------------------------------------------------------------------------------X

John E. Quinn, Esq., an attorney duly admitted to practice before this court affirms as

follows under penalty of perjury:

1.      I am a member of the firm of Renfroe & Quinn, attorneys for the individual private

Defendant's Thomas Manton, Gerald Sweeney and Michael Reich, and am familiar with the issues

involved herein.

2.      This affirmation is submitted in reply to the opposition submitted by Judith B. Memblatt, Esq. to our motion to dismiss her complaint against defendants Manton, Sweeney and Reich pursuant to Rule 12(b)(6).

3.      Plaintiff's opposition amounts to a desperate attempt to repackage and restate, through 89 pages of "preliminary" statement, the vague and conclusory allegations of the complaint coupled with a request the complaint be held, in plaintiff's words, to a "low standard". Unfortunately, no matter how low the standard of review is, the claims against my clients are inescapably frivolous.

4.      We will not burden the Court by repeating the arguments set forth in our original motion. Plaintiff's opposition makes no attempt to dispute or distinguish the application of the case law we cited so we will limit our reply to a brief address of the points of argument presented in the opposition.

5.      Plaintiff's first, seventh and eighth points of argument are addressed solely to the State Defendants and we will adopt and join, without repetition,  the eloquent argument of their counsel, Mr. Speres.

6.      The second and third point of plaintiff's opposition are leveled directly at me but would appear to have no bearing on the motion. We are pleased plaintiff agrees the first four claims of the complaint are not plead against my clients and saddened that,  while seeking to purloin the shelter provided a *pro se* litigant, plaintiff finds insult in being treated like one.

7.      Plaintiff's fourth point of argument misses the point. In stating only that individuals may be held liable under 42 U.S.C. §1983 when they act under color of state law, plaintiff fails to address our argument that there is no act of my clients alleged at all and no allegation of them exercising the power of the State. Instead, plaintiff alleges that somehow my clients imbued the State actors with some nebulous power they held. The allegation of plaintiff here is that the State employees

acted under color of privately held law/power. This is not a cognizable claim. The proof that Plaintiff has missed the point is borne out in the failure of the opposition to address this argument or the case law we cited.

8.      In the fifth point of argument it appears that plaintiff attempts to say (in some "super-string" theory of logic) that because Defendant Reich gave her a positive recommendation for the job as Judge Rios' law clerk, in September 1994, he and Co-Defendants Manton and Sweeney must have engaged in a conspiracy to have her fired ten (10) years later by Judge Rios on May 5, 2004. However, plaintiff fails to allege any detail to show an agreement or meeting of minds to fire her between her employers and these private individuals and fails to allege any act done in furtherance of that goal on the part of Defendants Manton, Sweeney or Reich. [1] There is no attempt to allege any racial or religious motivation on the part of my clients and not one single detail alleged to show there was a conspiracy at all. It is well settled that such vague, conclusory or general allegations of conspiracy without any alleged instances of misconduct are insufficient and properly dismissed. See Ciambriello v. County of Nassau, 292 F. 3d 307 (2d Cir 1999).

9.      In point six of the opposition plaintiff "argues" against dismissing the sixth and seventh causes of action against defendants Manton, Sweeney and Reich by not making a single mention of my clients. We are compelled to reply that this odd tactic of plaintiff proves our point that plaintiff has failed to plead a claim against Defendants Manton, Sweeney or Reich and so amounts to a concession, if unwittingly, that these claims cannot be sustained.

10.     Last, and maybe least, plaintiff again counters our argument that there has been no

---

[1] The only "act" plaintiff ever claims defendants Manton, Sweeney and Reich participated in was causing her to be "dropped" from the nominating petition for judicial delegates in September 1998. Even if this were true it occurred seven (7) years before this action was started and so is barred by all applicable statutes of limitations. Of course, it would also be irrelevant to her wrongful termination claim.

allegation of any defamatory statement uttered or written ever by any of my clients with an "argument" that does not mention them. Apparently, plaintiff has chosen to no longer risk the credibility of her defamation claim by avoiding any discussion of my clients in the argument. Unfortunately, the lure of credibility is not strong enough for plaintiff to discontinue these frivolous claims.

11.     The final point we wish to raise concerns the continuing expense my clients are forced to incur as a result of these obviously frivolous claims against them. We all know plaintiff is a *pro se* litigant only in the sense she has herself as a client. Plaintiff is an attorney with numerous years of experience assisting the court in rendering and crafting decisions. Plaintiff is so proud of her grasp of the law that she cites in the complaint an incident where her judge rewrote a decision she authored as an example of a hostile work environment.  If plaintiff brought this suit on behalf of a client other than herself there would be no question we would be entitled to sanctions, costs and attorneys fees.  Attorney Memblatt should not be allowed to violate professional ethic, and it is unethical to pursue frivolous actions, simply because she is an attorney who has herself as a client.

