UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUDITH B. MEMBLATT,

                    Plaintiff,                    **ORDER**

      -against-                              05 CV 1021 (RJD) (LB)

JAIME A. RIOS, Associate Justice, Appellate Term,
Supreme Court, State of New York, 2nd and 11th
Judicial Districts, STEVEN W. FISHER, Associate
Justice, Appellate Division, Supreme Court, State of
New York, 2nd Department, JONATHAN LIPPMAN,
Chief Administrative Judge of the Courts of the State
New York, LAUREN DeSOLE, Director of the
Division of Human Resources, New York State
Unified Court System, Office of Court Administration,
ANTHONY D'ANGELIS, Chief Clerk, Supreme
Court, State of New York, Queens County,
ROBERT W. GARDNER, Major of Court Officers,
Supreme Court, State of New York, SANDRA
NEWSOME, Secretary to Judge, Supreme Court,
State of New York, HEIDI HIGGINS, Secretary to
Judge, Supreme Court, State of New York,
KAREN KOSLOWITZ, Deputy Borough President,
County of Queens, City of New York,
THOMAS J. MANTON, GERARD J. SWEENEY and
MICHAEL H. REICH,

                    Defendants.
----------------------------------------------------------------X
DEARIE, District Judge.

      Pro se plaintiff, an attorney and former employee of the New York state court system, alleges that defendants violated her rights under 42 U.S.C. § 1983, the New York Constitution, and New York state law in connection with her employment and eventual termination as the principal law clerk to defendant Rios. Defendants, employees of the state court system and private individuals active in Queens Democratic politics, now move to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants' motions

are granted in part and denied in part.

Plaintiff alleges that non-state defendants Manton, Sweeney, Reich, and Koslowitz violated her rights under 42 U.S.C. § 1983 and under New York law.

To state a claim under § 1983, a plaintiff must allege that she was injured by either a state actor or a private party acting under color of state law. Here plaintiff asserts that non-state defendants acted under color of state law by conspiring with state defendants. In order to survive a motion to dismiss on a § 1983 conspiracy claim, a plaintiff must allege: 1) an agreement between a state actor and a private party; 2) to act in concert to inflict an unconstitutional injury; and 3) an overt act done in furtherance of that goal causing damages. Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). "'[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of [her] constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.'" Id. at 325 (quoting Dwares v. New York, 985 F.2d 94, 100 (2d Cir. 1993)). Further, the Second Circuit has stated that a plaintiff "should make an effort to provide some details of time and place and the alleged effect of the conspiracy." Dwares, 985 F.2d at 100 (citation and quotation omitted).

Despite a complaint of 154 pages and an affidavit in opposition of 132 pages, plaintiff's allegations of conspiracy are strictly conclusory. Plaintiff alleges that non-state defendants were in a "symbiotic relationship" with state defendants and that "[i]n light of [this relationship] . . . it is clear that they were active participants in plaintiff's termination, as well as in the adverse employment actions taken against her prior to her discharge." Compl. ¶ 207. She also alleges that state defendant Higgins—the daughter of non-state defendant Koslowitz and a secretary in

2

the courthouse—"relayed messages back and forth" between state and non-state defendants. Id. Even drawing all inferences in plaintiff's favor, these allegations fail to specify in any detail acts of misconduct taken by defendants and are plainly insufficient to state a claim of conspiracy. Nor has plaintiff sufficiently alleged that non-state defendants were otherwise acting under color of state law. Plaintiff's § 1983 claims against non-state defendants are therefore dismissed.

Plaintiff's claims against Manton, Sweeney, Reich, and Koslowitz under New York discrimination and defamation law and the New York Constitution are similarly vague and conclusory. These allegations fail to give "'the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'" and thus do not satisfy even the liberal notice-pleading standard of Federal Rule of Civil Procedure 8(a). Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Kirch v. Liberty Media Corp., 449 F.3d 388, 398 (2d Cir. 2006) (noting that "'[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss'" (quoting Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002))). Moreover, having dismissed plaintiff's federal claims against non-state defendants, the Court declines to exercise supplemental jurisdiction over plaintiff's pendant state claims against these defendants. See 28 U.S.C. § 1367(c)(3).

Non-state defendants Manton, Sweeney, Reich, and Koslowitz are thus dismissed from the case.

Plaintiff's allegations concerning state defendants Lippman and Fisher are also highly attenuated and speculative. She contends, for example, that Lippman and Fisher "sanctioned" the unlawful actions of other state defendants and that Fisher "clearly was aware" of the actions

3

of defendant Rios and "provided additional resources to aid in that unlawful conduct." Compl. ¶¶ 168-69. Drawing all inferences in plaintiff's favor, these vague and scattered references to Lippman and Fisher likewise fail to give defendants fair notice of the claims being brought against them. State defendants Lippman and Fisher are also dismissed from the case.

Plaintiff may proceed with her claims against remaining defendants Rios, Newsome, DeSole, D'Angelis, Gardner, and Higgins. Going forward, plaintiff is reminded to adhere to the page limitations in this Court's filing requirements and to avoid *ad hominem* attacks in all future communications with defense counsel and the Court.

SO ORDERED.
Dated: Brooklyn, New York
       November 14, 2006               s/ Judge Raymond J. Dearie

                                       _____
                                       RAYMOND J. DEARIE
                                       United States District Judge