UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JUDITH B. MEMBLATT,

                                                      05 CV 1021 (RJD) (LB)

                       Plaintiff,      Pro Se

-against-


JAIME A. RIOS, et al.,

                     Defendants.
-------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS

Submitted by:
JUDITH B. MEMBLATT
Plaintiff Pro Se
98-51 65th Avenue #2A
Rego Park, NY 11374

## Procedural Background

This action was commenced by service of a summons and complaint dated February 24, 2005.

The private defendants (Manton, Sweeney, Reich and Koslowitz) were served in March 2005; the state defendants (Fisher, Lippman, Rios, DeSole, D'Angelis, Gardner, Higgins and Newsome) were served in April 2005.

The private defendants named in the complaint are the political bosses who have controlled the state courts in Queens. The state defendants are state court judges, officials and employees. Those state defendants include the daughter of defendant Karen Koslowitz, a former Democratic Party District Leader who is extremely influential in the politics-courts nexus in Queens.

This matter initially was assigned to Judge Sandra L. Townes. By a Notification issued on March 22, 2005, plaintiff was informed that the matter had been reassigned to this Court. That Notification was silent as to the reason that Judge Townes would not be presiding over the action.

By an order dated and filed on May 20, 2005, this Court took the highly unusual step of referring this action to Mediation before any defendant had responded to the complaint. The Mediation was unsuccessful.

Lengthy adjournments were granted to defendants to respond to the complaint despite plaintiff's objections that, inasmuch as plaintiff was facing economic hardship due to her wrongful termination from employment at the hands of defendants, the duration of such extensions of time would unduly prejudice her. Ultimately, by the order of Magistrate Judge Lois Bloom dated November 17, 2005, defendants were granted until November 21, 2005 to file Rule 12(b)(6) motions for dismissal of the complaint.

The 12(b)(6) motions were fully submitted to the Court on or about January 12,

2006.

By an order dated July 12, 2006, the Court set this matter down for an oral argument to be heard on August 17, 2006. That order did not state that the oral argument would be limited to any specific defendants, claims or issues. It did invite "counsel" to telephone Ms. Ellen Mulqueen in chambers if they had "any questions." That invitation was not extended to plaintiff. As a *pro se* litigant, who is not admitted to practice before this Court, plaintiff is not permitted to telephone chambers unless specifically directed to do so by the Court.

Due to the death of defendant Manton, the oral argument was adjourned on consent to October 26, 2006 at the request of his counsel.

Together with the order rescheduling the oral argument, plaintiff received a docket sheet from the Clerk of the Court. The August 14, 2006 entry thereon reads as follows:

> Motions terminated: <u>41</u> MOTION to Dismiss *the Complaint* filed by Anthony D'Angelis, Jonathan Lippman, Steven W. Fisher, Jaime A Rios, Lauren DeSole, Robert W. Gardner, Sandra Newsome, Heidi Higggins; <u>44</u> MOTION to Dismiss filed by Karen Koslowitz. \*\*For docketing purposes, the Court will rule on these motions at the same time as defendants Thomas J. Manton, Gerard J. Sweeney, Michael H. Reich's motion to dismiss, filed as document #40.\*\* (Chee, Alvin)(Entered: 08/14/2006)

At the oral argument held on October 26, 2006, the Court did not reveal that it had already decided any of the pending motions. Holding the complaint high in the air, the Court proclaimed that it could "haunt" plaintiff. In its questions, the Court seemed to imply that plaintiff should not have been surprised by the loss of her employment as a principal law clerk inasmuch as she had campaigned for a person disliked by the private

2

defendants and had ceased attending the fund-raisers held by the political organization that they controlled. In so doing, the Court appeared to demonstrate the sufficiency of the notice provided by the political retaliation claims raised in the complaint. There is nothing vague or conclusory about such claims. They demonstrate that defendant Rios ceded his decision-making authority over plaintiff's employment to the private defendants in return for their continued political support of him, and, that they and the other defendants entered into a meeting of the minds to retaliate against plaintiff through the termination of her employment (after the orchestration of a pretext for said termination) for the unlawful purposes set forth therein. The complaint describes the time period during which the defendants communicated with each other in furtherance of that agreement, and, alleges that plaintiff not only was terminated as a result of that agreement, but that she also was subjected to unconstitutional limitations on her right to access the public areas of the courthouse in Jamaica. Such restrictions were not even applied to convicted felons out on bail.

