```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JUDITH B. MEMBLATT,
                        Plaintiff,
                                                05-CV-1021
        -against-                               (RJD)(LB)

JAIME A. RIOS, Associate Jusitce,
Appellate Term, Supreme Court, State
of New York, 2nd and 11th Judicial
Districts, STEVEN W. FISHER, Associate
Justice, Appellate Division, Supreme
Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of
New York, LAUREN DeSOLE, Director of
the Division of Human Resources, New
York State Unified Court System, Office
of Court Administration, ANTHONY
D'ANGELIS, Chief Clerk, Supreme Court
State of New York, Queens County,
ROBERT W. GARDNER,  Major of Officers,
Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge,
Supreme Court, State of New York,
HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York,
KAREN KOSLOWITZ, Deputy Borough
President, County of Queens, City of
New York, THOMAS J. MANTON, GERARD
J. SWEENEY and MICHAEL H. REICH,

                        Defendants.
------------------------------------------X
```

**STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR CROSS-MOTION FOR RECONSIDERATION PURSUANT TO RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL CIVIL RULE 6.3**

ELIOT SPITZER
Attorney General of the
 State of New York
<u>Attorney for State defendants</u>
120 Broadway
New York, New York 10271
(212) 416-8567

CONSTANTINE A. SPERES
Assistant Attorney General
 <u>of Counsel</u>

**TABLE OF CONTENTS**

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT  -   RECONSIDERATION SHOULD BE GRANTED BECAUSE THE
              COURT OVERLOOKED MATTERS WHICH IF CONSIDERED
              WOULD ALTER THE COURT'S NOVEMBER 14, 2006
              ORDER . . . . . . . . . . . . . . . . . . . . . . 3

A.   Reconsideration Standards . . . . . . . . . . . . . . . . . 3

B.   Plaintiff's Political Termination Claim . . . . . . . . . 4

C.   Plaintiff's First Amendment Retaliation
     Claim . . . . . . . . . . . . . . . . . . . . . . . . . . 5

D.   Defendants Higgins and Gardner . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**Cases**                                                                  **Page**

Adams v. United States,
      686 F. Supp. 417 (S.D.N.Y. 1988)  . . . . . . . . . . .  3, 4

Clark County School District v. Breeden,
      532 U.S. 268 (2001) . . . . . . . . . . . . . . . . . .  7

Garcetti v. Ceballos,
      __ U.S. __, 126 S. Ct. 1951 (2006) . . . . . . . . . .  3, 8

Gilligan v. Town of Moreau, 00-7109, 2000 U.S. App. LEXIS 27198
      (2d Cir. Oct. 25, 2000) . . . . . . . . . . . . . . . .  7

In re Houbigant, Inc.,
      914 F. Supp. 997 (S.D.N.Y. 1996) . . . . . . . . . . . .  3

Morris v. Lindau,
      196 F.3d 102 (2d Cir. 1999) . . . . . . . . . . . . . .  7

People v. Johnson,
      13 Misc. 3d 1229A, 2006 N.Y. Misc. LEXIS 3102 (Sup. Ct.
      Queens Co. 2006) . . . . . . . . . . . . . . . . . . .  2, 6

Range Road Music, Inc. v. Music Sales Corp.,
      90 F. Supp. 2d 390 (S.D.N.Y. 2000) . . . . . . . . . . .  4

Stover v. Martinez,
      382 F.3d 1064 (10th Cir. 2004) . . . . . . . . . . . . .  7

Tiltti v. Weise,
      155 F.3d 596 (2d Cir. 1998) . . . . . . . . . . . . . .  6

Valencia v. Lee,
      316 F.3d 299 (2d Cir. 2003) . . . . . . . . . . . . . .  10

Weissman v. Fruchtman,
      124 F.R.D. 559 (S.D.N.Y. 1989) . . . . . . . . . . . . .  4

White Plains Towing Corp., v. Patterson,
      991 F.2d 1049 (2d Cir. 1993) . . . . . . . . . . . . . .  8

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JUDITH B. MEMBLATT,

                    Plaintiff,
                                              05-CV-1021
        -against-                             (RJD)(LB)


