UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
JUDITH B. MEMBLATT,

                Plaintiff,

                                     05-CV-1021
      -against-                        (RJD)(LB)


JAIME A. RIOS, Associate Jusitce,
Appellate Term, Supreme Court, State
of New York, 2nd and 11th Judicial           **ANSWER OF**
Districts, STEVEN W. FISHER, Associate     **ANTHONY D'ANGELIS**
Justice, Appellate Division, Supreme
Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of
New York, LAUREN DeSOLE, Director of
the Division of Human Resources, New
York State Unified Court System, Office
of Court Administration, ANTHONY
D'ANGELIS, Chief Clerk, Supreme Court
State of New York, Queens County,
ROBERT W. GARDNER,  Major of Officers,
Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge,
Supreme Court, State of New York,
HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York,
KAREN KOSLOWITZ, Deputy Borough
President, County of Queens, City of
New York, THOMAS J. MANTON, GERARD
J. SWEENEY and MICHAEL H. REICH,

                Defendants.

-----------------------------------------X

       Defendant, Anthony D'Angelis, by his attorney, ELIOT

SPITZER, Attorney General for the State of New York, responding to

the allegations of the plaintiff in the complaint, answers as

follows:

### PRELIMINARY STATEMENT

1.   Paragraph 1 of the complaint contains plaintiff's characterization of the action, and accordingly, requires no response.   To the extent a response may be deemed required, defendant D'Angelis denies the truth of the allegations set forth in paragraph 1 of the complaint.

### JURISDICTION AND VENUE

2.   Paragraph 2 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

3.   Paragraph 3 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

4.   Paragraph 4 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

### PARTIES

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint, except admits that plaintiff is an attorney and avers that plaintiff was the personal appointee of the Honorable Jaime Rios ("Justice Rios") serving as his court attorney.

6.   Admits the allegations set forth in paragraph 6 of the complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint, except avers that Sandra Newsome is a personal appointee of Justice Rios serving as his clerical secretary.

8.    Admits the allegations set forth in paragraph 8 of the complaint.

9.    Admits the allegations set forth in paragraph 9 of the complaint.

10.    Admits the allegations set forth in paragraph 10 of the complaint.

11.    Admits the allegations set forth in paragraph 11 of the complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint, except admits that Robert W. Gardner is an employee of the New York State Unified Court System and is currently a Major in the Queens Supreme Court.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint, except avers that Heidi Higgins is a personal appointee of the Honorable Mark H. Spires as his clerical secretary.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

14 of the complaint, except admits that Karen Koslowitz is the Deputy Borough President of Queens County.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint, except admits that he was a former Congressman and Chairman of the Executive Committee of the Democratic Organization of Queens.

16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint, except admits Gerard J. Sweeney is counsel to the Public Administrator of Queens County.

17.   Admits the allegations set forth in paragraph 17 of the complaint.

18.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint, except admits that there is a "Queens County Committee to Promote Public Trust and Confidence in the Legal System" formerly known as the "Judicial Advisory Council of Queens County" and that he has attended committee meetings when held.

4

## STATEMENT OF FACTS

20.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20 through and including 28 of the complaint.

21.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint, except admits that Justice Rios was elected to the Civil Court of the City of New York.

24.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 30 through and including 37 of the complaint.

25.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the complaint, except admits that Justice Rios was elected as a Justice to the Supreme Court of the State of New York.

26.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the complaint, except admits Jonathan Lippman was the Deputy Chief Administrative Judge of the New York State Courts.

27.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 40 through and including 45 of the complaint.

28.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

5

46 of the complaint, except avers Justice Rios sat in both the Kew Gardens and Jamaica courthouses.

29.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 46 through and including 67 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

30.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the complaint, except admits that Honorable Steven W. Fischer became the Administrative Judge for the Eleventh Judicial District in January 1998.

31.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 69 through and including 76 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

32.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the complaint, except avers that Sherrill R. Spatz was appointed as the Special Inspector General for Fiduciary Appointments for the New York State Unified Court System.

33.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

6

78 of the complaint.

34.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the complaint, except avers he attended a meeting of the Judicial Advisory Council in May 2000 and respectfully refers the Court to Exhibit I for its contents.

35.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the complaint.

36.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the complaint, except admits that Justice Rios was appointed an Associate Justice of the Appellate Term.

37.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the complaint, except admits that Karen Koslowitz is the Deputy Borough President for the County of Queens.

38.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 83 through and including 98 of the complaint.

39.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the complaint, except admits that a memorandum the subject of which was "Lawsuits against judges and court employees for money

damages" was issued by Michael Colodner and respectfully refers the court to the memorandum for its contents.

      40.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the complaint, except admits that he was aware of the adoption of new rules for "Appointments by the Court."

      41.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 101 through and including 106 of the complaint.

      42.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the complaint, except admits defendants' motion to dismiss the complaint in <u>Neilson v. D'Angelis</u> was denied by the United States District Court for the Eastern District of New York.

