```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JUDITH B. MEMBLATT,

                        Plaintiff,
                                                    05-CV-1021
            -against-                               (RJD)(LB)


JAIME A. RIOS, Associate Jusitce,
Appellate Term, Supreme Court, State
of New York, 2nd and 11th Judicial                  ANSWER OF
Districts, STEVEN W. FISHER, Associate              LAUREN DeSOLE
Justice, Appellate Division, Supreme
Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of
New York, LAUREN DeSOLE, Director of
the Division of Human Resources, New
York State Unified Court System, Office
of Court Administration, ANTHONY
D'ANGELIS, Chief Clerk, Supreme Court
State of New York, Queens County,
ROBERT W. GARDNER,  Major of Officers,
Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge,
Supreme Court, State of New York,
HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York,
KAREN KOSLOWITZ, Deputy Borough
President, County of Queens, City of
New York, THOMAS J. MANTON, GERARD
J. SWEENEY and MICHAEL H. REICH,

                        Defendants.

------------------------------------------X
```

Defendant, Lauren DeSole, by her attorney, ELIOT SPITZER, Attorney General for the State of New York, responding to the allegations of the plaintiff in the complaint, answers as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 of the complaint contains plaintiff's characterization of the action, and accordingly, requires no

response. To the extent a response may be deemed required, defendant DeSole denies the truth of the allegations set forth in paragraph 1 of the complaint.

## JURISDICTION AND VENUE

2. Paragraph 2 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

3. Paragraph 3 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

4. Paragraph 4 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint, except admits that plaintiff is an attorney and avers that from January 4, 1993 through May 5, 2005 plaintiff was employed by the New York State Unified Court System and from January 1, 1995 through May 5, 2005 plaintiff was the personal appointee of the Honorable Jaime A. Rios ("Justice Rios") as his Principal Law Clerk to Judge.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

6 of the complaint, except admits that Justice Rios is a Justice of the Supreme Court of the State of New York, Queens County.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8.   Admits the allegations set forth in paragraphs 8 through and including 12 of the complaint.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 13 through and including 19 of the complaint.

**STATEMENT OF FACTS**

10.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20 through and including 26 of the complaint.

11.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint, except admits that plaintiff commenced her employment with the New York State Unified Court System in January 1993.

12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 28 through and including 37 of the complaint.

13.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

38 of the complaint, except admits that Justice Rios was elected as a Justice to the Supreme Court of the State of New York and was entitled to hire to personal appointees.

14. Admits the truth of the allegations set forth in paragraph 39 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 40 through and including 67 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the complaint, except admits that the Honorable Steven W. Fisher was the Administrative Judge of the Eleventh Judicial District.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 69 through and including 76 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the complaint, except admits Sherril R. Spatz is the Special Inspector General for Fiduciary Appointments.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 78 through and including 97 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the complaint, except denies that any change in OCA policy was a factor in plaintiff's termination.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the complaint, except admits that a memorandum entitled "Lawsuits against Judges and Court Employees for Money Damages" was issued by Michael Colodner as a routine policy reminder and respectfully refers the court to the memorandum for its contents.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 100 through and including 123 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the complaint, except denies that she had been assigned as Justice Rios' "counsel to guide him through the process of orchestrating plaintiff's predetermined discharge" or that plaintiff's discharge was predetermined.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 125 through and including 161 of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

162 of the complaint, except denies that she advised Justice Rios to bring drafts of plaintiff's work to the "law department in an attempt to find some flaw in plaintiff's work (regardless of its triviality or whether the supposed imperfection merely suggested that the Court exercise its power to overlook defects in form), as well as to damage her reputation" and any and all allegations of conspiracy.

   26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 163, 164 and 165 of the complaint.

   27. Denies the truth of the allegations set forth in paragraph 166 of the complaint.

   28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the complaint, except admits that she met with Justice Rios on December 11, 2003 and respectfully refers the Court to Exhibit M for its contents.

