```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JUDITH B. MEMBLATT,

                    Plaintiff,
                                                   05-CV-1021
          -against-                                (RJD)(LB)


JAIME A. RIOS, Associate Jusitce,
Appellate Term, Supreme Court, State
of New York, 2nd and 11th Judicial            ANSWER OF
Districts, STEVEN W. FISHER, Associate        ROBERT W. GARDNER
Justice, Appellate Division, Supreme
Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of
New York, LAUREN DeSOLE, Director of
the Division of Human Resources, New
York State Unified Court System, Office
of Court Administration, ANTHONY
D'ANGELIS, Chief Clerk, Supreme Court
State of New York, Queens County,
ROBERT W. GARDNER, Major of Officers,
Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge,
Supreme Court, State of New York,
HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York,
KAREN KOSLOWITZ, Deputy Borough
President, County of Queens, City of
New York, THOMAS J. MANTON, GERARD
J. SWEENEY and MICHAEL H. REICH,

                    Defendants.

------------------------------------------X
```

Defendant, Robert W. Gardner, by his attorney, ELIOT SPITZER, Attorney General for the State of New York, responding to the allegations of the plaintiff in the complaint, answers as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 of the complaint contains plaintiff's characterization of the action, and accordingly, requires no response. To the extent a response may be deemed required, defendant Gardner denies the truth of the allegations set forth in paragraph 1 of the complaint.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

3. Paragraph 3 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

4. Paragraph 4 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

**PARTIES**

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint, except admits that plaintiff was employed by the Honorable Jaime Rios ("Justice Rios") as his law secretary or clerk.

6. Admits the allegations set forth in paragraph 6 of the complaint.

  7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

  8. Admits the allegations set forth in paragraph 8 of the complaint.

  9. Admits the allegations set forth in paragraph 9 of the complaint.

  10. Admits the allegations set forth in paragraph 10 of the complaint.

  11. Admits the allegations set forth in paragraph 11 of the complaint.

  12. Admits the allegations set forth in paragraph 12 of the complaint.

  13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint, except admits that Heidi Higgins is the clerical secretary to the Honorable Mark H. Spires.

  14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

  15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint, except admits that Thomas J. Manton, now deceased, was a former congressman.

16. Admits the allegations set forth in paragraph 16 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint, except admits that Gerard J. Sweeney and Thomas J. Manton were partners in the same law firm.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

**STATEMENT OF FACTS**

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20 through and including 38 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the complaint, except admits Jonathan Lippman was the Deputy Chief Administrative Judge of the New York State Courts.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 40 through and including 52 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the complaint, except admits Jonathan Lippman is the Chief Administrative Judge of the New York State Courts.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 54 through and including 67 of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the complaint, except admits that Honorable Steven W. Fisher became the Administrative Judge for the Eleventh Judicial District.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 69 through and including 76 of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the complaint, except admits Sherril R. Spatz is the Special Inspector General for Fiduciary Appointments.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 79 and 80 of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the complaint, except admits that Justice Rios is an

Associate Justice of the Appellate Term.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 82 through and including 98 of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the complaint, except admits that he is aware of the memorandum entitled "Lawsuits Against Judges and Court Employees for Money Damages" and respectfully refers the court to the memorandum for its contents.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the complaint, except admits that he was aware of the adoption of new rules for "Appointments by the Court."

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 101 through and including 132 of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 of the complaint, except admits that the Honorable Frederick D. Schmidt passed away in July 2003 and that Justice Rios transferred to the Jamaica Courthouse.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs

134 through and including 165 of the complaint.

36. Denies the truth of the allegations set forth in paragraph 166 of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the complaint and respectfully refers the Court to Exhibit M for the contents contained therein.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 168 through and including 204 of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the complaint, except admits that Honorable Steven W. Fisher was designated an Associate Justice of the New York State Supreme Court, Appellate Division, Second Judicial Department.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 206 of the complaint, except admits that he went to Justice Rios' chambers on April 19, 2004, that Justice Rios terminated plaintiff's employment on April 19, 2004 and that at Justice Rios' request he escorted plaintiff out of Justice Rios' chambers, but denies that he became visibly angry with plaintiff and any and all allegations of negative conduct towards plaintiff contained in that paragraph.

41.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 207 of the complaint.

