```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JUDITH B. MEMBLATT,

                    Plaintiff,
                                                    05-CV-1021
         -against-                                  (RJD)(LB)


JAIME A. RIOS, Associate Jusitce,
Appellate Term, Supreme Court, State
of New York, 2nd and 11th Judicial                  ANSWER OF
Districts, STEVEN W. FISHER, Associate              HEIDI HIGGINS
Justice, Appellate Division, Supreme
Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of
New York, LAUREN DeSOLE, Director of
the Division of Human Resources, New
York State Unified Court System, Office
of Court Administration, ANTHONY
D'ANGELIS, Chief Clerk, Supreme Court
State of New York, Queens County,
ROBERT W. GARDNER,  Major of Officers,
Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge,
Supreme Court, State of New York,
HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York,
KAREN KOSLOWITZ, Deputy Borough
President, County of Queens, City of
New York, THOMAS J. MANTON, GERARD
J. SWEENEY and MICHAEL H. REICH,

                    Defendants.

------------------------------------------X
```

Defendant, Heidi Higgins, by her attorney, ELIOT SPITZER, Attorney General for the State of New York, responding to the allegations of the plaintiff in the complaint, answers as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 of the complaint contains plaintiff's characterization of the action, and accordingly, requires no

response.  To the extent a response may be deemed required, defendant Higgins denies the truth of the allegations set forth in paragraph 1 of the complaint.

### JURISDICTION AND VENUE

2. Paragraph 2 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

3. Paragraph 3 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

4. Paragraph 4 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

### PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint, except admits that plaintiff is an attorney and avers that plaintiff worked for the Honorable Jaime Rios ("Justice Rios") as his law secretary.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint, except admits that Sandra Newsome is the

clerical secretary to Justice Rios.

8.  Admits the allegations set forth in paragraph 8 of the complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint, except avers that the Honorable Jonathan Lippman is currently the Chief Administrative Judge of the Courts of the State of New York.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint, except admits that Lauren DeSole is an employee of the New York State Unified Court System.

11. Admits the allegations set forth in paragraph 11 of the complaint.

12. Admits the allegations set forth in paragraph 12 of the complaint.

13. Admits the allegations set forth in paragraph 13 of the complaint.

14. Admits the allegations set forth in paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint, except avers that at one time Thomas J. Manton was a Congressmen and the Queens County Democratic Leader.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17. Admits the allegations set forth in paragraph 17 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

**STATEMENT OF FACTS**

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint, except avers that Karen Koslowitz was elected as a District Leader of the Democratic Party, 28th Assembly District and was an Executive Member of the Continental Regular Democratic Club.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 21 and 22 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint, except admits that in April 1991 Karen

Koslowitz was elected as a City Council.

23.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint.

24.  Admits the truth of the allegations set forth in paragraph 25 of the complaint.

25.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint, except admits that Karen Koslowitz was a member of the Judicial Advisory Council of Queens County.

26.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 27 and 28 of the complaint.

27.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint, except admits that Justice Rios was elected to the Civil Court.

28.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 30 through and including 37 of the complaint.

29.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the complaint, except admits that Justice Rios was elected to the Supreme Court of the State of New York in November 1994.

30.  Admits the truth of the allegations set forth in paragraph 39 of the complaint.

31.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 40 through and including 45 of the complaint.

32.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the complaint, except avers Justice Rios sat in both the Kew Gardens and Jamaica courthouses.

33.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 47 through and including 67 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

34.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the complaint, except admits that Justice Fischer became the Administrative Judge for the Eleventh Judicial District in January 1998.

35.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 69 and 70 of the complaint.

36.  Denies the truth of the allegations set forth in paragraph 71 of the complaint, except admits that Karen Koslowitz

is her mother.

37.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 72 through and including 81 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

38.   Admits the truth of the allegations set forth in paragraph 82 of the complaint.

39.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 83 through and including 110 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

40.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the complaint, except avers that she would occasionally visit Sandra Newsome to speak with her, but denies that she was hostile to plaintiff or called plaintiff "disloyal" or violated plaintiff's rights in any manner.

41.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the complaint.

42.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

113 of the complaint, except denies that she participated in a conspiracy to violate plaintiff's rights or that she violated plaintiff's rights.

43.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 114 through and including 154 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

44.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155 of the complaint, except avers that at some point Justice Rios moved from the Kew Gardens courthouse to the Jamaica courthouse.

45.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 156 through and including 204 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

46.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the complaint, except admits that on or about May 3, 2004, Justice Fisher was designated an Associate Justice of the Appellate Division, Second Department.

47.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

206.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 207 of the complaint, except denies that she consulted with or advised Justice Rios or Sandra Newsome concerning plaintiff, or relayed messages between Justice Rios and Karen Koslowitz, or participated in a conspiracy to violate plaintiff's rights or that she violated plaintiff's rights.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 208 and 209 of the complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 210 of the complaint, except denies that she participated in a conspiracy to violate plaintiff's rights or that she violated plaintiff's rights and respectfully refers the Court to plaintiff's letter dated April 22, 2004 for its contents.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 211 through and including 233 of the complaint and to extent those paragraphs reference any Exhibits, respectfully refers the Court to those Exhibits for their contents.

**FIRST CLAIM**

**RELIGIOUS DISCRIMINATION - HOSTILE WORK ENVIRONMENT**

52. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 51 with the same force and effect as though fully set forth herein.

53. Plaintiff's First Claim as set forth in paragraphs 235, 236 and 237 of the complaint is not alleged as against defendant Higgins, and accordingly, requires no response. To the extent a response is required defendant Higgins denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 235, 236 and 237 of the complaint.

