UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
JUDITH B. MEMBLATT,

     Plaintiff,

            05-CV-1021
   -against-       (RJD)(LB)


JAIME A. RIOS, Associate Jusitce,
Appellate Term, Supreme Court, State
of New York, 2nd and 11th Judicial   **ANSWER OF**
Districts, STEVEN W. FISHER, Associate  **SANDRA NEWSOME**
Justice, Appellate Division, Supreme
Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of
New York, LAUREN DeSOLE, Director of
the Division of Human Resources, New
York State Unified Court System, Office
of Court Administration, ANTHONY
D'ANGELIS, Chief Clerk, Supreme Court
State of New York, Queens County,
ROBERT W. GARDNER,  Major of Officers,
Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge,
Supreme Court, State of New York,
HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York,
KAREN KOSLOWITZ, Deputy Borough
President, County of Queens, City of
New York, THOMAS J. MANTON, GERARD
J. SWEENEY and MICHAEL H. REICH,

     Defendants.

-----------------------------------------X

    Defendant, Sandra Newsome, by her attorney, ELIOT

SPITZER, Attorney General for the State of New York, responding to

the allegations of the plaintiff in the complaint, answers as

follows:

## PRELIMINARY STATEMENT

1.   Paragraph 1 of the complaint contains plaintiff's characterization of the action, and accordingly, requires no response.   To the extent a response may be deemed required, defendant Newsome denies the truth of the allegations set forth in paragraph 1 of the complaint.

## JURISDICTION AND VENUE

2.   Paragraph 2 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

3.   Paragraph 3 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

4.   Paragraph 4 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

## PARTIES

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint, except admits that plaintiff is an attorney, Jewish and Caucasian and avers that plaintiff worked for the Honorable Jaime Rios ("Justice Rios") as his law clerk.

6.   Admits the allegations set forth in paragraph 6 of the complaint.

2

7.   Admits the truth of the allegations set forth in paragraph 7 of the complaint, except avers that she is the personal appointee of Justice Rios and that she is Pentecostal.

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint, except avers that the Honorable Steven W. Fisher was at one time the Administrative Judge and that he is an Associate Justice of the Appellate Division.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint, except avers that the Honorable Jonathan Lippman is currently the Chief Administrative Judge of the Courts of the State of New York.

10.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint, except admits that Lauren DeSole is an employee of the New York State Unified Court System.

11.   Admits the allegations set forth in paragraph 11 of the complaint.

12.   Admits the allegations set forth in paragraph 12 of the complaint.

13.   Admits the allegations set forth in paragraph 13 of the complaint.

14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint, except avers that Karen Koslowitz is the Deputy Borough President for Queens County, that she was a New York City Council Member and that she was a District Leader.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint, except avers that at one time Thomas J. Manton was a Congressmen and the Queens County Democratic Leader.

16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint, except avers that Michael H. Reich is a member of the Democratic Organization of Queens County.

18.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

### STATEMENT OF FACTS

20.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20 and 21 of the complaint.

21.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint, except admits that Justice Rios was at one time a Housing Court Judge.

22.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 23 through and including 37 of the complaint.

23.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the complaint, except admits that Justice Rios was elected to the Supreme Court in November 1994 and that he hired plaintiff and defendant Newsome, but denies that defendant Newsome "remarked that she would write a letter to Reich to thank him for the job."

24.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the complaint, except avers that the Honorable Jonathan Lippman is currently the Chief Administrative Judge of the Courts of the State of New York.

25.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

40 of the complaint.

26. Denies the truth of the allegations set forth in paragraphs 41 and 42 of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 43, 44 and 45 of the complaint.

28. Admits the truth of the allegations set forth in paragraph 46 of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the complaint, except admits a conversation with Justice Rios regarding the Million Man March, but denies that Justice Rios "look[ed] toward plaintiff, and dramatically rais[ed] his voice [] emphatically proclaimed that Farrakhan was 'a great leader.'"

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the complaint and respectfully refers the Court to the Exhibit for its contents.

31. Denies the truth of the allegations set forth in paragraph 49 of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50 through and including 58 of the complaint.

33.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the complaint, except admits that she took a message on or about May 17, 1996 from Virginia Schendler and that she is not bi-lingual and respectfully refers the Court to the Exhibit for its contents.

34.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 60 through and including 67 of the complaint.

