UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
JUDITH B. MEMBLATT,

                    Plaintiff,

                                                    05-CV-1021
          -against-                                 (RJD)(LB)


JAIME A. RIOS, Associate Jusitce,
Appellate Term, Supreme Court, State
of New York, 2nd and 11th Judicial          **ANSWER OF**
Districts, STEVEN W. FISHER, Associate              **HON. JAIME A. RIOS**
Justice, Appellate Division, Supreme
Court, State of New York, 2nd Department,
JONATHAN LIPPMAN, Chief Administrative
Judge of the Courts of the State of
New York, LAUREN DeSOLE, Director of
the Division of Human Resources, New
York State Unified Court System, Office
of Court Administration, ANTHONY
D'ANGELIS, Chief Clerk, Supreme Court
State of New York, Queens County,
ROBERT W. GARDNER,  Major of Officers,
Supreme Court, State of New York,
SANDRA NEWSOME, Secretary to Judge,
Supreme Court, State of New York,
HEIDI HIGGINS, Secretary to Judge,
Supreme Court, State of New York,
KAREN KOSLOWITZ, Deputy Borough
President, County of Queens, City of
New York, THOMAS J. MANTON, GERARD
J. SWEENEY and MICHAEL H. REICH,

                    Defendants.

-----------------------------------------X

          Defendant, the Honorable Jaime A. Rios, Justice of the

New York State Supreme Court, Queens County ("Justice Rios"), by

his attorney, ANDREW M. CUOMO, Attorney General for the State of

New York, responding to the allegations of the plaintiff in the

complaint, answers upon information and belief as follows:

## PRELIMINARY STATEMENT

1.   Paragraph 1 of the complaint contains plaintiff's characterization of the action, and accordingly, requires no response.  To the extent a response may be deemed required, Justice Rios denies the truth of the allegations set forth in paragraph 1 of the complaint.

## JURISDICTION AND VENUE

2.   Paragraph 2 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

3.   Paragraph 3 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

4.   Paragraph 4 of the complaint contains legal conclusions by the plaintiff concerning the Court's jurisdiction over this action, and accordingly, requires no response.

## PARTIES

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint, except admits that plaintiff is an attorney who is Jewish and Caucasian and avers that from January 3, 1993 through December 31, 1994 plaintiff was employed by the New York State Unified Court System and from January 1, 1995 through May 5, 2005 plaintiff was Justice Rios' court attorney, the personal appointee

2

of Justice Rios pursuant to N.Y. Judiciary Law § 36(1).

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Denies the truth of the allegations set forth in paragraph 7 of the complaint, except admits that Sandra Newsome is Christian and African-American and avers that Sandra Newsome is a personal appointee of Justice Rios serving as his clerical secretary.

8. Admits the allegations set forth in paragraph 8 of the complaint.

9. Admits the allegations set forth in paragraph 9 of the complaint.

10. Admits the allegations set forth in paragraph 10 of the complaint.

11. Admits the allegations set forth in paragraph 11 of the complaint.

12. Admits the allegations set forth in paragraph 12 of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint, except admits that Heidi Higgins is the daughter of Karen Koslowitz and avers that Heidi Higgins was the clerical secretary of the Honorable Mark H. Spires until his retirement.

14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint, except admits that Karen Koslowitz is the Deputy Borough President and a former member of the City Council.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint, except admits the Thomas Manton is a former congressman.

16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 16 and 17 of the complaint.

17.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint, except admits that Thomas J. Manton, Gerard J. Sweeney and Michael H. Reich are partners in the law firm of Manton, Sweeney, Gallo, Reich & Bolz, LLP.

18.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint, except admits that Justice Rios, the Honorable Steven W. Fisher and Karen Koslowitz were members of the "Queens County Committee to Promote Public Trust and Confidence in the Legal System."

## STATEMENT OF FACTS

19.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20 and 21 of the complaint.

20.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint, except admits that he was a candidate for Civil Court Judge.

21.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint.

22.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint, except admits that plaintiff appeared before him as an attorney.

23.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint, except admits that Karen Koslowitz became a member of the City Council.

24.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

25.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

27 of the complaint, but admits that plaintiff worked in the Civil Court.

      26.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint, except admits that he received the endorsement of the Democratic Organization of Queens County.