**WHEREFORE,** it is respectfully requested that this Court dismiss the complaint in its entirety and award costs, fees and disbursements to Defendants against the plaintiff.

Dated: Forest Hills, NY
        January 11, 2006

John E. Quinn, Esq.
Renfroe & Quinn
Attorneys for Defendants
Manton, Sweeney and Reich,
118-35 Queens Boulevard, 14th Floor
Forest Hills, NY 11375
(718) 575-8552

To:     Judith Memblatt, Esq.
        Plaintiff Pro Se
        98-51 65th Avenue Apt. 2M
        Rego Park, N.Y. 11374

Madeleine S. Egelfeld, Esq.
Attorney for Defendant Koslowitz
125-01 Queens Blvd. Ste 311
Kew Gardens, N.Y. 11415

Sally E. Unger
Kossoff Alper & Unger
Attorneys for Defendant Koslowitz
217 Broadway, Suite 401
New York, NY 10007

AAG Constantine A. Speres
Office of the Attorney General
Attorney for Hon. Lippman, Hon. Fisher, DeSole,
D'Angelis, Gardner, Newsome And Higgins
120 Broadway
New York, N. Y. 10271-0332

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                          ) ss:

COUNTY OF QUEENS    )


     Carol Richards, being duly sworn, deposes and says that I am over the age of eighteen years old, am not a party of the within action and reside in Queens County.

     On January 11, 2006,  I served a true an accurate copy of the within **REPLY AFFIRMATION** upon:

     By Fed Ex
     Judith Memblatt, Esq.
     Plaintiff Pro Se
     98-51 65th Avenue Apt. 2M
     Rego Park, N.Y. 11374

     By Mail
     Madeleine S. Egelfeld, Esq.                Sally E. Unger
     Attorney for Defendant Koslowitz     Kossoff Alper & Unger
     125-01 Queens Blvd. Ste 311           217 Broadway, Suite 401
     Kew Gardens, N.Y. 11415              New York, NY 10007
     Attorneys for Defendant Koslowitz

     AAG Constantine A. Speres
     Office of the Attorney General
     Attorney for Hon. Lippman, Hon. Fisher, DeSole,
     D'Angelis, Gardner, Newsome And Higgins
     120 Broadway
     New York, N. Y. 10271-0332

by depositing same in a securely sealed, post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. **Postal Service.**

                                          Carol Richards

Sworn to before me this
     day of January 2006

Notary Public
Notary Public, State of New York
NO. 01QU60__917
Qualified in Queens County
My Commission Expires 9/24/05

UNITED STATES DISTRICT COURT                                    05 CV 1021 (RJD) (LB)
EASTERN DISTRICT OF NEW YORK

JUDITH B. MEMBLATT

Plaintiff

-against-

JAMIE A. RIOS, Associates Justice, Appellate Term, Supreme Court, State of New York,
2nd and 11th Judicial Districts, STEVEN W. FICHER, Associate Justice, Appellate Division,
Supreme Court, State of New York, 2nd Department, JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of New York, LAUREN DeSOLE,
Director of the Division of Human Resources, New York State Unified Court System,
Office of Court Administration, ANTHONY D'ANGELIS, Chief Clerk Supreme Court,
State of New York, Queens County, ROBERT W. GARDNER, Major of Court Officers, Supreme
Court, State of New York, SANDRA NEWSOME, Secretary to Judge, Supreme
Court, State of New York, HEIDI HIGGINS, Secretary to Judge, Supreme Court, State of
New York, KAREN KOSLOWITZ, Deputy Borough President, County of Queens, City
of New York, THOMAS J. MANTON, GERARD J. SWEENEY and MICHAEL H. REICH,

Defendants

# REPLY AFFIRMATION

**RENFROE & QUINN**
**Attorneys at Law**
**Attorneys for Plaintiff(s)**
**Office Address & Tel. No.:**
**118-35 Queens Blvd., 14th Floor**
**Forest Hills, N.Y. 11375**
**(718) 575-8552      (718) 575-8553**
**Telecopier (718) 263-9465**

TO:

Attorney(s) for

Service of a copy of the within          is hereby admitted.

Dated:

....................................
Attorney(s) for

PLEASE TAKE

NOTICE
Notice of Entry

[ ]              that the within is a (certified) true copy of a      entered in the office of the clerk of the within              named Court on
Notice of Settlement

[ ]              that an order of which the within is a true copy will be settlement to the Hon.        , one        of the Judges of the within
named Court, at              on        at 9:30A.M.

**RENFROE & QUINN, ESQS.**
**ATTORNEYS FOR PLAINTIFF(S)**
**118-35 QUEENS BLVD., 14th FLOOR**
**FOREST HILLS, N.Y. 11375**