At the oral argument, plaintiff attempted to raise the painfully obvious point that the attorneys for the defendants are well aware of the realities of the politics-court nexus and yet have made statements to the Court in which they feign innocence of the situation. The Court showed no interest in the fact that the attorneys for the defendants were making representations to the Court which they - based upon their own personal knowledge - knew to be inaccurate. The Court barred plaintiff from raising the issue.

Although, at oral argument, the Court did not issue any determinations on the defendants' motions, it took the highly unusual step of announcing that a trial date already had been selected and that there would be no discussion of that matter - the date was set in stone. Further, the Court announced that the case would be put on a "fast track" and that plaintiff would be "very busy." The Court did not explain why the

3

date selected for trial was picked, or, why no deviation from it would be permitted. Similarly, the Court did not explain why, after defendants had been allowed such a lengthy period of time to respond to the complaint, and the decisions on their motions still had not been issued, it had suddenly become urgent that the action be placed on such a fast track that plaintiff's due process rights would be adversely affected. The June 18, 2007 trial date selected by the Court obviously is insufficient for the extensive discovery that is necessary in order for plaintiff to have a full and fair opportunity to litigate her claims.

It also is noted that, during the course of the oral argument, the Court even berated plaintiff for submitting opposition papers that exceeded limits in length included in the Court's Rules which were inapplicable at the time plaintiff responded jointly to the motions filed by the twelve defendants named in the complaint.

Further, although plaintiff's motion to amend the complaint to substitute the estate of defendant Manton for him as a defendant herein was granted on consent at the oral argument, the Court repeatedly refused his counsel's offer to provide information about the estate. Plaintiff has never been provided with a copy of any written order granting her motion.

On November 20, 2006, the Court's order determining the 12(b)(6) motions was filed. The claims against the private defendants and defendants Lippman and Fisher were dismissed. The motions to dismiss the claims against defendants Rios, D'Angels, DeSole, Gardner, Higgins and Newsome were denied. The order did not address whether plaintiff would have leave to amend the complaint as to the dismissed claims.

### Argument

Based upon the foregoing, it seems evident that this action has been treated in

a highly unusual manner by the Court throughout these proceedings. Unfortunately, inasmuch as no other rationale has been provided for this selective treatment, it seems that the only explanation is that favorable treatment is being accorded to certain defendants based upon the political power wielded (and titles held by) them. Accordingly, the instant application for recusal should be granted.

In *Lopez-Torres v. N.Y. State Board of Elections*, 462 F.3d 161, the Second Circuit recently affirmed the 77-page order of Judge John Gleeson, reported at 411 F. Supp.2d 212 (E.D.N.Y. 2006), granting a preliminary injunction based upon his finding of a clear likelihood that the state's process for nominating candidates for the state Supreme Court violates the First Amendment rights of the judicial candidates and others who commenced that 42 U.S.C. § 1983 action. Both the Second Circuit's decision and the order of Judge Gleeson contain very graphic descriptions of the state judicial system and the fact that there is at least a tacit understanding that the local political leaders in each county will be the de *facto* decision-makers regarding the hiring and firing of law clerks by state judges.

The lead plaintiff in that action is Judge Margarita Lopez-Torres, who, as shown in the opinions issued by the Second Circuit and Judge Gleeson, lost the support of the local political leaders in Kings County precisely because she refused to obey their orders as to whom to hire and fire as her law clerk. Those local political leaders told Judge Lopez-Torres that her failure to allow them to control her decisions regarding the hiring and firing of her law clerks was a serious breach of protocol. They were so angered by her refusal to allow them to decide whom she would hire and fire as her law clerks that a decade later they tried to end her judicial career by giving her a primary when she stood for re-election to the Civil Court. Subsequently, when she attempted to

5

run for state Supreme Court, they excluded her from participation in the judicial conventions that they controlled.