JAIME A. RIOS, Associate Jusitce,
Appellate Term, Supreme Court, State
of New York, 2nd and 11th Judicial
Districts, STEVEN W. FISHER, Associate
Justice, Appellate Division, Supreme
Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of
New York, LAUREN DeSOLE, Director of
the Division of Human Resources, New
York State Unified Court System, Office
of Court Administration, ANTHONY
D'ANGELIS, Chief Clerk, Supreme Court
State of New York, Queens County,
ROBERT W. GARDNER,  Major of Officers,
Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge,
Supreme Court, State of New York,
HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York,
KAREN KOSLOWITZ, Deputy Borough
President, County of Queens, City of
New York, THOMAS J. MANTON, GERARD
J. SWEENEY and MICHAEL H. REICH,

                    Defendants.
------------------------------------------X
```

**STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR CROSS-MOTION FOR RECONSIDERATION PURSUANT TO RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL CIVIL RULE 6.3**

<u>Preliminary Statement</u>

This memorandum of law is submitted on behalf of the Honorable Jaime A. Rios, Lauren DeSole, Anthony D'Angelis, Robert

W. Gardner, Sandra Newsome and Heidi Higgins (collectively "State Defendants") in support of their cross-motion pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Fed R. Civ. P.") and Local Civil Rule 6.3 for reconsideration, or in the alternative, clarification of this Court's November 14, 2006 Order.

By Order, dated November 14, 2006 and docketed November 20, 2006, the Court, with the exception of dismissing the Honorable Jonathan Lippman, Chief Administrative Judge of the Courts of the State of New York and the Honorable Steven W. Fisher, Justice of the New York State Supreme Court, Appellate Division, Second Department, denied State Defendants' motion to dismiss the complaint pursuant to Rule 12 (b) (1) and (6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The November 14, 2006 Order did not, however, identify which if any of plaintiff's claims were dismissed by the Court.[1]

The Court, however, should have dismissed plaintiff's political retaliation claim (the Fifth Claim) because of the import of the dismissal of the non-State defendants from this action, and plaintiff's First Amendment claims (the Sixth and Seventh Claims) because of the timing of plaintiff's speech, highlighted in the

---

[1] Because plaintiff's complaint alleges ten separate causes of action, determining which claims survived the motion would provide the parties a guideline for discovery.

2

decision of the Honorable Matthew D'Emic in <u>People v. Johnson</u>[2], the type of speech and the United States Supreme Court's decision in <u>Garcetti v. Ceballos</u>, \_\_ U.S. \_\_, 126 S. Ct. 1951 (2006) on plaintiff's First Amendment retaliation claim.

### Statement of Facts

This Court is respectfully referred to State Defendants' previously submitted Memorandum of Law, dated November 21, 2005, and Reply Memorandum of Law, dated January 11, 2006, submitted in support of their motion to dismiss for a complete statement of the facts.

### Argument

**RECONSIDERATION SHOULD BE GRANTED BECAUSE THE COURT OVERLOOKED MATTERS WHICH IF CONSIDERED WOULD ALTER THE COURT'S NOVEMBER 14, 2006 ORDER**

**A.    Reconsideration Standards**

An application for reconsideration is governed by Fed. R. Civ. P. Rule 59 and Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  While a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved," <u>In re Houbigant, Inc.</u>, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996), reconsideration is appropriate

---

[2]A copy of the decision was provided to the Court on October 26, 2006 during oral argument.

when, as here, the court overlooks "'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." Adams v. United States, 686 F. Supp. 417, 418, (S.D.N.Y. 1988). See also Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp.2d 390, 391-92 (S.D.N.Y. 2000); Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

**B.   Plaintiff's Political Termination Claim**

According to her complaint, plaintiff claims that Justice Rios and the remaining State defendants conspired with the non-State defendants to terminate plaintiff for reasons of political retribution. See Complaint ¶¶ 248-250. Specifically, plaintiff claims that Justice Rios "retaliate[d] against plaintiff for the political purposes detailed herein at the behest of defendants Manton, Sweeney, Reich and Koslowitz." See Complaint, ¶ 166. Presumably those political purposes include, among others, Michael Cohen's belief that plaintiff failed to properly support his 1994 campaign for the New York State Assembly (Complaint ¶ 35); and plaintiff's decision to assist Melinda Katz in her 1998 United States Congressional campaign (Complaint ¶ 70).