      43.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 108 through and including 119 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

      44.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the complaint, except admits the jury in <u>Neilson v. D'Angelis</u> returned a verdict partially in favor of plaintiff and avers that the United States Court of Appeals for the Second

Circuit reversed and directed that portion of the judgment in favor of plaintiff be vacated.

45.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 121 through and including 127 of the complaint.

46.   Admits the truth of the allegations set forth in paragraph 128 of the complaint but avers that the United States Court of Appeals for the Second Circuit reversed and directed that portion of the judgment in favor of plaintiff be vacated.

47.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 129 through and including 165 of the complaint.

48.   Denies the truth of the allegations set forth in paragraph 166 of the complaint.

49.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the complaint, and respectfully refers the Court to Exhibit M for its contents.

50.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168 of the complaint, except denies plaintiff's allegations characterizing the December 11, 2003 meeting, denies any and all allegations of conspiracy or negative conduct by him towards plaintiff contained in that paragraph including allegations of

discrimination, harassment, defamation, libel, slander, or adverse employment action, and avers that he met Justice Rios together with Lauren DeSole and was present when Justice Rios presented plaintiff with the option of taking a leave of absence and respectfully refers the Court to Exhibits N and O for their contents.

51.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169 of the complaint, except admits that Louise Conway, a court attorney referee in the law department, was assigned to assist Justice Rios.

52.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 170 of the complaint, except denies any and all claims of conspiracy or adverse employment action.

53.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 171 of the complaint, except denies any and all allegations of conspiracy and that plaintiff with the exception of stating we have heard only one side of the story did not raise any complaints with him.

54.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 172 of the complaint.

55.  Denies the truth of the allegations set forth in paragraph 173 of the complaint, except admits that plaintiff reported to him on or about February 3, 2004 and admits the jury in <u>Neilson v. D'Angelis</u> returned a verdict partially in favor of plaintiff and avers that the United States Court of Appeals for the Second Circuit reversed and directed that portion of the judgment in favor of plaintiff be vacated and admits that he asked of plaintiff "how are you doing?"

56.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the complaint, except avers that plaintiff was unable to log onto her computer.

57.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 175 through and including 204 of the complaint, and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

58.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the complaint, except admits that Justice Fisher was designated an Associate Justice of the New York State Supreme Court, Appellate Division, Second Judicial Department and denies that he participated in a conspiracy to violate plaintiff's rights or that he violated plaintiff's rights.

59.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 206 of the complaint, except admits that Justice Rios terminated plaintiff's employment on or about April 19, 2004.

60.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 207, 208 and 209 of the complaint.

61.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 210 of the complaint, except denies that he participated in a conspiracy to violate plaintiff's rights or that he violated plaintiff's rights and respectfully refers the Court to plaintiff's letter dated April 22, 2004 for its contents.

62.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 211 of the complaint and respectfully refers the Court to plaintiff's letter dated April 22, 2004 for its contents.

63.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 212 through and including 217 of the complaint.

64.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 218 of the complaint, except denies that he violated plaintiff's constitutional rights or conspired to violate plaintiff's

12

constitutional rights.

65.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 219 to 220 of the complaint.

66.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 221 of the complaint, except denies that he violated plaintiff's constitutional rights or conspired to violate plaintiff's constitutional rights.

67.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 222, 223 and 224 of the complaint.

68.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 225 of the complaint, except denies that he defamed plaintiff or conspired to defame plaintiff.

69.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 226 and 227 of the complaint.

70.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 228 of the complaint and respectfully refers the Court to the May 26, 2004 letter for its contents.

71.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 229 through and including 233 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

## FIRST CLAIM

## RELIGIOUS DISCRIMINATION - HOSTILE WORK ENVIRONMENT

72.  Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 71 with the same force and effect as though fully set forth herein.

73.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 235 of the complaint, except denies he violated plaintiff's constitutional rights.

74.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 236 of the complaint.

75.  Denies the truth of the allegations set forth in paragraph 237 of the complaint.

## SECOND CLAIM

## RELIGIOUS DISCRIMINATION - DISPARATE TREATMENT

76.  Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 75 with the same force and effect as though fully set forth herein.

14

77.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 239 of the complaint, except denies he violated plaintiff's constitutional rights.

78.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 240 of the complaint.

79.  Denies the truth of the allegations set forth in paragraph 241 of the complaint.

### THIRD CLAIM

### RACIAL DISCRIMINATION - HOSTILE WORK ENVIRONMENT

80.  Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 79 with the same force and effect as though fully set forth herein.

81.  Plaintiff's Third Claim as set forth in paragraphs 243 and 244 of the complaint is not alleged as against defendant D'Angelis, and accordingly, requires no response.  To the extent a response is required defendant D'Angelis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 243 and 244 of the complaint.

### FOURTH CLAIM

### RACIAL DISCRIMINATION - DISPARATE TREATMENT

81.  Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 80

with the same force and effect as though fully set forth herein.