   29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168 of the complaint, except denies plaintiff's allegations characterizing the December 11, 2003 meeting, denies any and all allegations of conspiracy or negative conduct by her towards plaintiff contained in that paragraph including allegations of discrimination, harassment, defamation, libel, slander, or adverse

employment action, and avers that she met Justice Rios together with Anthony D'Angelis and was present when Justice Rios presented plaintiff with the options of resignation, administrative leave or termination, avers that she attempted to provide plaintiff with the Work-Life Program brochure which plaintiff refused, avers that she advised plaintiff that she was there to assist Justice Rios by discussing plaintiff's options with her, avers that she informed plaintiff that complaints of alleged discrimination should be filed with the Special Inspector General for Bias Matters and respectfully refers the Court to the Exhibits N and O for their contents.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 169 through and including 204 of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the complaint, except admits that Justice Fisher was designated an Associate Justice of the New York State Supreme Court, Appellate Division, Second Judicial Department.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 206 of the complaint, except admits that Justice Rios terminated plaintiff's employment on April 19, 2004 and plaintiff was placed on administrative leave until May 5, 2004.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 207 through and including 217 of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 218 of the complaint, except denies that she violated plaintiff's constitutional rights.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 219 and 220 of the complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 221 of the complaint, except denies that she violated plaintiff's constitutional rights or conspired to violate plaintiff's constitutional rights.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 222, 223 and 224 of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 225 of the complaint, except denies that she defamed plaintiff or conspired to defame plaintiff.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs

226 through and including 233 of the complaint.

## FIRST CLAIM

### RELIGIOUS DISCRIMINATION - HOSTILE WORK ENVIRONMENT

40. Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 39 with the same force and effect as though fully set forth herein.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 235 of the complaint, except denies she violated plaintiff's constitutional rights.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 236 of the complaint.

43. Denies the truth of the allegations set forth in paragraph 237 of the complaint.

## SECOND CLAIM

### RELIGIOUS DISCRIMINATION - DISPARATE TREATMENT

44. Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 43 with the same force and effect as though fully set forth herein.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 239 of the complaint, except denies she violated plaintiff's constitutional rights.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 240 of the complaint.

47. Denies the truth of the allegations set forth in paragraph 241 of the complaint.

### THIRD CLAIM

### RACIAL DISCRIMINATION - HOSTILE WORK ENVIRONMENT

48. Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 47 with the same force and effect as though fully set forth herein.

49. Plaintiff's Third Claim as set forth in paragraphs 243 and 244 of the complaint is not alleged as against defendant DeSole, and accordingly, requires no response.  To the extent a response is required defendant DeSole denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 243 and 244 of the complaint.

### FOURTH CLAIM

### RACIAL DISCRIMINATION - DISPARATE TREATMENT

50. Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 49 with the same force and effect as though fully set forth herein.

51. Plaintiff's Third Claim as set forth in paragraphs 246 and 247 of the complaint is not alleged as against defendant DeSole, and accordingly, requires no response.  To the extent a

response is required defendant DeSole denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 246 and 247 of the complaint.

### FIFTH CLAIM

### UNLAWFUL CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983 - POLITICAL TERMINATION

52.  Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 51 with the same force and effect as though fully set forth herein.

53.  Denies the truth of the allegations set forth in paragraphs 249 and 250 of the complaint.

### SIXTH CLAIM

### DENIAL OF EQUAL PROTECTION - RETALIATION FOR COMPLAINTS AND ATTEMPTED COMPLAINTS OF DISCRIMINATION

54.  Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 53 with the same force and effect as though fully set forth herein.

55.  Denies the truth of the allegations set forth in paragraphs 252 and 253 of the complaint.

**SEVENTH CLAIM**

**DENIAL OF EQUAL PROTECTION - RETALIATION FOR STATEMENTS
RELATED TO JUDICIAL MISCONDUCT AND OTHER MATTERS OF PUBLIC CONCERN**

56.  Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 55 with the same force and effect as though fully set forth herein.