42.  Denies the truth of the allegations set forth in paragraph 208 of the complaint, except admits that he wrote the April 19, 2004 Memorandum "To: File" and that plaintiff asked whether he knew Neilson and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the instructions he received from Justice Rios with respect to escorting plaintiff from the courthouse and the allegations concerning Major Edward McLaughlin's deposition testimony and respectfully refers the Court to April 19, 2004 Memorandum for its contents.

43.  Denies the truth of the allegations set forth in paragraph 209 of the complaint and respectfully refers the Court to April 19, 2004 Memorandum for its contents.

44.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 210 through and including 215 of the complaint.

45.  Denies the truth of the allegations set forth in paragraph 216 of the complaint, except admits that he spoke with plaintiff on or about May 6, 2004 and instructed her to contact Lieutenant Sullivan upon arriving at the courthouse.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 217 of the complaint, except admits that he advised plaintiff that Lieutenant Lynne Franzone would escort plaintiff to Justice Rios' chambers after Lieutenant Sullivan escorted her to the third floor.

47. Denies the truth of the allegations set forth in paragraph 218 of the complaint, except admits he wrote a May 6, 2004 Memorandum "To: File" and respectfully refers the Court to the May 6, 2004 Memorandum for its contents.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 219 through and including 220 of the complaint.

49. Denies the truth of the allegations set forth in paragraph 221 of the complaint, except admits that Lieutenants Sullivan and Franzone prepared memoranda.

50. Denies the truth of the allegations set forth in paragraph 222 of the complaint, except admits that plaintiff called him on or about May 10, 2004.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 223 of the complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 224 of the complaint, except denies that he violated plaintiff's

9

constitutional rights and admits that he informed plaintiff that her property would be placed in storage after plaintiff refused to allow the property to be delivered.

53. Denies the truth of the allegations set forth in paragraph 225 of the complaint, except admits he wrote a May 26, 2004 Memorandum "To: File" and respectfully refers the Court to the May 26, 2004 Memorandum for its contents.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 226 through and including 227 of the complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 228 of the complaint, except admits that he wrote a May 26, 2004 letter to plaintiff and respectfully refers the Court to the May 26, 2004 letter for its contents.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 229 of the complaint, except admits that he received a letter dated August 23, 2004, but denies he violated plaintiff's constitutional rights and respectfully refers the Court to the August 23, 2004 letter for its contents.

57. Denies the truth of the allegations set forth in paragraph 230 of the complaint, except admits that he did not responded to plaintiff's August 23, 2004 letter and denies

knowledge or information sufficient to form a belief as to the truth of the allegation "that defendants have disposed of her property without any prior notice to her."

58.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 231, 232 and 233 of the complaint.

## FIRST CLAIM

### RELIGIOUS DISCRIMINATION - HOSTILE WORK ENVIRONMENT

59.   Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 58 with the same force and effect as though fully set forth herein.

60.   Plaintiff's First Claim as set forth in paragraphs 235, 236 and 237 of the complaint is not alleged as against defendant Gardner, and accordingly, requires no response.  To the extent a response is required defendant Gardner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 235, 236 and 237 of the complaint.

## SECOND CLAIM

### RELIGIOUS DISCRIMINATION - DISPARATE TREATMENT

61.   Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 60 with the same force and effect as though fully set forth herein.

62. Plaintiff's Second Claim as set forth in paragraphs 239, 240 and 241 of the complaint is not alleged as against defendant Gardner, and accordingly, requires no response.  To the extent a response is required defendant Gardner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 239, 240 and 241 of the complaint.

### THIRD CLAIM

### RACIAL DISCRIMINATION - HOSTILE WORK ENVIRONMENT

63. Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 62 with the same force and effect as though fully set forth herein.

64. Plaintiff's Third Claim as set forth in paragraphs 243 and 244 of the complaint is not alleged as against defendant Gardner, and accordingly, requires no response.  To the extent a response is required defendant Gardner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 243 and 244 of the complaint.

### FOURTH CLAIM

### RACIAL DISCRIMINATION - DISPARATE TREATMENT

65. Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 64 with the same force and effect as though fully set forth herein.

66. Plaintiff's Fourth Claim as set forth in paragraphs 246 and 247 of the complaint is not alleged as against defendant Gardner, and accordingly, requires no response. To the extent a response is required defendant Gardner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 246 and 247 of the complaint.

### FIFTH CLAIM

### UNLAWFUL CONSPIRACY IN VIOLATION OF
### 42 U.S.C. § 1983 - POLITICAL TERMINATION

67. Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 66 with the same force and effect as though fully set forth herein.