**SECOND CLAIM**

**RELIGIOUS DISCRIMINATION - DISPARATE TREATMENT**

54. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 53 with the same force and effect as though fully set forth herein.

55. Plaintiff's Second Claim as set forth in paragraphs 239, 240 and 241 of the complaint is not alleged as against defendant Higgins, and accordingly, requires no response. To the extent a response is required defendant Higgins denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 239, 240 and 241 of the complaint.

### THIRD CLAIM

### RACIAL DISCRIMINATION - HOSTILE WORK ENVIRONMENT

56. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 55 with the same force and effect as though fully set forth herein.

57. Plaintiff's Third Claim as set forth in paragraphs 243 and 244 of the complaint is not alleged as against defendant Higgins, and accordingly, requires no response. To the extent a response is required defendant Higgins denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 243 and 244 of the complaint.

### FOURTH CLAIM

### RACIAL DISCRIMINATION - DISPARATE TREATMENT

58. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 57 with the same force and effect as though fully set forth herein.

59. Plaintiff's Fourth Claim as set forth in paragraphs 246 and 247 of the complaint is not alleged as against defendant Higgins, and accordingly, requires no response. To the extent a response is required defendant Higgins denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 246 and 247 of the complaint.

## FIFTH CLAIM

### UNLAWFUL CONSPIRACY IN VIOLATION OF
### 42 U.S.C. § 1983 - POLITICAL TERMINATION

60. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 59 with the same force and effect as though fully set forth herein.

61. Denies the truth of the allegations set forth in paragraphs 249 and 250 of the complaint.

## SIXTH CLAIM

### DENIAL OF EQUAL PROTECTION - RETALIATION FOR
### COMPLAINTS AND ATTEMPTED COMPLAINTS OF DISCRIMINATION

62. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 61 with the same force and effect as though fully set forth herein.

63. Denies the truth of the allegations set forth in paragraphs 252 and 253 of the complaint.

## SEVENTH CLAIM

### DENIAL OF EQUAL PROTECTION - RETALIATION FOR STATEMENTS
### RELATED TO JUDICIAL MISCONDUCT AND OTHER MATTERS OF PUBLIC CONCERN

64. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 63 with the same force and effect as though fully set forth herein.

65. Denies the truth of the allegations set forth in paragraphs 255 and 256 of the complaint.

### EIGHTH CLAIM

### DEFAMATION - 42 U.S.C. § 1983

66. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 65 with the same force and effect as though fully set forth herein.

67. Denies the truth of the allegations set forth in paragraphs 258 and 259 of the complaint.

### NINTH CLAIM

### DEFAMATION - SLANDER

68. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 67 with the same force and effect as though fully set forth herein.

69. Denies the truth of the allegations set forth in paragraphs 261 and 262 of the complaint.

### TENTH CLAIM

### DEFAMATION - LIBEL

70. Defendant Higgins repeats and realleges each of the responses contained in paragraphs 1 through and including 69 with the same force and effect as though fully set forth herein.

71. Denies the truth of the allegations set forth in paragraphs 264 and 265 of the complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANT HIGGINS ALLEGES THAT:**

72. The complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE, DEFENDANT HIGGINS ALLEGES THAT:**

73. She had no personal involvement in the alleged violations of plaintiff's rights.

**AND FOR A THIRD DEFENSE, DEFENDANT HIGGINS ALLEGES THAT:**

74. Plaintiff is not entitled to the relief that she seeks in whole or in part.

**AS AND FOR A FOURTH DEFENSE, DEFENDANT HIGGINS ALLEGES THAT:**

75. Plaintiff has, at all times material to the allegations in the complaint, been afforded all rights and privileges guaranteed to her under the Constitution and the laws of the United States.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT HIGGINS ALLEGES THAT:**

76. Plaintiff's claims against defendant Higgins in her official capacity for money damages are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SIXTH DEFENSE, DEFENDANT HIGGINS ALLEGES THAT:**

77. All claims pursuant to the New York State Human Rights Law and New York City Human Rights Law against defendant Higgins are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANT HIGGINS ALLEGES THAT:**

78. New York State employees are not subject to claims brought pursuant to the New York City Human Rights Law.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT HIGGINS ALLEGES THAT:**

79. Defendant Higgins acted under the objectively reasonable belief that her acts were proper and in accord with clearly established law, and therefore, she is entitled to qualified immunity.

WHEREFORE, defendant Higgins demands judgment dismissing the complaint, together with its costs and disbursements, and such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         December 28, 2006

                                ELIOT SPITZER
                                Attorney General of the
                                  State of New York
                                **Attorney for Defendant Higgins**
                                By:

                                    /S
                                Constantine A. Speres (CAS-9100)
                                Assistant Attorney General
                                120 Broadway
                                New York, New York  10271
                                (212) 416-8567

TO:   Judith B. Memblatt
      Plaintiff Pro Se
      98-51 65th Avenue
      Apt. 2-A
      Rego Park, New York 11374

**DECLARATION OF SERVICE**

  CONSTANTINE A. SPERES pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

  That on January 2, 2007, I served the annexed answer on:

>Judith B. Memblatt
>Plaintiff pro se
>98-51 65th Avenue
>Apt. 2-A
>Rego Park, New York 11374

by depositing a true and correct copy thereof, properly enclosed in a postpaid wrapper for overnight delivery via Federal Express, in a Federal Express Box maintained at 120 Broadway, New York, New York 10271, directed to said person(s) at the address within the State designated by them for that purpose and/or in accordance with the Eastern District's Rules On Electronic Service.

                 /S
                CONSTANTINE A. SPERES

Executed On January 2, 2007