35.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the complaint, except admits that Honorable Steven W. Fisher became administrative Judge for the 11th Judicial District in January 1998.

36.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 69 through and including 73 of the complaint.

37.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the complaint, except admits that Michael Cohen was elected as a member of the Assembly.

38.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the complaint, except admits that John O'Grady was suspended.

7

39.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 76 through and including 80 of the complaint.

40.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the complaint, except admits that the Honorable Jonathan Lippman appointed Justice Rios an Associate Justice of the Appellate Term.

41.   Admits the truth of the allegations set forth in paragraph 82 of the complaint.

42.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 83 through and including 92 of the complaint.

43.   Denies the truth of the allegations set forth in paragraph 93 of the complaint.

44.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the complaint, except admits that George Plunkett came to chambers and asked whether plaintiff was there but denies that she giggled with George Plunkett.

45.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the complaint, except denies plaintiff's implication that she either broke the lock or knew the individual(s) who allegedly broke

the lock on closet that plaintiff used to store her pocketbook and other personal items.

46.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 96 through and including 101 of the complaint.

47.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the complaint, except admits that Justice Rios granted Tyrone Johnson's motion to vacate his conviction.

48.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the complaint, except avers that she was at her desk in chambers and denies that Justice Rios was speaking loudly.

49.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 104 and 105 of the complaint.

50.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the complaint, except admits that Justice Rios took her and plaintiff to separate lunches.

51.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the complaint.

52.   Denies the truth of the allegations set forth in paragraph 108 of the complaint, except admits that a conversation occurred during which she stated that plaintiff was implying that she had broken the lock.

53.   Denies the truth of the allegations set forth in paragraph 109 of the complaint.

54.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the complaint and respectfully refers the Court to the Exhibit for its contents.

55.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the complaint, except denies that she treated plaintiff in a hostile manner or that she giggled with defendant Heidi Higgins in plaintiff's presence and admits that she spoke with Justice Rios concerning plaintiff's conduct towards her.

56.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the complaint, except denies that she giggled.

57.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the complaint, except denies that she participated in a conspiracy to violate plaintiff's rights or that she violated plaintiff's rights.

58.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 114 through and including 120 of the complaint.

59.   Admits the truth of the allegations set forth in paragraph 121 of the complaint.

60.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the complaint, except denies that she violently pulled the New York Law Journal out of plaintiff's hand and screamed at plaintiff.

61.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 123, 124 and 125 of the complaint.

62.   Denies the truth of the allegations set forth in paragraph 126 of the complaint.

63.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 127 and 128 of the complaint.

64.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the complaint, except admits that Tyrone Johnson was convicted.

65.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

130 of the complaint, except avers that she advised Justice Rios that plaintiff was going through his recyling bin and denies that she participated in a conspiracy to violate plaintiff's rights or that she violated plaintiff's rights.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 131 through 132 of the complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 of the complaint, except admits that the Honorable Frederick D. Schmidt passed away.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the complaint, except admits that Justice Rios directed her to create and maintain a file consisting of copies of Appellate Division decisions.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 135 through and including 140 of the complaint.

70. Denies the truth of the allegations set forth in paragraph 141 of the complaint, except admits that Justice Rios began locking the door to his chambers.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs

12

142 through and including 148 of the complaint.

72.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149 of the complaint, except admits that George Plunkett asked her to contact Justice Rios.

73.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150 of the complaint, except admits that Rochelle Wright came to Justice Rios' chambers but denies that she, together with Rochelle Wright, giggled at plaintiff or that she defamed or conspired to defame plaintiff.

74.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the complaint, except avers that there was an issue concerning a parking spot and that she moved her car when advised about it.

75.  Denies the truth of the allegations set forth in paragraph 152 of the complaint, except admits that she informed Justice Rios that Justice Lippman was on the telephone.

76.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 153 and 154 of the complaint.

77.  Denies the truth of the allegations set forth in paragraph 155 of the complaint, except admits that she together

13

with Justice Rios and plaintiff moved to the Jamaica courthouse and that Justice Rios took over Justice Durante's part.

78.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156 of the complaint.

79.   Denies the truth of the allegations set forth in paragraph 157 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning when Justice Rios met with Justice Fisher.

80.   Denies the truth of the allegations set forth in paragraph 158 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether she went to lunch with Justice Rios.

81.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159 of the complaint.