      27.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint, except admits that he was elected to the Civil Court in November 1993 and that he hired plaintiff as his court attorney.

      28.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 30 through and including 35 of the complaint.

      29.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the complaint, except admits that Michael H. Reich indicated that Justice Rios would be nominated as a candidate for Supreme Court.

      30.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the complaint, except admits that he was nominated as a candidate for Supreme Court.

31.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the complaint, except admits that he was elected to the Supreme Court in November 1994 and that he hired plaintiff as his law clerk and defendant Sandra Newsome as his clerical secretary but denies he was instructed by Democratic Organization of Queens County to hire defendant Sandra Newsome.

32.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 39 and 40 of the complaint.

33.  Denies the truth of the allegations set forth in paragraph 41 of the complaint.

34.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the complaint, but denies observing defendant Sandra Newsome engage in hostile conduct towards plaintiff.

35.  Denies the truth of the allegations set forth in paragraph 43 of the complaint, except admits Martin Ritholtz was a candidate for Civil Court Judge.

36.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the complaint, except denies that he subjected plaintiff to anti-Semitism or that there existed a symbiotic relationship between "defendants Rios, Koslowitz, Reich and Sweeney."

7

37.   Denies the truth of the allegations set forth in paragraph 45 of the complaint.

38.   Admits the truth of the allegations set forth in paragraph 46 of the complaint.

39.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the complaint, except denies looking toward plaintiff and dramatically raising his voice and proclaiming that Farrakhan was "a great leader."

40.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the complaint, except admits that Exhibit A is in his handwriting and denies that he left note on top of the decision and avers that the note was not directed toward plaintiff.

41.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the complaint, except avers that plaintiff claimed to him in 2003 that defendant Newsome said to plaintiff that "I have a problem with your religion because you don't accept Christ."

42.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50, 51 and 52 of the complaint.

43.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

53 of the complaint, except admits that the Honorable Jonathan Lippman became the Chief Administrative Judge of the New York State Courts.

44.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the complaint, except admits that Meryl A. Lutsky was an Assistant District Attorney who at various times appeared before or in his Part 22 and that on one occasion plaintiff was his guest at dinner at a Queens Restaurant but denies that he held ADA Lutsky's hand or referred to her as "svelte."

45.   Denies the truth of the allegations set forth in paragraph 55 of the complaint.

46.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 56 and 57 of the complaint.

47.   Denies the truth of the allegations set forth in paragraph 58 of the complaint, except admits that the notation contained in Exhibit B is in his hand writing and that the notation refers to a dinner held by the Democratic Organization of Queens County.

48.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the complaint, except denies that he placed a job listing or advertisement for a bi-lingual attorney for a law clerk position

9

and denies any and all allegations of discrimination contained in paragraph 59 and respectfully refer the Court to the Exhibit for its contents.

49.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the complaint.

50.   Denies the truth of the allegations set forth in paragraph 61 of the complaint, except admits that Exhibits D and E are in his handwriting and avers that he no longer has copies of these documents.

51.   Denies the truth of the allegations set forth in paragraph 62 of the complaint, except admits that the notations contained in Exhibit F appear to be in his handwriting.

52.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the complaint, except denies that defendants ever fabricated a pretext for plaintiff's discharge.

53.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the complaint, except denies that an inappropriate relationship existed between him and ADA Lutsky and admits that at some point in late 1996 ADA Kenneth C. Holder brought plaintiff's accusations to Justice Rios' attention.

54.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the complaint, except denies approaching plaintiff in chambers and requesting an explanation of then-Secretary of State Madeleine Albright's Jewish ancestry and laughing.

55.   Denies the truth of the allegations set forth in paragraph 66 of the complaint, except admits that Exhibit G is in his handwriting.

56.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the complaint.

57.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the complaint, except admits the Honorable Steven W. Fisher became the Administrative Judge for the Eleventh Judicial District.

58.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 69, 70 and 71 of the complaint.

59.   Denies the truth of the allegations set forth in paragraph 72 of the complaint, except admits that he withdrew his application for the position of Associate Justice Appellate Division First Department and respectfully refers the Court to the Exhibit for its contents.

60.   Denies the truth of the allegations set forth in paragraph 73 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Michael Cohen, Anthony Weiner and Melinda Katz.

61.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the complaint, except admits that Michael Cohen was elected as a member of the New York State Assembly.