The civil conspiracy claims raised in the complaint in the instant action represent the flip side of the equation – the law clerk who was fired by a judge who, to ensure that he would continue to enjoy the support of his local political leaders, complied with the tacit agreement he had with them that they would decide who he would hire and fire as his law clerk and when he would do so. The complaint alleges that, in so doing, defendant Rios surrendered his decision-making authority over plaintiff's employment to such an extent that those local political leaders – the private defendants in this action - were acting jointly with him, under color of state law, in connection with a number of the unlawful acts detailed in the complaint, including plaintiff's discharge from a job that they controlled. The fact that the private defendants were not plaintiff's employers does not shield them from liability. They may be held liable upon the basis that they were instrumental in the decision to terminate plaintiff and in the related unlawful acts set forth in the complaint. See: *Dennis v. Sparks,* 449 U.S. 24 (1980). Whether judged under the notice pleading standard or under a heightened pleading standard, the complaint sufficiently raises the claims that the private defendants are liable upon that basis. Accordingly, this motion for leave for renewal, re argument or reconsideration of the dismissal of the claims against said defendants should be granted and, upon the granting of such leave, the 12(b)(6) motions of the private defendants should be denied. In the event that such relief is denied, plaintiff should be granted leave to amend the complaint inasmuch as she has viable claims against said defendants.

The complaint clearly alleges that defendant Lippman assigned defendant DeSole to engage in the unconstitutional actions she undertook against plaintiff, and, that defendant Fisher assigned defendant D'Angelis to engage in the unconstitutional actions that he undertook against plaintiff. Inasmuch as the Court has upheld the complaint with respect to the

claims against defendants DeSole and D'Angelis, it is clear that the claims against defendants Fisher and Lippman also must be upheld. *Williams v. Smith,* 781 F.2d 319 (2d Cir. 1986).

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the instant applications should be granted, and, that the Court should grant to plaintiff such other and further relief as it deems just and proper.

Dated: Queens, New York
November 26, 2006

By: *[signature]*

JUDITH B. MEMBLATT
Plaintiff Pro Se
98-51 65th Avenue #2A
Rego Park, NY 11374

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JUDITH B. MEMBLATT,

                                  Plaintiff,

                                  **Affidavit of Service**
                                  **05 CV 1021 (RJD) (LB)**

            -against-

                                  Pro Se

JAIME A. RIOS, et al.,

                                  Defendants.
----------------------------------------------------------------x

       I, Judith B. Memblatt, the plaintiff herein, declare under penalty of perjury that on November 26, 2006, I served the within Notice of Motion and Memorandum of Law upon defendants Gerard J. Sweeney, Michael H. Reich and Estate of Thomas J. Manton, by depositing a true copy thereof for each said defendant enclosed in a sealed post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within this State, addressed to the attorney for said defendants at the office address of said attorney as follows:

John E. Quinn, Esq.
Renfroe & Quinn
118-35 Queens Blvd.
14th Floor
Forest Hills, NY 11375

RECEIVED
NOV 3 0 2006
PRO SE OFFICE

       I additionally declare under penalty of perjury that on November 26, 2006, I served the within Notice of Motion and Memorandum of Law upon defendant Karen Koslowitz by depositing a true copy thereof enclosed in a sealed post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within this State, addressed to the attorney for said defendant at the office address of said attorney as follows:

Madaleine S. Egelfeld, Esq.
125-10 Queens Blvd.
Suite 311
Kew Gardens, NY 11415

       I further declare under penalty of perjury that on November 26, 2006, I served the within Notice of Motion and Memorandum of Law upon defendants Jaime A. Rios, Steven W. Fisher, Jonathan Lippman, Lauren DeSole, Anthony D'Angelis, Robert W. Garner, Sandra Newsome and Heidi Higgins by depositing a true copy thereof for each said defendant enclosed in a sealed post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within this State,

addressed to the attorney for said defendants at the office address of said attorney as follows:

Constantine A. Speres
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York, NY 10271

*[signature]*
JUDITH B. MEMBLATT
Plaintiff Pro Se
98-51 65th Avenue #2A
Rego Park, NY 11374

Sworn to before me this
26 day of November 2006

*[signature]*
Notary Public

LUBA GORSKY
Notary Public, State of New York
No. 01GO6133647
Qualified in Queens County
Commission Expires September 19, 20 09

2