In dismissing the non-State defendants from this action, the Court found that plaintiff's allegations that the "non-state defendants were in a 'symbiotic relationship' with state defendants and that '[i]n light of [this relationship] . . . it is clear that they were active participants in plaintiff's termination . . ."

4

were strictly conclusory and could not support her claim of conspiracy. See Order at 2-3.

Because plaintiff's political termination claim is contingent upon the political purposes of the dismissed non-state defendants, this claim must be dismissed as a result of the Court's finding that plaintiff's allegations do not support a conspiracy claim. The Court's decision overlooks this essential connection of the two claims. In addition, as State defendants demonstrated in their motion to dismiss, political affiliation is a permissible employment criterion for certain positions including that of plaintiff. See State defendants' Memorandum at 19-22; State defendants' Reply Memorandum at 10-11. Accordingly, plaintiff's political termination claim must be dismissed.

## C. Plaintiff's First Amendment Retaliation Claim

According to her complaint, plaintiff claims that defendants violated her rights "by singling her out and retaliating against her for her oral complaints that she made regarding the discrimination to which she was subjected by defendants Rios and Newsome, and, for her attempts to raise such complaints with defendants DeSole and D'Angelis" (Complaint ¶ 252) and "for the oral statements that she made regarding defendant Rios' commission of judicial misconduct, her intent to commence litigation against defendants, the complaints that she with the Commission on Judicial Conduct . . .." See Complaint ¶ 255.

5

These instances of alleged speech can be separated in two categories: (1) complaints concern her working conditions - i.e., "regarding the discrimination to which she was subjected by defendants Rios and Newsome"; and (2) complaints alleging judicial misconduct - i.e., plaintiff's complaint to the Commission on Judicial Conduct.

It is well settled in this Circuit that expressing dissatisfaction with working conditions is simply not speech on matters of public concern. Tiltti v. Weise, 155 F.3d 596, 603 (2d Cir. 1998). Therefore, these complaints are not ones of public concern and, as such, do not establish a violation of plaintiff's First Amendment rights by Justice Rios. For this same reason, these claims cannot be relied upon to support a retaliation claim against defendants DeSole and/or D'Angelis (Complaint ¶ 252).

With the exception of plaintiff's alleged complaint that Justice Rios engaged in inappropriate conduct with ADA Lutsky in or about late 1996 which plaintiff denied making, plaintiff failed to allege any alleged judicial misconduct until after she was terminated. As Justice D'Emic noted in his October 26, 2006 Decision and Order in People v. Johnson, 13 Misc. 3d 1229A, 2006 N.Y. Misc. LEXIS 3102, *10-11 (Sup. Ct. Queens Co. 2006), Ms. Memblatt "first gave light to these alleged improprieties on April 29, 2004, ten days after she was fired by Justice Rios, while a man sat in jail. Consequently, her complaint appears more a case of

6

seeking vengeance than seeking justice."

The Court overlooked State defendants' argument that plaintiff's post-termination complaints to the Commission on Judicial Conduct cannot be relied upon by plaintiff to establish a First Amendment retaliation claim, as they clearly occurred after Justice Rios terminated plaintiff's employment. See Gilligan v. Town of Moreau, 00-7109, 2000 U.S. App. LEXIS 27198, at *6 (2d Cir. Oct. 25, 2000) (noting that "[t]o show a causal connection between the protected activity and the retaliatory discharge, there must be sufficient evidence to support an inference that the protected speech was a substantial motivating factor in the adverse employment action," and consequently rejecting First Amendment retaliation claim because the defendants were unaware of the protected speech before terminating plaintiff).

Additionally, the decision overlooked the fact that plaintiff's alleged complaint in June 1998 of inappropriate conduct between Justice Rios and ADA Lutsky, six years before she was terminated in April 2004, cannot be relied upon support plaintiff's retaliation claim. Clearly, the length of time between the alleged complaint and the retaliation is too great to support an inference of causation between the two. See e.g. Clark County School Dist. v. Breeden, 532 U.S. 268, 273-74 (2001); Morris v. Lindau, 196 F.3d 102, 113 (2d Cir. 1999); Stover v. Martinez, 382 F.3d 1064, 1074 (10th Cir. 2004). Moreover, such speech is clearly a product of

7

plaintiff's position as law secretary and not as a private citizen and as the Supreme Court has held, "[r]estricting speech that owes its existence to a public employee's professional responsibility does not infringe any liberties the employee might have enjoyed as a private citizen." Garcetti v. Ceballos, __ U.S. __, 126 S. Ct. 1951, 1960 (2006).