82.  Plaintiff's Fourth Claim as set forth in paragraphs 246 and 247 of the complaint is not alleged as against defendant D'Angelis, and accordingly, requires no response.  To the extent a response is required defendant D'Angelis denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 246 and 247 of the complaint.

### FIFTH CLAIM

### UNLAWFUL CONSPIRACY IN VIOLATION OF
### 42 U.S.C. § 1983 - POLITICAL TERMINATION

83.  Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 82 with the same force and effect as though fully set forth herein.

84.  Denies the truth of the allegations set forth in paragraphs 249 and 250 of the complaint.

### SIXTH CLAIM

### DENIAL OF EQUAL PROTECTION - RETALIATION FOR
### COMPLAINTS AND ATTEMPTED COMPLAINTS OF DISCRIMINATION

85.  Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 84 with the same force and effect as though fully set forth herein.

86.  Denies the truth of the allegations set forth in paragraphs 252 and 253 of the complaint.

16

## SEVENTH CLAIM

### DENIAL OF EQUAL PROTECTION - RETALIATION FOR STATEMENTS
### RELATED TO JUDICIAL MISCONDUCT AND OTHER MATTERS OF PUBLIC CONCERN

87.  Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 86 with the same force and effect as though fully set forth herein.

88.  Denies the truth of the allegations set forth in paragraphs 255 and 256 of the complaint.

## EIGHTH CLAIM

### DEFAMATION - 42 U.S.C. § 1983

89.  Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 88 with the same force and effect as though fully set forth herein.

90.  Denies the truth of the allegations set forth in paragraphs 258 and 259 of the complaint.

## NINTH CLAIM

### DEFAMATION - SLANDER

91.  Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 90 with the same force and effect as though fully set forth herein.

92.  Denies the truth of the allegations set forth in paragraphs 261 and 262 of the complaint.

## TENTH CLAIM

### DEFAMATION - LIBEL

93.   Defendant D'Angelis repeats and realleges each of the responses contained in paragraphs 1 through and including 92 with the same force and effect as though fully set forth herein.

94.   Denies the truth of the allegations set forth in paragraphs 264 and 265 of the complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANT D'ANGELIS ALLEGES THAT:**

95.   The complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE, DEFENDANT D'ANGELIS ALLEGES THAT:**

96.   He had no personal involvement in the alleged violations of plaintiff's rights.

**AND FOR A THIRD DEFENSE, DEFENDANT D'ANGELIS ALLEGES THAT:**

97.   Plaintiff is not entitled to the relief that she seeks in whole or in part.

**AS AND FOR A FOURTH DEFENSE, DEFENDANT D'ANGELIS ALLEGES THAT:**

98.   Plaintiff has, at all times material to the allegations in the complaint, been afforded all rights and privileges guaranteed to her under the Constitution and the laws of the United States.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT D'ANGELIS ALLEGES THAT:**

99.   Plaintiff's claims against him in his official capacity for money damages are barred by the Eleventh Amendment to

18

the United States Constitution.

**AS AND FOR A SIXTH DEFENSE, DEFENDANT D'ANGELIS ALLEGES THAT:**

100. All claims pursuant to the New York State Human Rights Law and New York City Human Rights Law against defendant D'Angelis are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANT D'ANGELIS ALLEGES THAT:**

101. New York State employees are not subject to claims brought pursuant to the New York City Human Rights Law.

**AS AND FOR A EIGHTH DEFENSE, DEFENDANT D'ANGELIS ALLEGES THAT:**

102. Plaintiff was an at-will employee subject to termination without cause.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT D'ANGELIS ALLEGES THAT:**

103. Defendant D'Angelis acted under the objectively reasonable belief that his acts were proper and in accord with clearly established law, and therefore, he is entitled to qualified immunity.

WHEREFORE, defendant D'Angelis demands judgment dismissing the complaint, together with its costs and disbursements, and such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           December 30, 2006

                              ELIOT SPITZER
                              Attorney General of the
                                State of New York
                              **Attorney for Defendant D'Angelis**
                              By:


                              _____/S_____
                              Constantine A. Speres (CAS-9100)
                              Assistant Attorney General
                              120 Broadway
                              New York, New York  10271
                              (212) 416-8567


TO:  Judith B. Memblatt
     Plaintiff <u>Pro</u> <u>Se</u>
     98-51 65th Avenue
     Apt. 2-A
     Rego Park, New York 11374

20

## **DECLARATION OF SERVICE**

CONSTANTINE A. SPERES pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on January 2, 2007, I served the annexed answer on:

> Judith B. Memblatt
> Plaintiff pro se
> 98-51 65th Avenue
> Apt. 2-A
> Rego Park, New York 11374

by depositing a true and correct copy thereof, properly enclosed in a postpaid wrapper for overnight delivery via Federal Express, in a Federal Express Box maintained at 120 Broadway, New York, New York 10271, directed to said person(s) at the address within the State designated by them for that purpose and/or in accordance with the Eastern District's Rules On Electronic Service.


_____/S_____
CONSTANTINE A. SPERES

Executed On January 2, 2007