57.  Denies the truth of the allegations set forth in paragraphs 255 and 256 of the complaint.

**EIGHTH CLAIM**

**DEFAMATION - 42 U.S.C. § 1983**

58.  Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 57 with the same force and effect as though fully set forth herein.

59.  Denies the truth of the allegations set forth in paragraphs 258 and 259 of the complaint.

**NINTH CLAIM**

**DEFAMATION - SLANDER**

60.  Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 59 with the same force and effect as though fully set forth herein.

61.  Denies the truth of the allegations set forth in paragraphs 261 and 262 of the complaint.

## TENTH CLAIM

## DEFAMATION - LIBEL

62. Defendant DeSole repeats and realleges each of the responses contained in paragraphs 1 through and including 61 with the same force and effect as though fully set forth herein.

63. Denies the truth of the allegations set forth in paragraphs 264 and 265 of the complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANT DeSOLE ALLEGES THAT:**

64. The complaint fails to state a claim upon which relief may be granted.

**AND FOR A SECOND DEFENSE, DEFENDANT DeSOLE ALLEGES THAT:**

65. She had no personal involvement in the alleged violations of plaintiff's rights.

**AND FOR A THIRD DEFENSE, DEFENDANT DeSOLE ALLEGES THAT:**

66. Plaintiff is not entitled to the relief that she seeks in whole or in part.

**AS AND FOR A FOURTH DEFENSE, DEFENDANT DeSOLE ALLEGES THAT:**

67. Plaintiff has, at all times material to the allegations in the complaint, been afforded all rights and privileges guaranteed to her under the Constitution and the laws of the United States.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT DeSOLE ALLEGES THAT:**

68. Plaintiff's claims against her in her official capacity for money damages are barred by the Eleventh Amendment to

the United States Constitution.

**AS AND FOR A SIXTH DEFENSE, DEFENDANT DeSOLE ALLEGES THAT:**

69. All claims pursuant to the New York State Human Rights Law and New York City Human Rights Law against defendant DeSole are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANT DeSOLE ALLEGES THAT:**

70. New York State employees are not subject to claims brought pursuant to the New York City Human Rights Law.

**AS AND FOR A EIGHTH DEFENSE, DEFENDANT DeSOLE ALLEGES THAT:**

71. Plaintiff was an at-will employee subject to termination without cause.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT DeSOLE ALLEGES THAT:**

72. Defendant DeSole acted under the objectively reasonable belief that her acts were proper and in accord with clearly established law, and therefore, she is entitled to qualified immunity.

WHEREFORE, defendant DeSole demands judgment dismissing the complaint, together with its costs and disbursements, and such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         December 30, 2006

                                        ELIOT SPITZER
                                        Attorney General of the
                                            State of New York
                                        **Attorney for Defendant DeSole**
                                        By:


                                            _____/S_____
                                        Constantine A. Speres (CAS-9100)
                                        Assistant Attorney General
                                        120 Broadway
                                        New York, New York  10271
                                        (212) 416-8567


TO:   Judith B. Memblatt
      Plaintiff Pro Se
      98-51 65th Avenue
      Apt. 2-A
      Rego Park, New York 11374

**DECLARATION OF SERVICE**

      CONSTANTINE A. SPERES pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      That on January 2, 2007, I served the annexed answer on:

> Judith B. Memblatt
> Plaintiff pro se
> 98-51 65th Avenue
> Apt. 2-A
> Rego Park, New York 11374

by depositing a true and correct copy thereof, properly enclosed in a postpaid wrapper for overnight delivery via Federal Express, in a Federal Express Box maintained at 120 Broadway, New York, New York 10271, directed to said person(s) at the address within the State designated by them for that purpose and/or in accordance with the Eastern District's Rules On Electronic Service.

                                              /S
                                    CONSTANTINE A. SPERES

Executed On January 2, 2007