68. Denies the truth of the allegations set forth in paragraphs 249 and 250 of the complaint.

### SIXTH CLAIM

### DENIAL OF EQUAL PROTECTION - RETALIATION FOR
### COMPLAINTS AND ATTEMPTED COMPLAINTS OF DISCRIMINATION

69. Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 68 with the same force and effect as though fully set forth herein.

70. Denies the truth of the allegations set forth in paragraphs 252 and 253 of the complaint.

## SEVENTH CLAIM

### DENIAL OF EQUAL PROTECTION - RETALIATION FOR STATEMENTS RELATED TO JUDICIAL MISCONDUCT AND OTHER MATTERS OF PUBLIC CONCERN

71. Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 70 with the same force and effect as though fully set forth herein.

72. Denies the truth of the allegations set forth in paragraphs 255 and 256 of the complaint.

## EIGHTH CLAIM

### DEFAMATION - 42 U.S.C. § 1983

73. Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 72 with the same force and effect as though fully set forth herein.

74. Denies the truth of the allegations set forth in paragraphs 258 and 259 of the complaint.

## NINTH CLAIM

### DEFAMATION - SLANDER

75. Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 74 with the same force and effect as though fully set forth herein.

76. Denies the truth of the allegations set forth in paragraphs 261 and 262 of the complaint.

## TENTH CLAIM

## DEFAMATION - LIBEL

77. Defendant Gardner repeats and realleges each of the responses contained in paragraphs 1 through and including 76 with the same force and effect as though fully set forth herein.

78. Denies the truth of the allegations set forth in paragraphs 264 and 265 of the complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANT GARDNER ALLEGES THAT:**

79. The complaint fails to state a claim upon which relief may be granted.

**AND FOR A SECOND DEFENSE, DEFENDANT GARDNER ALLEGES THAT:**

80. He had no personal involvement in the alleged violations of plaintiff's rights.

**AS AND FOR A THIRD DEFENSE, DEFENDANT GARDNER ALLEGES THAT:**

81. Plaintiff is not entitled to the relief that she seeks in whole or in part.

**AS AND FOR A FOURTH DEFENSE, DEFENDANT GARDNER ALLEGES THAT:**

82. Plaintiff has, at all times material to the allegations in the complaint, been afforded all rights and privileges guaranteed to her under the Constitution and the laws of the United States.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT GARDNER ALLEGES THAT:**

83. Plaintiff's claims against him in his official capacity for money damages are barred by the Eleventh Amendment to

the United States Constitution.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANT GARDNER ALLEGES THAT:**

84. All claims pursuant to the New York State Human Rights Law and New York City Human Rights Law against defendant Gardner are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A EIGHTH DEFENSE, DEFENDANT GARDNER ALLEGES THAT:**

85. New York State employees are not subject to claims brought pursuant to the New York City Human Rights Law.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT GARDNER ALLEGES THAT:**

86. Defendant Gardner acted under the objectively reasonable belief that his acts were proper and in accord with clearly established law, and therefore, he is entitled to qualified immunity.

WHEREFORE, defendant Gardner demands judgment dismissing the complaint, together with its costs and disbursements, and such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         December 28, 2006

                                    ELIOT SPITZER
                                    Attorney General of the
                                        State of New York
                                    **Attorney for Defendant Gardner**
                                    By:

                                    _____/S_____
                                    Constantine A. Speres (CAS-9100)
                                    Assistant Attorney General
                                    120 Broadway
                                    New York, New York  10271
                                    (212) 416-8567

TO:   Judith B. Memblatt
      Plaintiff Pro Se
      98-51 65th Avenue
      Apt. 2-A
      Rego Park, New York 11374

**DECLARATION OF SERVICE**

      CONSTANTINE A. SPERES pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      That on January 2, 2007, I served the annexed answer on:

      Judith B. Memblatt
      Plaintiff pro se
      98-51 65th Avenue
      Apt. 2-A
      Rego Park, New York 11374

by depositing a true and correct copy thereof, properly enclosed in a postpaid wrapper for overnight delivery via Federal Express, in a Federal Express Box maintained at 120 Broadway, New York, New York 10271, directed to said person(s) at the address within the State designated by them for that purpose and/or in accordance with the Eastern District's Rules On Electronic Service.

                                      /S
                            CONSTANTINE A. SPERES

Executed On January 2, 2007