82.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the complaint, except admits that Justice Rios called her and requested that she instruct the clerk to handle the calender call.

83.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the complaint, except admits that in or about December 2,

2003 Justice Spires telephoned chambers and she said something to the effect of "I'll get to Kew somehow" to him at that Paula Reardon telephone chambers and she said something to the effect "If you call here the caller ID shows your number, so I always hit 67 before I call here."

84.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 162 of the complaint.

85.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the complaint, except admits that Justice Rios had advised her that he did not want anyone in his office when he was not present and that she met with Justice Rios later that day and that Justice Rios stated that he did not want anyone in his chambers when he was not present but denies that she was abusive towards plaintiff or that she raised her voice or that she participated in a conspiracy to violate plaintiff's rights or that she violated plaintiff's rights.

86.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 164 and 165 of the complaint.

86.   Denies the truth of the allegations set forth in paragraph 166 of the complaint.

87.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the complaint, except admits that a cable company employee was there that day to install cable and that she escorted him in the building but denies that she attempted to mislead plaintiff into believing that defendants were engaged in activities related to the installation of cable television in Justice Rios' chambers.

88.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 168 through and including 173 of the complaint.

89.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the complaint, except admits that plaintiff's password for her computer was changed and denies that she had advised Justice Rios that "plaintiff had told others that he had committed acts of misconduct."

90.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 175 and 176 of the complaint.

91.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 177 of the complaint, except admits that plaintiff stated that she broke her ankle.

92.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 178 through and including 185 of the complaint.

93.   Denies the truth of the allegations set forth in paragraph 186 of the complaint.

94.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 187, 188 and 189 of the complaint.

95.   Admits the truth of the allegations set forth in paragraph 190 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning when it occurred.

96.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 191 through and including 196 of the complaint.

97.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 197 of the complaint, except admits that she routinely called the courtroom to alert the clerk that Justice Rios was on his way to the courtroom.

98.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 198 of the complaint, except admits that the file cabinets were kept locked.

99.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 199 and 200 of the complaint.

100. Denies the truth of the allegations set forth in paragraph 201 of the complaint, except avers having a screen saver which reads "On Christ the solid rock I stand".

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 202, 203 and 204 of the complaint.

102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the complaint, except admits that Honorable Steven W. Fisher was designated an Associate Justice of the Appellate Division, Second Department.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 206 of the complaint.

104. Denies the truth of the allegations set forth in paragraph 207 of the complaint as pertaining to herself and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to Justice Rios, the Honorable Jonathan Lippman, the Honorable Steven W. Fisher, Heidi Higgins, Karen Koslowitz, Thomas J. Manton, Gerard J. Sweenly and Michael Reich.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 208 and 209 of the complaint.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 210 of the complaint, except denies that she participated in a conspiracy to violate plaintiff's rights or that she violated plaintiff's rights and respectfully refers the Court to plaintiff's letter dated April 22, 2004 for its contents.

107. Admits the truth of the allegations set forth in paragraphs 211, 212 and 213 of the complaint.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 214 through and including 233 of the complaint.

## FIRST CLAIM

### RELIGIOUS DISCRIMINATION - HOSTILE WORK ENVIRONMENT

109. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 108 with the same force and effect as though fully set forth herein.

110. Denies the truth of the allegations set forth in paragraphs 235, 236 and 237 of the complaint.

## SECOND CLAIM

### RELIGIOUS DISCRIMINATION - DISPARATE TREATMENT

111. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 110 with the same force and effect as though fully set forth herein.

112. Denies the truth of the allegations set forth in paragraphs 239, 240 and 241 of the complaint.

## THIRD CLAIM

### RACIAL DISCRIMINATION - HOSTILE WORK ENVIRONMENT

113. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 112 with the same force and effect as though fully set forth herein.

114. Denies the truth of the allegations set forth in paragraphs 243 and 244 of the complaint.

## FOURTH CLAIM

### RACIAL DISCRIMINATION - DISPARATE TREATMENT

115. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 114 with the same force and effect as though fully set forth herein.

116. Denies the truth of the allegations set forth in paragraphs 246 and 247 of the complaint.

## FIFTH CLAIM

### UNLAWFUL CONSPIRACY IN VIOLATION OF
### 42 U.S.C. § 1983 – POLITICAL TERMINATION

117. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 116 with the same force and effect as though fully set forth herein.