62.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the complaint, except denies stating to plaintiff that "[w]hen OCA wants to get someone, the get them."

63.   Denies the truth of the allegations set forth in paragraph 76 of the complaint.

64.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 77 and 78 of the complaint.

65.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the complaint, except admits that his signature appears on the Exhibit and respectfully refers the Court to the Exhibit for its contents.

66.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the complaint, except denies making the alleged statements contained in paragraph 80 and denies any and all allegations of discrimination contained in that paragraph.

67.   Denies the truth of the allegations set forth in paragraph 81 of the complaint, except admits that he was appointed an Associate Justice of the Appellate Term.

68.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the complaint, except admits that Karen Koslowitz is the Deputy Borough President of Queens County.

69.   Denies the truth of the allegations set forth in paragraph 83 of the complaint.

70.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 84, 85 and 86 of the complaint.

71.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the complaint, except denies that he had the alleged conversation with plaintiff and denies any and all allegations of discrimination contained in paragraph 87.

72.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

88 of the complaint.

73.   Denies the truth of the allegations set forth in paragraph 89 of the complaint.

74.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the complaint, except denies the quote contained in paragraph 90.

75.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the complaint, except denies asking Michael H. Reich who he should contact in Senator Schumer's office to ask that "a favor" be done for his daughter.

76.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the complaint, except denies making the statements alleged in paragraph 92.

77.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the complaint.

78.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the complaint, except avers that at least on one occasion he used the public telephones.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the complaint, except avers that at least on one occasion he used the public telephones.

81. Denies the truth of the allegations set forth in paragraph 97 of the complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the complaint, except denies the last sentence of paragraph 98.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 99 and 100 of the complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the complaint, except admits that Tyrone Johnson had been convicted of murder in the second degree.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the complaint, except admits that he granted Tyrone Johnson's motion to vacate his conviction.

15

86.   Denies the truth of the allegations set forth in paragraph 103 of the complaint, except avers that ADA Eugene Reibstein visited chambers for the purpose of seeking an adjournment with defense counsel's permission.

87.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 104 and 105 of the complaint.

88.  Denies the truth of the allegations set forth in paragraph 106 of the complaint, except admits that he took plaintiff and defendant Sandra Newsome to lunch separately.

89.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 107, 108 and 109 of the complaint.

90.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the complaint and respectfully refer the Court to the Exhibit for its contents.

91.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the complaint, except denies any and all allegations of discrimination or harassment contained in paragraph 111.

92.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the complaint, except denies any and all allegations of

discrimination or harassment contained in paragraph 112.

93.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the complaint, except denies any and all allegations of discrimination or harassment contained in paragraph 113 or that defendants engaged in a conspiracy to violate plaintiff's rights.

94.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the complaint, except denies the statement attributed to him in paragraph 114.

95.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the complaint, except denies the statements attributed to him.

96.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the complaint, except denies the statement attributed to him in paragraph 116.

97.   Denies the truth of the allegations set forth in paragraph 117 of the complaint.

98.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the complaint, and respectfully refers the Court to the Exhibit for its contents.

17

99.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the complaint, except denies the last two sentences in paragraph 119 and any and all allegations of discrimination or harassment.

100.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 120 and 121 of the complaint.

101.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the complaint, except admits that plaintiff informed him of the alleged statements made by Sandra Newsome, admits that he met with plaintiff and expressed concern about her behavior, denies that he defended Sandra Newsome, denies that plaintiff told him about the incident involving the New York Law Journal and denies any and all allegations of discrimination or harassment contained in paragraph 122 or that defendants engaged in a conspiracy to violate plaintiff's rights.

102.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the complaint.

103.   Denies the truth of the allegations set forth in paragraph 124 of the complaint.

104.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the complaint, except avers that he has met on occasion with the Honorable Jonathan Lippman on judicial matters and denies any and all allegations of a conspiracy.

105.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the complaint, except denies that he treated plaintiff less favorably than defendant Sandra Newsome.

106.  Denies the truth of the allegations set forth in paragraph 127 of the complaint, except admits that he suggested to plaintiff that she should take a vacation but denies knowledge or information sufficient to form a belief as to the truth of the allegations that he made that suggestion on July 2, 2003.

107.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the complaint.