Finally, plaintiff's threat to initiate litigation does not support a violation of her First Amendment Rights. See White Plains Towing Corp., v. Patterson, 991 F.2d 1049, 1059 (2d Cir. 1993) ("Even as to an issue that could arguably be viewed as a matter of public concern, if the employee has raised the issue solely in order to further his own employment interest, his First Amendment right to comment on that issue is entitled to little weight."). Accordingly, plaintiff's First Amendment retaliation claim must be dismissed.

**D.    Defendants Higgins and Gardner**

The decision overlooks that fact that defendants Higgins and Gardner are entitled to dismissal from this action.

As the Court described in the November 14, 2006 Order plaintiff claimed "that state defendant Higgins - the daughter of non-state defendant Koslowitz and a secretary in the courthouse - 'relayed messages back and forth' between state and non-state defendants. [Complaint ¶ 207]. Even drawing all inferences in plaintiff's favor, these allegations fail to specify in detail acts

8

of misconduct taken by defendants . . .." See Order at 2-3. Because plaintiff's claims against defendant Higgins for alleged violations of her federal rights are contingent upon the conspiracy with the dismissed non-state defendants, defendant Higgins is entitled to dismissal from this action.

      Plaintiff's only other claim against defendant Higgins is presumably for defamation as defendant Higgins, after May 1998, began characterizing plaintiff as "disloyal" in numerous statements made to Supreme Court justices and employees of the UCS in Queens, (Complaint ¶ 71), which is barred by the one-year statute of limitation governing such a claim. See CPLR § 215.

      Similarly, the complaint fails to allege a violation of plaintiff's federally protected rights by defendant Gardner. According to the complaint, on December 12, 2003, defendant Gardner noted in the Court Officer's Log Book that defendant DeSole was scheduled to arrive at approximately 2:00 p.m. and should be escorted to defendant D'Angelis (Complaint ¶ 167); and on April 19, 2004, the day plaintiff was terminated, Justice Rios directed defendant Gardner to escort plaintiff out of the courthouse (Complaint ¶ 206). Plaintiff claims that while defendant Gardner was escorting her out of the courthouse she posed questions to him concerning George Neilson. Seemingly, plaintiff claims that she was retaliated against for "questions she posed to defendant Gardner on April 19, 2004 regarding whether he knew George Neilson

9

or was aware of Neilson's lawsuit" (Complaint ¶ 255) after she had already been terminated by Justice Rios presumably because of memoranda written by defendant Gardner on and after April 19, 2004 (Complaint ¶ 208). Clearly the actions attributed by plaintiff to defendant Gardner do not violate any federally protected right plaintiff may have.[3]

Accordingly, defendants Higgins and Gardner should be dismissed from this action.

## CONCLUSION

**FOR THE FOREGOING REASONS, THE STATE DEFENDANTS' CROSS-MOTION FOR RECONSIDERATION SHOULD BE GRANTED**

Dated:   New York, New York
         December 6, 2006

Respectfully submitted,

ELIOT SPITZER
Attorney General of the
 State of New York
Attorney for State defendants
By:
          /s
CONSTANTINE A. SPERES (CAS-9100)
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8567

CONSTANTINE A. SPERES
Assistant Attorney General
 of Counsel

---

[3]To the extent plaintiff may allege violations of State law as against defendants Higgins and Gardner, the Court should decline to to exercise its supplemental jurisdiction over these. See Valencia v. Lee, 316 F.3d 299, 306-07 (2d Cir. 2003) (exercise of supplemental jurisdiction after all federal claims dismissed during pre-trial discovery was an abuse of discretion).

**DECLARATION OF SERVICE**

      CONSTANTINE A. SPERES pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      That on December 6, 2006, I served the annexed Memorandum of Law on:

>Judith B. Memblatt
>Plaintiff <u>pro se</u>
>98-51 65th Avenue
>Apt. 2-A
>Rego Park, New York 11374
>
>Madeleine S. Egelfeld, Esq.
><u>Attorney for Defendant Koslowitz</u>
>125-10 Queens Boulevard
>Suite 311
>Kew Gardens, New York 11415
>
>John Quinn, Esq.
>Renfroe & Quinn
>Attorneys for Defendants Manton,
><u>Sweeney and Reich</u>
>118-35 Queens Boulevard
>14th Floor
>Forest Hills, N.Y. 11375

by depositing a true and correct copies thereof, properly enclosed in a postpaid wrapper for overnight delivery via Federal Express, in a Federal Express Box maintained at 120 Broadway, New York, New York 10271, directed to said person(s) at the address within the State designated by them for that purpose and/or in accordance with the Eastern District's Rules On Electronic Service.

                                                                        /s
                                        _____
                                        CONSTANTINE A. SPERES

Executed On December 6, 2006