118. Denies the truth of the allegations set forth in paragraphs 249 and 250 of the complaint.

## SIXTH CLAIM

### DENIAL OF EQUAL PROTECTION – RETALIATION FOR
### COMPLAINTS AND ATTEMPTED COMPLAINTS OF DISCRIMINATION

119. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 118 with the same force and effect as though fully set forth herein.

120. Denies the truth of the allegations set forth in paragraphs 252 and 253 of the complaint.

## SEVENTH CLAIM

### DENIAL OF EQUAL PROTECTION – RETALIATION FOR STATEMENTS
### RELATED TO JUDICIAL MISCONDUCT AND OTHER MATTERS OF PUBLIC CONCERN

121. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 120 with the same force and effect as though fully set forth herein.

122. Denies the truth of the allegations set forth in paragraphs 255 and 256 of the complaint.

21

## EIGHTH CLAIM

### DEFAMATION - 42 U.S.C. § 1983

123. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 122 with the same force and effect as though fully set forth herein.

124. Denies the truth of the allegations set forth in paragraphs 258 and 259 of the complaint.

## NINTH CLAIM

### DEFAMATION - SLANDER

125. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 124 with the same force and effect as though fully set forth herein.

126. Denies the truth of the allegations set forth in paragraphs 261 and 262 of the complaint.

## TENTH CLAIM

### DEFAMATION - LIBEL

127. Defendant Newsome repeats and realleges each of the responses contained in paragraphs 1 through and including 126 with the same force and effect as though fully set forth herein.

128. Denies the truth of the allegations set forth in paragraphs 264 and 265 of the complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANT NEWSOME ALLEGES THAT:**

129. The complaint fails to state a claim upon which relief may be granted.

22

**AS AND FOR A SECOND DEFENSE, DEFENDANT NEWSOME ALLEGES THAT:**

130. She had no personal involvement in the alleged violations of plaintiff's rights.

**AND FOR A THIRD DEFENSE, DEFENDANT NEWSOME ALLEGES THAT:**

131. Plaintiff is not entitled to the relief that she seeks in whole or in part.

**AS AND FOR A FOURTH DEFENSE, DEFENDANT NEWSOME ALLEGES THAT:**

132. Plaintiff has, at all times material to the allegations in the complaint, been afforded all rights and privileges guaranteed to her under the Constitution and the laws of the United States.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT NEWSOME ALLEGES THAT:**

133. Plaintiff's claims against her in her official capacity for money damages are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SIXTH DEFENSE, DEFENDANT NEWSOME ALLEGES THAT:**

134. All claims pursuant to the New York State Human Rights Law and New York City Human Rights Law against defendant Newsome are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANT NEWSOME ALLEGES THAT:**

135. New York State employees are not subject to claims brought pursuant to the New York City Human Rights Law.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT NEWSOME ALLEGES THAT:**

136.   Defendant Newsome acted under the objectively reasonable belief that her acts were proper and in accord with clearly established law, and therefore, she is entitled to qualified immunity.

WHEREFORE, defendant Newsome demands judgment dismissing the complaint, together with its costs and disbursements, and such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           December 28, 2006

                                   ELIOT SPITZER
                                   Attorney General of the
                                     State of New York
                                   **Attorney for Defendant Newsome**
                                   By:


                                   _____/s_____
                                   Constantine A. Speres (CAS-9100)
                                   Assistant Attorney General
                                   120 Broadway
                                   New York, New York  10271
                                   (212) 416-8567


TO:  Judith B. Memblatt
     Plaintiff Pro Se
     98-51 65th Avenue
     Apt. 2-A
     Rego Park, New York 11374

## <u>DECLARATION OF SERVICE</u>

CONSTANTINE A. SPERES pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on January 2, 2007, I served the annexed answer on:

> Judith B. Memblatt
> Plaintiff <u>pro</u> <u>se</u>
> 98-51 65th Avenue
> Apt. 2-A
> Rego Park, New York 11374

by depositing a true and correct copy thereof, properly enclosed in a postpaid wrapper for overnight delivery via Federal Express, in a Federal Express Box maintained at 120 Broadway, New York, New York 10271, directed to said person(s) at the address within the State designated by them for that purpose and/or in accordance with the Eastern District's Rules On Electronic Service.


_____/S_____
CONSTANTINE A. SPERES

Executed On January 2, 2007