108.  Denies the truth of the allegations set forth in paragraph 129 of the complaint, except admits that Tyrone Johnson was convicted of murder in the second degree after retrial and that ADA Eugene Reibstein visited chambers after July 17, 2003.

109.  Denies the allegations set forth in paragraph 130 of the complaint, except admits that he spoke with Kay Ann Porter concerning plaintiff's complaint against Sandra Newsome and that a

note in his handwriting stating "Judy looking through recycling" was on his desk, but denies knowledge or information sufficient to form a belief as to the truth of the allegations that it was July 18, 2003.

110.  Denies the truth of the allegations set forth in paragraph 131 of the complaint.

111.  Denies the truth of the allegations set forth in paragraph 132 of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of the note.

112.  Denies the truth of the allegations set forth in paragraph 133 of the complaint, except admits that the Honorable Frederick D. Schmidt passed away and that Justice Rios asked for a transfer to a civil term part and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the statements regarding Leonard Livote.

113.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the complaint, except denies any and all allegations concerning adverse employment actions.

114.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander or adverse

employment action.

115. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the complaint, except denies any and all allegations concerning adverse employment actions.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 137, 138 and 139 of the complaint.

117. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the complaint, except denies any and all allegations concerning adverse employment actions.

118. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the complaint, except admits closing and locking the door to his chambers.

119. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 142 and 143 of the complaint.

120. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander or adverse employment action.

121.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 of the complaint.

122.   Denies the truth of the allegations set forth in paragraph 146 of the complaint.

123.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the complaint.

124.   Denies the truth of the allegations set forth in paragraph 148 of the complaint.

125.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 149 through and including 152 of the complaint.

126.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153 of the complaint, except admits that he took plaintiff to the Jamaica courthouse to see the new chambers and that plaintiff called to his attention the radio volume issue but denies the allegations contained in the last two sentences in paragraph 153.

127.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the complaint, except admits that he took over the Honorable Joan Durante's part.

128.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155 of the complaint.

129.  Denies the truth of the allegations set forth in paragraph 156 of the complaint.

130.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the complaint, except avers that he has met with the Honorable Steven W. Fisher.

131.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158 of the complaint, except denies shouting at Sandra Newsome.

132.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159 of the complaint.

133.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the complaint, except denies any and all allegations of adverse employment actions.

134.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the complaint.

135.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

162 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

136.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the complaint occurring prior to his arrival, except admits that he spoke to plaintiff about her presence in his chambers while he was not present and cautioned her about ranting and requested she take rest of day off, but denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

137.   Denies the truth of the allegations set forth in paragraph 164 of the complaint, except admits speaking with Anthony D'Angelis regarding a new carpet which was on order for his chambers.

138.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the complaint, except denies any and all allegations of adverse employment action.

139.   Denies the truth of the allegations set forth in paragraph 166 of the complaint.

140. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 167 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights and respectfully refers the Court to the Exhibit for its contents.

141. Denies the truth of the allegations set forth in paragraph 168 of the complaint, except admits meeting with Lauren DeSole, Anthony D'Angelis and the plaintiff and avers that he gave plaintiff the option of resignation, administrative leave or termination and that he provide plaintiff with a reason for his request and respectfully refers the Court to the Exhibits for their contents.

142. Denies the truth of the allegations set forth in paragraph 169 of the complaint, except admits Louise Conway, a referee, was assigned to hear and determine special proceedings assigned to his part.

143. Denies the truth of the allegations set forth in paragraph 170 of the complaint.

144. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 171 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse

employment action or that defendants conspired to violate plaintiff's rights.

145.   Denies the truth of the allegations set forth in paragraph 172 of the complaint, except admits that because he was on vacation until February 3, 2004 he gave plaintiff the choice of returning to work on Tuesday, February 3, 2004 or being temporally assigned to the law department until February 3, 2004 when he returned.

146.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the complaint.

147.   Denies the truth of the allegations set forth in paragraph 174 of the complaint, except admits that plaintiff returned to work on February 3, 2004, that she could not log onto to her computer and that he provided her with the information necessary to access her computer.

148.   Denies the truth of the allegations set forth in paragraph 175 of the complaint.

149.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 176 of the complaint and respectfully refers the Court to the Exhibit for its contents.

150.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

177 of the complaint, except admits that plaintiff informed him that she slipped and broke her ankle and that she returned to work on March 8, 2004.

151. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 178 and 179 of the complaint.

152. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 180 of the complaint, except admits that plaintiff returned to work on March 8, 2004.

153. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 181 of the complaint, except admits that he provided plaintiff with the password to log onto her computer but denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

154. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the complaint, except denies any and all allegations of adverse employment action.

155. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 183 of the complaint.

156.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 184 of the complaint, except denies any and all allegations of adverse employment action.

157.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 185 of the complaint, except denies any and all allegations of a hostile work environment.

158.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 186 of the complaint.

159.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 187 of the complaint, except denies any and all allegations of adverse employment action.

160.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action.

161.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 189 of the complaint, but denies any and all allegations of adverse employment action.

162.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 190 and 191 of the complaint.

163.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 192 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

164.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 193 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

165.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 194 through and including 197 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, or adverse employment action and any allegations that defendants conspired to violate plaintiff's rights contained paragraphs 194 through and including 197.

166.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

198 of the complaint.

167.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 199 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, or adverse employment action.

168.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 200 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

169.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 201 of the complaint.

170.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 202 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

171.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 203 of the complaint.

172.   Denies the truth of the allegations set forth in paragraph 204 of the complaint.

173.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights and avers that the Honorable Steven W. Fisher was designated an Associate Justice of the Appellate Division, Second Department.

174.   Admits the truth of the allegations in paragraph 206 of the complaint that Major Robert W. Gardner accompanied him to chambers, that he terminated plaintiff's employment and that he provided plaintiff with a copy of the termination letter, denies any and all allegations of discrimination, harassment, adverse employment action or judicial misconduct and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 206.

175.   Denies the truth of the allegations set forth in paragraph 207 of the complaint.

176.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 208 of the complaint, and respectfully refers the Court to the Exhibit for its contents.

31

177.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 209 of the complaint, and respectfully refers the Court to the Memorandum for its contents.

178.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 210 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights and avers that he received a copy of the letter.

179.   Denies the truth of the allegations set forth in paragraph 211 of the complaint, except admits receiving the letter.

180.   Admits the truth of the allegations set forth in paragraphs 212 and 213 of the complaint.

181.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 214 and 215 of the complaint.

182.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 216 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

183. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 217 of the complaint.

184. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 218 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

185. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 219 and 220 of the complaint.

186. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 221 of the complaint, except denies any and all allegations of discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

187. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 222, 223 and 224 of the complaint.

188. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 225 of the complaint, except denies any and all allegations of

discrimination, harassment, defamation, libel, slander, adverse employment action or that defendants conspired to violate plaintiff's rights.

189.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 226 of the complaint, and respectfully refer the Court to the Exhibit for its contents.

190.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 227 through and including 232 of the complaint.

191.   Denies the truth of the allegations set forth in paragraph 233 of the complaint.

**FIRST CLAIM**

**RELIGIOUS DISCRIMINATION - HOSTILE WORK ENVIRONMENT**

192. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 191 with the same force and effect as though fully set forth herein.

193. Denies the truth of the allegations set forth in paragraphs 235, 236 and 237 of the complaint.

**SECOND CLAIM**

**RELIGIOUS DISCRIMINATION - DISPARATE TREATMENT**

194. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 193 with the same force and effect as though fully set forth herein.

34

195. Denies the truth of the allegations set forth in paragraphs 239, 240 and 241 of the complaint.

### THIRD CLAIM

#### RACIAL DISCRIMINATION - HOSTILE WORK ENVIRONMENT

196. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 195 with the same force and effect as though fully set forth herein.

197. Denies the truth of the allegations set forth in paragraphs 243 and 244 of the complaint.

### FOURTH CLAIM

#### RACIAL DISCRIMINATION - DISPARATE TREATMENT

198. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 197 with the same force and effect as though fully set forth herein.

199. Denies the truth of the allegations set forth in paragraphs 246 and 247 of the complaint.

### FIFTH CLAIM

#### UNLAWFUL CONSPIRACY IN VIOLATION OF
#### 42 U.S.C. § 1983 - POLITICAL TERMINATION

200. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 199 with the same force and effect as though fully set forth herein.

201. Denies the truth of the allegations set forth in paragraphs 249 and 250 of the complaint.

## SIXTH CLAIM

### DENIAL OF EQUAL PROTECTION - RETALIATION FOR
### COMPLAINTS AND ATTEMPTED COMPLAINTS OF DISCRIMINATION

202. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 201 with the same force and effect as though fully set forth herein.

203. Denies the truth of the allegations set forth in paragraphs 252 and 253 of the complaint.

## SEVENTH CLAIM

### DENIAL OF EQUAL PROTECTION - RETALIATION FOR STATEMENTS
### RELATED TO JUDICIAL MISCONDUCT AND OTHER MATTERS OF PUBLIC CONCERN

204. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 203 with the same force and effect as though fully set forth herein.

205. Denies the truth of the allegations set forth in paragraphs 255 and 256 of the complaint.

## EIGHTH CLAIM

### DEFAMATION - 42 U.S.C. § 1983

206. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 205 with the same force and effect as though fully set forth herein.

207. Denies the truth of the allegations set forth in paragraphs 258 and 259 of the complaint.

## NINTH CLAIM

### DEFAMATION - SLANDER

208. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 207 with the same force and effect as though fully set forth herein.

209. Denies the truth of the allegations set forth in paragraphs 261 and 262 of the complaint.

## TENTH CLAIM

### DEFAMATION - LIBEL

210. Justice Rios repeats and realleges each of the responses contained in paragraphs 1 through 209 with the same force and effect as though fully set forth herein.

211. Denies the truth of the allegations set forth in paragraphs 264 and 265 of the complaint.

**AS AND FOR A FIRST DEFENSE, JUSTICE RIOS ALLEGES THAT:**

212. The complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE, DEFENDANT RIOS ALLEGES THAT:**

213. Plaintiff was an at-will employee subject to termination without cause.

**AND FOR A THIRD DEFENSE, JUSTICE RIOS ALLEGES THAT:**

214. Plaintiff is not entitled to the relief that she seeks in whole or in part.

**AS AND FOR A FOURTH DEFENSE, JUSTICE RIOS ALLEGES THAT:**

215. Plaintiff has, at all times material to the allegations in the complaint, been afforded all rights and privileges guaranteed to her under the Constitution and the laws of the United States.

**AS AND FOR A FIFTH DEFENSE, JUSTICE RIOS ALLEGES THAT:**

216. Plaintiff's claims against him in his official capacity for money damages are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SIXTH DEFENSE, JUSTICE RIOS ALLEGES THAT:**

217. All claims pursuant to the New York State Human Rights Law and New York City Human Rights Law against Justice Rios are barred by the Eleventh Amendment to the United States Constitution.

**AS AND FOR A SEVENTH DEFENSE, JUSTICE RIOS ALLEGES THAT:**

218. New York State employees are not subject to claims brought pursuant to the New York City Human Rights Law.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, JUSTICE RIOS ALLEGES THAT:**

219. Justice Rios acted under the objectively reasonable belief that her acts were proper and in accord with clearly established law, and therefore, he is entitled to qualified immunity.

WHEREFORE, Justice Rios demands judgment dismissing the complaint, together with its costs and disbursements, and such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         January 2, 2007

                              ANDREW M. CUOMO
                              Attorney General of the
                                State of New York
                              **Attorney for Justice Rios**
                              By:


                              _____/S_____
                              Constantine A. Speres (CAS-9100)
                              Assistant Attorney General
                              120 Broadway
                              New York, New York  10271
                              (212) 416-8567


TO:   Judith B. Memblatt
      Plaintiff Pro Se
      98-51 65th Avenue
      Apt. 2-A
      Rego Park, New York 11374

## <u>DECLARATION OF SERVICE</u>

CONSTANTINE A. SPERES pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on January 2, 2007, I served the annexed answer on:

        Judith B. Memblatt
        Plaintiff <u>pro</u> <u>se</u>
        98-51 65th Avenue
        Apt. 2-A
        Rego Park, New York 11374

by depositing a true and correct copy thereof, properly enclosed in a postpaid wrapper for overnight delivery via Federal Express, in a Federal Express Box maintained at 120 Broadway, New York, New York 10271, directed to said person(s) at the address within the State designated by them for that purpose and/or in accordance with the Eastern District's Rules On Electronic Service.

                        _____/S_____
                        CONSTANTINE A. SPERES

Executed On January 2, 2007